UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2004 OCT 15 P 12: 25

| | |
|---|---|
| WILLIAM J. MAZE | : |
| | : |
| V. | : |
| | : |
| | : CIVIL ACTION NO. |
| | : **3:03CV166(SRU)** |
| FINANCIAL FREEDOM SENIOR | : |
| FUNDING CORP. | : October 13, 2003 |

### MOTION TO ADD PARTY DEFENDANT AND REQUEST FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

The plaintiff William J. Maze hereby moves for permission to add Unity Mortgage Corp. as party defendants and for leave to file the Second Amended Complaint attached hereto based on the following:

1. This action involves the asserted improper termination of a commission fee agreement and the defendant's failure to pay the plaintiff commission fees due on certain reverse mortgage loans closed in Connecticut, the leads for which were generated by the plaintiff. The defendant has paid the plaintiff no [zero] compensation of any kind.

2. The offer of employment to plaintiff was extended by Jeanine Ehrlich who was a Regional Manager with Unity Mortgage Corp. in 2000 and subsuqently a Regional Manager with defendant Financial Freedom Senior Funding Corp. ("Financial Freedom"). Financial Freedom purchased the

reverse mortgage assets of Unity Mortgage Corp. in November 2000.

3. In its Answer dated September 2, 2003, Financial Freedom denies it ever extended an offer to plaintiff to work as a Reverse Mortgage Specialist in Connecticut and denies it has an obligation to pay any compensation to the plaintiff. See Answer, ¶¶11, 24. By way of affirmative defense, Financial Freedom asserts plaintiff has failed to join an indispensable party and an affirmative defense as to a lack of subject matter jurisdiction. Financial Freedom has indicated that the party it claims to be indispensable is Unity Mortgage Corp. See Report of the Parties' Planning Report dated May 25, 2003, page 3.

4. Financial Freedom is equitably estopped from claiming there was no employment relationship, and/or is liable under a successor theory, based on (i) the representations made to plaintiff and (ii) the fact that Financial Freedom continued the reverse mortgage operations of Unity Mortgage Corp. and (iii) Financial Freedom closed on at least nine reverse mortgages in Connecticut for which plaintiff generated the initial leads based on his written agreement to be paid certain commission fees.

5. Despite a specific request in the discovery process, Financial Freedom to date has refused to disclose

to plaintiff a copy of the transactional agreement between Unity Mortgage Corp. and Financial Freedom whereby Financial Freedom purchased the reverse mortgage assets of Unity Mortgage Corp.[1] Thus plaintiff is still in the dark as to what the terms of the agreement and the basis for why Financial Freedom claims as a defense that Unity Mortgage is an indispensable party.

6. By way of verified responses to interrogatories received on or about September 29, 2003, however, Financial Freedom claims that Unity Mortgage Corp. is apparently been placed in possession of a personnel file bearing plaintiff's name.

7. In light of the fact that defendant has not withdrawn its affirmative defenses despite plaintiff's disclosures of multiple documents and deposition testimony taken by Financial Freedom, and absent any documentation whatsoever having been provided to the plaintiff by Financial Freedom about the basis for the defense raised by Financial Freedom, without waiver and specifically reserving its rights as to Financial Freedom, the plaintiff asks that he be permitted to join Unity Mortgage Corp. as a

---

[1] Counsel for the parties had an extensive discussion on October 7, 2003 regarding the host of defendants' objections to the plaintiff's discovery request. Defendant's counsel indicated she would confer with her client regarding the objections and report back to plaintiff's counsel. This has not yet occurred.

party defendant. If Financial Freedom has a good faith basis in fact for its defenses, which is not admitted, Unity Mortgage Corp. would also be liable to the plaintiff for, *inter alia*, its misrepresentations made to the plaintiff upon which he relied in good faith.[2]

8. If Financial Freedom has a good-faith basis on which to base its defense of lack of subject matter jurisdiction, Unity Mortgage Corp. should be joined and is liable to the plaintiff for the conduct asserted in the proposed Second Amended Complaint attached hereto.

9. Other than the allegations added to Unity Mortgage Corp., an additional count is sought to asserted against Financial Freedom based on its tortious combination with Unity Mortgage Corp. resulting in damages to plaintiff

10. This motion is filed within the time contemplated by the Parties' Planning Report approved by the court.

THE PLAINTIFF

BY HIS ATTORNEY
Valerie E. Maze
1465 E. Putnam Avenue
Unit 111
Old Greenwich, CT 06870
(CT14080)
Tel: (203) 698 1509

---

[2] In such event Unity Mortgage Corp. would have liability as plaintiff's employer; plaintiff believes Financial Freedom is nevertheless liable under a successor theory and/or for CUTPA violations.

CERTIFICATION

I hereby certify that on the 14th of day of October, 2003, the foregoing was sent via first-class United States mail to :

Lorraine M. Cortese-Costa, Esq.
DURANT, NICHOLS HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT 06604

_____
Valerie E. Maze