UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
2003 DEC -9 P 2:27

| | | |
|---|---|---|
| WILLIAM J. MAZE | : | |
| | : | CASE NO: |
| V. | : | 303CV166 (SRU) |
| | : | |
| FINANCIAL FREEDOM SENIOR | : | |
| FUNDING CORP. | : | December 8, 2003 |

**PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE**

The plaintiff hereby moves for permission to dismiss without prejudice the plaintiff's proposed action asserted in the proposed Second Amended Complaint against Unity Mortgage Corp. based on the following:

1. The plaintiff's motion to join Unity Mortgage Corp. was triggered by the affirmative defenses asserted by defendant Financial Freedom (failure to join an indispensable party; lack of jurisdiction) and Financial Freedom's denial of an employment relationship. Based on the time limitations set forth in the scheduling order, plaintiff was required to file any motion to join additional parties by October 15, 2003. There was an indication that there was no willingness to agree with plaintiff to any modification of the scheduling order.

2. Plaintiff has now filed, however, a motion pursuant to Rule 37 of the Local Rules of Civil Procedure for the District of Connecticut concerning the issues of

Financial Freedom's lack of full disclosure.  Once a conference took place on October 6, 2003 between counsel concerning Financial Freedom's objections and the paucity of disclosure in response to plaintiff's discovery request, plaintiff understood that Financial Freedom would be more forthcoming with the critical information.  If the court orders the disclosure sought and it is not forthcoming, plaintiff will seek, *inter alia*, that a judgment of default to be entered.

   3.   If a default judgment is entered or if Financial Freedom's defenses are stricken pursuant to the Rule 37 motion, joinder and attempted service by plaintiff of Unity Mortgage Corp. will be unnecessary.

   4.   Plaintiff is concerned about service of process as to Unity Mortgage Corp. because, based upon information and belief, Unity Mortgage Corp. may not be an actively registered corporation in Connecticut (it having ceased doing business in Connecticut following Financial Freedom purchase of the reverse mortgage business of Unity Mortgage Corp.).  Service of process may be problematic for plaintiff.

   5.   Plaintiff should not be required to attempt to join and serve an additional party unnecessarily based on Financial Freedom's purported defenses when Financial

Freedom is refusing to disclose information and documents which might substantiate its affirmative defenses or, on the other hand, which may demonstrate there is no basis for the defenses.

6.   Defendant Financial Freedom recently filed a motion seeking additional time for the parties to file potentially dispositive motions. Plaintiff had, and has, no objection to allowing a reasonable extension of time to file potentially dispositive motions.

WHEREFORE plaintiff moves that the court (1) allow a dismissal without prejudice of the action asserted against Unity Mortgage Corp. and/or allow a withdrawal without prejudice of the motion to add that party until the discovery disputes are resolved by the court.

THE PLAINTIFF

BY HIS ATTORNEY
Valerie E. Maze
1465 E. Putnam Avenue
Unit 111
Old Greenwich, CT 06870
(CT14080)
Tel: (203) 698 1509

3

## CERTIFICATION

I hereby certify that on the 9th day of December, 2003, the foregoing was sent to:

Lorraine M. Cortese-Costa, Esq.
DURANT, NICHOLS HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
Bridgeport, CT  06604

_____
Valerie E. Maze

4