UNTED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM J. MAZE,<br>Plaintiff, | : <br> : <br> : | CIVIL ACTION NO.<br>3:03CV166 (SRU) |
| v. | : <br> : | |
| FINANCIAL FREEDOM SENIOR<br>FUNDING CORP. AND UNITY<br>MORTGAGE CORPORATION, | : <br> : <br> : | |
| Defendants. | : | DECEMBER 23, 2003 |

### ANSWER TO SECOND AMENDED COMPLAINT
### AND CROSS-COMPLAINT OF DEFENDANT FINANCIAL FREEDOM

Defendant, Financial Freedom Senior Funding Corp., by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the Second Amended Complaint.

1. Financial Freedom is without knowledge sufficient to admit or deny the allegations contained in Paragraph one of the Second Amended Complaint.

2. Financial Freedom admits the allegations of Paragraph 2 of the Second Amended Complaint.

3. Financial Freedom admits the allegations of Paragraph 3 of the Second Amended Complaint.

4. Financial Freedom admits the allegations of Paragraph 4 of the Second Amended Complaint.

5.  Financial Freedom admits the allegations of Paragraph 5 of the Second Amended Complaint.

6.  Financial Freedom admits the allegations of Paragraph 6 of the Second Amended Complaint except to deny that it is the mortgagee of record as to numerous mortgage loans secured by residences in the State of Connecticut.

7.  Financial Freedom is without knowledge sufficient to admit or deny the allegations contained in Paragraph 7 of the Second Amended Complaint.

8.  Paragraph 8 of the Second Amended Complaint is the assertion of a legal conclusion to which no responsive pleading is required.

9.  Paragraph 9 of the Second Amended Complaint is the assertion of a legal conclusion to which no responsive pleading is required.

**SECOND COUNT**

10. Financial Freedom is without knowledge sufficient to admit or deny the allegations contained in Paragraph 10 of the Second Amended Complaint.

11. Financial Freedom is without knowledge sufficient to admit or deny the allegations of Paragraph 11 of the Second Amended Complaint except to deny that it ever extended an offer to Plaintiff to work as a Reverse Mortgage Specialist in Connecticut and that Jeanine Erlich possessed any authority to make hiring decisions for Financial Freedom in November 2000.

12. Financial Freedom denies the allegations of Paragraph 12 of the Second Amended Complaint.

13.     Financial Freedom denies the allegations of Paragraph 13 of the Second Amended Complaint except to admit that Jeanine Erlich was a Regional Manager for Unity and held the title of Regional Manager with Financial Freedom.

14.     Financial Freedom is without knowledge sufficient to admit or deny the allegations contained in paragraph 14 of the Second Amended Complaint and denies that she was authorized to do so.

15.     Financial Freedom is without knowledge sufficient to admit or deny the allegations of Paragraph 15 of the Second Amended Complaint and denies that it had made any agreement to pay the plaintiff certain commissions by way of compensation.

16.     Financial Freedom denies the allegations of Paragraph 16 of the Second Amended Complaint as to Financial Freedom and is without knowledge sufficient to admit or deny the allegations as to Unity Mortgage Corp.

17.     Financial Freedom denies the allegations of Paragraph 17 of the Second Amended Complaint as to Financial Freedom and is without knowledge sufficient to admit or deny the allegations as to Unity Mortgage Corp.

18.     Financial Freedom denies the allegations of Paragraph 18 of the Second Amended Complaint and each of its subparts as to Financial Freedom and is without knowledge sufficient to admit or deny the allegations as to Unity Mortgage Corp.

19.     Financial Freedom denies the allegations of Paragraph 19 of the Second Amended Complaint.

20.     Financial Freedom denies the allegations of Paragraph 20 of the Second Amended Complaint.

21.     Financial Freedom denies the allegations of Paragraph 21 of the Second Amended Complaint.

22.     Financial Freedom denies the allegations of Paragraph 22 of the Second Amended Complaint.

23.     Financial Freedom denies the allegations of Paragraph 23 of the Second Amended Complaint except to admit that it did not make any payments to Plaintiff.

24.     Financial Freedom denies the allegations of Paragraph 24 of the Second Amended Complaint.

25.     Financial Freedom admits the allegations of Paragraph 25 of the Second Amended Complaint except to deny any implication that Financial Freedom had any reason or obligation to so inform Plaintiff.

26.     Financial Freedom denies the allegations of Paragraph 26 of the Second Amended Complaint except to admit that it made no payments to Plaintiff.

27.     Financial Freedom denies the allegations of Paragraph 27 of the Second Amended Complaint.

28.     Financial Freedom denies the allegations of Paragraph 28 of the Second Amended Complaint.

29.   Financial Freedom denies the allegations of Paragraph 29 of the Second Amended Complaint except to admit that it did not pay wages to Plaintiff.

30.   Financial Freedom denies the allegations of Paragraph 30 of the Second Amended Complaint.

## SECOND COUNT

1-30. Paragraphs 1-30 of Financial Freedom's answer to the allegations of the Second Count are hereby incorporated and realleged as its answers to Paragraphs 1-30 of this, the Second Count.

31.   Financial Freedom denies the allegations of Paragraph 31 of the Second Amended Complaint.

32.   Financial Freedom denies the allegations of Paragraph 32 of the Second Amended Complaint.

33.   Financial Freedom denies the allegations of Paragraph 33 of the Second Amended Complaint.

34.   Financial Freedom denies the allegations of Paragraph 34 of the Second Amended Complaint.

## THIRD COUNT

1-34. Paragraphs 1-34 of Financial Freedom's answer to the allegations of the Second Count are hereby incorporated and realleged as its answers to Paragraphs 1-34 of this, the Third Count.

35.   Financial Freedom denies the allegations of Paragraph 35 of the Second Amended Complaint.

36.   Financial Freedom denies the allegations of Paragraph 36 of the Second Amended Complaint.

37.   Financial Freedom denies the allegations of Paragraph 37 of the Second Amended Complaint.

## FOURTH COUNT

1-37.   Paragraphs 1-37 of Financial Freedom's answer to the allegations of the Third Count are hereby incorporated and realleged as its answers to Paragraphs 1-37 of this, the Fourth Count.

38.   Financial Freedom denies the allegations of Paragraph 38 of the Second Amended Complaint.

39.   Financial Freedom denies the allegations of Paragraph 39 of the Second Amended Complaint.

40.   Financial Freedom denies the allegations of Paragraph 40 of the Second Amended Complaint.

41.   Financial Freedom denies the allegations of Paragraph 41 of the Second Amended Complaint.

## FIFTH COUNT

1-41.   Paragraphs 1-41 of Financial Freedom's answer to the allegations of the Fourth Count are hereby incorporated and realleged as its answers to Paragraphs 1-41 of this, the Fifth Count.

42.   Financial Freedom denies the allegations of Paragraph 42 of the Second Amended Complaint.

43. Financial Freedom denies the allegations of Paragraph 43 of the Second Amended Complaint.

44. Financial Freedom denies the allegations of Paragraph 44 of the Second Amended Complaint except to admit that it did not pay any compensation to Plaintiff.

45. Financial Freedom denies the allegations of Paragraph 45 of the Second Amended Complaint.

**SIXTH COUNT**

1-45. Paragraphs 1-45 of Financial Freedom's answer to the allegations of the Fifth Count are hereby incorporated and realleged as its answers to Paragraphs 1-45 of this, the Sixth Count.

46. Financial Freedom denies the allegations of Paragraph 46 of the Second Amended Complaint.

47. Financial Freedom denies the allegations of Paragraph 47 of the Second Amended Complaint.

**SEVENTH COUNT**

1-47. Paragraphs 1-47 of Financial Freedom's answer to the allegations of the Sixth Count are hereby incorporated and realleged as its answers to Paragraphs 1-47 of this, the Seventh Count.

48. Financial Freedom denies the allegations of Paragraph 48 of the Second Amended Complaint.

49. Financial Freedom denies the allegations of Paragraph 49 of the Second Amended Complaint.

50.     Financial Freedom denies the allegations of Paragraph 50 of the Second Amended Complaint.

51.     Financial Freedom denies the allegations of Paragraph 51 of the Second Amended Complaint.

**EIGHTH COUNT**

1.-51.  Paragraphs 1-51 of Financial Freedom's answer to the allegations of the Seventh Count are hereby incorporated and realleged as its answers to Paragraphs 1-51 of this, the Eighth Count.

52.     Financial Freedom denies the allegations of Paragraph 52 of the Second Amended Complaint.

53.     Financial Freedom denies the allegations of Paragraph 53 of the Second Amended Complaint.

**NINTH COUNT**

1-55.   Paragraphs 1-55 of Financial Freedom's Answer to the First Amended Complaint are herby realleged and incorporated to be paragraphs 1-55 of this, its Answer to the Tenth Count.

56.     Financial Freedom denies the allegations of Paragraph 56 of the Second Amended Complaint.

57.     Financial Freedom denies the allegations of Paragraph 57 of the Second Amended Complaint.

58.	Financial Freedom denies the allegations of Paragraph 58 of the Second Amended Complaint.

59.	Financial Freedom denies the allegations of Paragraph 59 of the Second Amended Complaint.

60.	Financial Freedom denies the allegations of Paragraph 60 of the Second Amended Complaint.

61.	Financial Freedom denies the allegations of Paragraph 61 of the Second Amended Complaint.

62.	Financial Freedom denies the allegations of Paragraph 62 of the Second Amended Complaint.

63.	Financial Freedom denies the allegations of Paragraph 63 of the Second Amended Complaint.

64.	Financial Freedom is without knowledge sufficient to admit or deny the allegations of paragraph 64 of the Tenth Count.

**TENTH COUNT**

1-55.	Paragraphs 1-55 of Financial Freedom's Answer to the First Amended Complaint are herby realleged and incorporated to be paragraphs 1-55 of this, it Answer to the Tenth Count.

56.	Financial Freedom denies the allegations of Paragraph 56 of the Second Amended Complaint.

57. Financial Freedom denies the allegations of Paragraph 57 of the Second Amended Complaint.

58. Financial Freedom denies the allegations of Paragraph 58 of the Second Amended Complaint.

59. Financial Freedom denies the allegations of Paragraph 59 of the Second Amended Complaint.

60. Financial Freedom denies the allegations of Paragraph 60 of the Second Amended Complaint.

61. Financial Freedom denies the allegations of Paragraph 61 of the Second Amended Complaint.

62. Financial Freedom denies the allegations of Paragraph 62 of the Second Amended Complaint.

63. Financial Freedom denies the allegations of Paragraph 63 of the Second Amended Complaint.

64. Financial Freedom is without knowledge sufficient to admit or deny the allegations of paragraph 64 of the Tenth Count.

**ELEVENTH COUNT**

1-64.   Paragraphs 1-64 of Financial Freedom's answer to the Tenth Count are hereby realleged and incorporated to be paragraphs 1-64 of this their Answer to the Eleventh Count.

65.   Financial Freedom denies the allegations of Paragraph 65 of the Second Amended Complaint.

66.   Financial Freedom denies the allegations of Paragraph 66 of the Second Amended Complaint.

**TWELFTH-TWENTIETH COUNTS**

These Counts are directed to a different Financial Freedom.

And now, further pleading, Financial Freedom makes these its Affirmative Defenses:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction as to Financial Freedom.

Wherefore, Financial Freedom asks that, after due proceedings be had, Plaintiff's Second Amended Complaint be dismissed, with prejudice, in its entirety.

## CROSS-COMPLAINT OF FINANCIAL
## FREEDOM AGAINST UNITY MORTGAGE CORPORATION

1. By an asset purchase agreement dated November 22, 2000 between Financial Freedom and Unity Mortgage Corporation, Financial Freedom agreed to hire certain terminated employees of Unity Mortgage Corporation pursuant to a listing of said terminated employees provided by Unity.

2. By way of transition, Unity continued the operation of its reverse mortgage business in Connecticut for approximately two months after the asset purchase and the terminated employees continued to act on Unity's behalf during that period of time. Acts of such employees during that period of time as alleged by Plaintiff would be attributable to and the responsibility of Unity not Financial Freedom.

3. Plaintiff was not one of the terminated employees and Financial Freedom never made him any offer of employment nor did it ever employ him.

4. Financial Freedom assumed no liability for claims by Unity employees such as those made by Plaintiff and any such liability was retained by Unity by virtue of its agreement with Financial Freedom.

   **WHEREFORE**, Unity is responsible and required to indemnify Financial Freedom for any and all liability, costs and expenses incurred by Financial Freedom arising from Plaintiff's claims.

Done at Bridgeport, Connecticut, this 23rd day of December, 2003.

                                                     Loraine M. Cortese-Costa
                                                     DURANT, NICHOLS, HOUSTON,
                                                     HODGSON & CORTESE-COSTA, P.C.
                                                     1057 Broad Street
                                                     Bridgeport, CT  06604
                                                     203-366-3438
                                                     Federal Bar No. ct03984

                                                     ATTORNEYS FOR FINANCIAL FREEDOM

## **CERTIFICATION**

This is to certify that a copy of the foregoing, was mailed, via U. S. Mail, postage prepaid, this 23rd day of December, 2003, to all counsel and pro se parties of record:

Valerie E. Maze, Esq.
1465 E. Putnam Avenue #111
Old Greenwich, CT 06870


_____
Loraine M. Cortese-Costa

P:\lit\LCC\311750\002\00037478.DOC