FILED

2003 DEC 30  P 12: 03

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM J. MAZE,<br>　　Plaintiff, | : | CIVIL ACTION NO.<br>3:03CV166 (SRU) |
| v. | : | |
| FINANCIAL FREEDOM SENIOR<br>FUNDING CORP. AND UNITY<br>MORTGAGE CORPORATION, | : | |
| 　　Defendants. | : | DECEMBER 29, 2003 |

### FINANCIAL FREEDOM'S OPPOSITION
### TO PLAINTIFF'S MOTION TO COMPEL

This suit involves a claim by Plaintiff, William Maze, that he is entitled to commission payments on reverse mortgage loans closed by Financial Freedom subsequent to December 2000. Plaintiff's claim is based upon an agreement to act as an outside sales agent for Unity Mortgage Corporation, the reverse mortgage assets of which were purchased by Financial Freedom in November 2000. Despite the fact that he never received an offer of employment from Financial Freedom and completed employment paperwork for Unity Mortgage in December 2000, Plaintiff claims that Financial Freedom employed him either directly or as a "successor" to Unity. Plaintiff claims commissions on reverse mortgage loans closed by Financial Freedom subsequent to December 2000 based on his speculation that a mass

solicitation for Unity Mortgage that he sent to elderly homeowners in Greenwich and Stamford in December 2000 was the "procuring cause" of all such loans.

It has been made clear to Plaintiff's counsel from the commencement of this suit that 1) Plaintiff was never employed by Financial Freedom and 2) that Unity continued to be responsible for the operation of its reverse mortgage business in Connecticut (including its employees such as Plaintiff) until after the termination of Plaintiff's employment. Nevertheless, instead of properly pursuing Unity as a Defendant, Plaintiff attempted to have Financial Freedom provide information in discovery to ensnare it in the flawed theory of liability set forth in the Complaint. Agitated that Financial Freedom cannot provide information it simply does not have, Plaintiff has now moved to compel.

### DISCOVERY SOUGHT AND WHY IT SHOULD NOT BE ALLOWED

**Interrogatory 2. As to each of the Nine Financial Freedom Reverse Mortgage Loans, please state the amount of the origination fees received, the name, title and address of every person(s) and entity to whom the origination fees were paid, the amount of the commission paid; and the name, title and address of every person who received the commission fees.**

Financial Freedom has provided Plaintiff with all the information it could obtain in response to this request but was unable to locate the specific commission amounts paid to an independent broker on seven of the nine loans identified. This was explained to Plaintiff's counsel (12/23/03 letter to Plaintiff's counsel, attached as Exhibit A). Financial Freedom cannot supply information it does not have.

> **Interrogatory 5.** Please state the compensation received by Ms. Ehrlich from Financial Freedom since 2000 to the present identifying the portions of said compensation consisting of commission or bonuses based on reverse mortgage loans closed in the state of Connecticut.

Pursuant to Plaintiff's claim that commissions paid to Ms. Ehrlich might be relevant to a "potential motive Ms. Ehrlich may have had in terminating the plaintiff's employment" (Pl. mem., p. 5), this information has been provided to Plaintiff (see Exhibit A).

> **Interrogatory 6.** Describe in sufficient detail all transactions, agreements or covenants concerning solicitation or sale of reverse mortgage loans between Unity Mortgage Corp. and Financial Freedom including the titles, dates and effective dates thereof.
>
> **Request for Production 8.** A copy of all transactions and written agreements between Unity Mortgage and Financial Freedom and/or Unity Mortgage Corp. and any entity related to Financial Freedom.
>
> **Interrogatory 7.** As to the asset purchase regarding transaction between Unity Mortgage Corp. and Financial Freedom referenced in your initial disclosures, please state the following in specific detail:
>
> a. A description of the assets purchased and their location;
> b. The effective date of the acquisition of said assets;
> c. The consideration paid and/or given.
> d. Identify all agreements, unilateral and bilateral, related to the asset purchase, including but not limited to all transactions, agreements, covenants, releases and assignments including the dates, effective dates, titles of written agreements, and the number of pages of each such agreement.
>
> **Request for Production 7.** The following document referenced in defendant's Initial Disclosures: "Asset Purchase documents regarding transaction between Financial Freedom Senior Funding Corp. and Unity Mortgage Corp., Legal Department, Financial Freedom Senior Funding Corp."

Plaintiff's counsel concedes she was informed that this information, because of its proprietary and sensitive nature to Unity Mortgage, would be provided in light of Plaintiff's motion to add Unity as a party to the suit. Defendant had no basis to believe that Plaintiff would have any problems joining Unity and the information was to be provided as soon as that occurred. Despite Plaintiff's decision to not even attempt service on Unity, Financial Freedom has done so and voluntarily will provide the requested material once Unity is properly notified (See Exhibit A).

> **Interrogatory 10.** Please state the names, addresses and telephone numbers of all persons who, at any time have been employed by, or received commission fees from, Unity Mortgage Corp. and also, at some other time, have been employed by, or received commission fees from, Financial Freedom.
>
> **Interrogatory 12.** For the purposes of interrogatory #12 and #13, "employment" refers to all arrangements entered into involving the provision of services for consideration including, but not limited to, employees, service providers, agents, independent contractors, consultants or specialists. As a result of any acquisition of assets or other transaction between Unity Mortgage Corp. and Financial Freedom, or in anticipation thereof, did the employment of certain persons by Unity Mortgage Corp. end?
>
> **Interrogatory 13.** If the answer to the preceding interrogatory is in the affirmative, please state:
>
> a. The names, titles, age, gender and last known addresses of such persons whose employment ended.
>
> b. Of those persons listed in response to part a, identify those persons who were "reverse mortgage specialists" or who had worked on a commission fee basis in connection with reverse mortgage loans before their employment ended.

As has been explained to Plaintiff's counsel numerous times, this information must be obtained from Unity Mortgage if at all (see Exhibit A). Financial Freedom does not have the information.

> **Interrogatory 11.** As to reverse mortgages or notes originally in the name of Unity Mortgage Corp. which have been assigned to Financial Freedom or a related entity, please state:
>
> **a. The approximate number of Unity Mortgage Corp. reverse mortgages or notes assigned to Financial Freedom or any entity related to Financial Freedom;**
>
> **b. Whether Financial Freedom or any entity related to Financial Freedom services said reverse mortgage loans and/or has entered into any contracts with other companies to service said loans.**

Plaintiff has shown no relevancy or even potential relevancy for this information in connection with his claims. In order to satisfy this request, thousands of loan files would have to be researched and undersigned counsel has indicated a willingness to allow inspection of those documents as they are kept in the regular course of business (see Exhibit A).

> **Interrogatory 14.** Please state the date on which Jeanine Ehrlich notified the plaintiff that plaintiff's services were terminated.

Financial Freedom does not have this information as Plaintiff was never its employee. Plaintiff testified in his deposition that his employment was terminated at the end of January 2001.

> **Interrogatory 21.** Describe in detail all Financial Freedom policies, unwritten and written, in effect in 1999 and 2000 concerning employment and/or termination of commission agents and/or termination of Unity Mortgage Corp. employees.
>
> **Request for Production 14.** A copy of all written policies which affected the plaintiff or any reverse mortgage specialist.

**Request for Production 16.** A copy of all documents in effect in 1999 and 2000 affecting commission agents and/or persons previously employed by and/or potentially receiving income from Unity Mortgage Corp.

The asset purchase and related agreements are responsive to these requests and will be provided to Plaintiff as set forth above.

**Interrogatory 21.** Identify all law suits brought at any time against Financial Freedom including the docket numbers, the addresses of courts where such law suits were filed, and the name and address of plaintiffs' attorneys.

The assertion that "plaintiff should be entitled to be apprised of other law suits and docket numbers which indicate a pattern and practice of unfair and deceptive trade practices which may be relevant in plaintiff's action" (Pl. mem., p. 16) reveal this request for what it is - - abusive and oppressive. The Plaintiff's claims are for unpaid commissions under Connecticut law. The request should be withdrawn.

**Request for Production 13.** All documents concerning the potential generating of leads for reverse mortgage loans by the plaintiff received by Jeanine Ehrlich and/or her subordinates.

Plaintiff has been given what Financial Freedom has in response to this request (see Exhibit A).

WHEREFORE, Plaintiff's motion to compel should be denied in all respects.

Done at Bridgeport, Connecticut, this 29TH day of December, 2003.

                                           */s/ Loraine M. Cortese-Costa*
                                           Loraine M. Cortese-Costa
                                           DURANT, NICHOLS, HOUSTON,
                                           HODGSON & CORTESE-COSTA, P.C.
                                           1057 Broad Street
                                           Bridgeport, CT  06604
                                           203-366-3438
                                           Federal Bar No. ct03984

                                           ATTORNEYS FOR FINANCIAL FREEDOM

# EXHIBIT A

# DURANT, NICHOLS, HOUSTON, HODGSON & CORTESE-COSTA, P.C.

Loraine M. Cortese-Costa**
Natale V. Di Natale**
E. Terry Durant*
Lisa Grasso Egan
Christopher M. Hodgson
Donald F. Houston
David J. Kelly**
Pamela J. Coyne
Peter Dagostine

Also admitted in Virginia*
Also admitted in New York**

ATTORNEYS AT LAW

1057 Broad Street
Bridgeport, Connecticut 06604-4219
Tel. (203) 366-3438    Fax (203) 384-0317
www.durantnic.com

Of Counsel
George N. Nichols

Paralegals
Clara Cuneo Koczi
Megan L. Krom

December 22, 2003

Valerie E. Maze, Esq.
1465 E. Putnam Avenue, #111
Old Greenwich, CT 06870

Re: William Maze v. Financial Freedom Senior Funding Corp.
Civil Action No. 3:03CV166 (SRU)

Dear Attorney Maze:

I am in receipt of your motion to compel and wanted to clarify a few issues in an attempt to narrow what the Court must address.

With respect to the amount of the commissions paid on certain loans specified in your interrogatories, I have given you all the information that Financial Freedom has regarding these loans including the loan amounts. Efforts to locate the commission amounts paid have been unsuccessful as I previously informed you. Presumably, Plaintiff has some idea what the commission amount claimed is based upon the loan amounts provided you.

With respect to Interrogatories 10, 12, 13, 14, 18 and Requests For Production 10, 12 and 13, I had agreed to check with my client regarding whether any of this information was provided to Financial Freedom by Unity and is still available. It was not. The information available to Financial Freedom has been provided to you.

With respect to those discovery requests for which the asset purchase and related agreements are responsive, I was completely up front with you regarding the proprietary concerns involved absent Unity as a party to this suit. I thought the issue had been resolved when you finally moved to join Unity as a party and I agreed to provide the documents once Unity was served (I did not foresee service being an issue for you). You have apparently now decided to "dismiss" Unity as a party, however, attached is Financial Freedom's Answer to the Second Amended Complaint with Cross-Complaint against Unity. Once I have served Unity with the Cross-Complaint and notified it that you have moved to compel production of the

agreements, I will provide the relevant documents to you pursuant to a protective order. I have attached a draft protective order and request your comments.

With respect to Interrogatory 5, although I certainly disagree with your characterization of the request as even potentially relevant, attached is the list of loans for which Jeannie Ehrlich was paid a commission in 2001 and 2002. Since you already have a listing of all loans closed in Connecticut during that time period, you should have no trouble determining what, if any, loans in Connecticut Ms. Ehrlich was paid commissions on.

With respect to Interrogatory 11, if you really believe this information has any bearing whatsoever on any issue in this lawsuit, which I fail to see, please let me know and I will recommend to my client that they make their thousands of loan files available for your inspection as they are kept in the regular course of business.

Finally, during our discovery conference you had agreed to get back to me with respect to Plaintiff's failure to produce requested tax returns and resumes. I have never heard back from you. Kindly provide those documents at your earliest convenience.

Please let me know if you have any questions or if you believe further discussion could resolve any other outstanding issue.

Very truly yours,

Loraine M. Cortese-Costa

LMCC:hbb
P:\general\lcc1\311750\002\00037420.DOC

### **CERTIFICATION**

This is to certify that a copy of the foregoing, was caused to be mailed, via U. S. Mail, postage prepaid, this 29TH day of December, 2003, to all counsel and pro se parties of record:

Valerie E. Maze, Esq.
1465 E. Putnam Avenue #111
Old Greenwich, CT 06870

*Loraine M. Cortese-Costa*
Loraine M. Cortese-Costa

P:\lit\LCC\311750\002\00037500.DOC