FILED

2003 DEC 30  P 12: 03

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM J. MAZE, | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:03CV166 (SRU) |
| | : | |
| v. | : | |
| | : | |
| FINANCIAL FREEDOM SENIOR FUNDING CORP. AND UNITY MORTGAGE CORPORATION, | : | |
| | : | |
|    Defendants. | : | DECEMBER 29, 2003 |

**FINANCIAL FREEDOM'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION TO DISMISS UNITY MORTGAGE AS A PARTY TO SUIT**

This suit involves a claim by Plaintiff, William Maze, that he is entitled to commission payments on reverse mortgage loans closed by Financial Freedom subsequent to December 2000. Plaintiff's claim is based upon an agreement he had to act as an outside sales agent for Unity Mortgage Corporation, the reverse mortgage assets of which were purchased by Financial Freedom in November 2000. Despite the fact that he never received an offer of employment from Financial Freedom and completed employment paperwork for Unity Mortgage in December 2000, Plaintiff claims that Financial Freedom employed him either directly or as a "successor" to Unity. Plaintiff claims commissions on reverse mortgage loans closed by Financial Freedom subsequent to December 2000 based on his speculation that a mass

solicitation for Unity Mortgage that he sent to seniors in Greenwich and Stamford in December 2000 was the "procuring cause" of all such loans.

From the commencement of the action, Financial Freedom has maintained that Unity, an existing and operating corporation unaffiliated with Financial Freedom, was an indispensable party. In October 2003, Plaintiff moved to amend his Complaint to add Unity as a party to which Defendant consented in writing. Fed. R. Civ. P. 15(a). Plaintiff now seeks to dismiss Unity purportedly because of a feared difficulty in accomplishing service (Plaintiff's motion does not suggest that any attempts at service have been made). Financial Freedom has already answered the Second Amended Complaint and filed a Cross-Complaint against Unity which has been mailed to Unity with a request for waiver of service pursuant to Rule 4 of the Federal Rules of Civil Procedure. Plaintiff's motion to dismiss Unity should be denied as Unity is an indispensable party to any "successor" claim, *Woodford v. Cyprus Industrial*, No. 82-125-2-MAC, 1982 WL 437 (M.D.Ga. 1982) (Owens, D. J.) (copy attached) and his concerns about service are speculative, ill-founded and now moot.

Done at Bridgeport, Connecticut, this 29TH day of December, 2003.

*Loraine M. Cortese-Costa* (/s/)
Loraine M. Cortese-Costa
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT  06604
203-366-3438
Federal Bar No. ct03984

ATTORNEYS FOR FINANCIAL FREEDOM

1982 WL 437  
30 Fair Empl.Prac.Cas. (BNA) 438, 30 Empl. Prac. Dec. P 33,192  
(Cite as: 1982 WL 437 (M.D.Ga.))

Page 1

United States District Court; M.D. Georgia, Macon Division.

**Ernest Woodford et al., Plaintiffs**
v.
**Cyprus Industrial Minerals Company et al., Defendants.**

Civil Action No. 82-125-2-MAC

November 4, 1982

OWENS, D.J.

*1 Defendant, Cyprus Industrial Minerals Company, d/b/a Standard Oil Company (Indiana), moves this court to dismiss this action on the grounds that (1) plaintiffs' suit was not filed within ninety (90) days after plaintiffs received notice of right to sue; (2) plaintiffs failed to join an indispensable party, Nord Kaolin Company; (3) service of process was insufficient; (4) plaintiff failed to state a cause of action upon which relief can be granted on the ground that no employment relationship existed between this defendant and the plaintiffs; and that (5) this defendant has never been a successor employer with respect to Cyprus Industrial Minerals Company's Twiggs County, Georgia plant.

In response, plaintiffs urge that (1) there is no evidence in the record which supports defendant's statement that suit was not filed within the requisite ninety (90) day period; (2) that if Nord Kaolin Company is in fact an indispensable party, plaintiffs should be allowed an opportunity to amend their complaint; and (3) that if service of process was insufficient, they should be allowed to quash the improper service on defendant Cyprus Industrial Mineral Company, d/b/a Standard Oil Company (Indiana), and to serve that defendant's proper agent.

In regard to defendant's ground for dismissal based on plaintiffs' failure to comply with the time limitations established by Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, *et seq.*, the court finds that plaintiffs would have had to file suit within ninety (90) days of receipt of their notices of right to sue as a condition precedent to their establishing claims of racial discrimination. [FN1] The receipts for certified mail submitted by defendant to supplement its motion establish that plaintiffs did not file this suit within the requisite ninety (90) day period.

FN1 42 U.S.C. § 2000e-5(f)(1) in pertinent part provides as follows
"... [I]f a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, government agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice...."

*2 In considering this ground as a basis for dismissal, the court notes the following in *Sessions v. Rusk State Hospital*, [26 EPD P 31,922] 648 F.2d 1066 (5th Cir. 1981) at 1069, 1070:
A Title VII claim must be filed within ninety days of receipt of the right-to-sue notice. See 42 U.S.C. § 2000e-5(f). Action within this Title VII time period is not a prerequisite to a federal court's jurisdiction. See *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584, 591 n.14 (5th Cir. 1981) (en banc) (case involving the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.); *Oaxaca v. Roscoe*, 641 F.2d 386 (5th Cir. 1981). Compliance with the Title VII time period for filing a charge with the EEOC *is a statutory requirement for presentation of the claim, and failure to do so admits a defense analogous to a statute of limitations. Oaxaca v. Roscoe*, 641 F.2d at 390. After the right-to-sue letter is issued, the timeliness of the suit in federal court does not involve the court's jurisdiction but whether the litigant has fulfilled the statutory

1982 WL 437
30 Fair Empl.Prac.Cas. (BNA) 438, 30 Empl. Prac. Dec. P 33,192
(Cite as: 1982 WL 437 (M.D.Ga.))

Page 2

conditions. (emphasis added).

*Accord Pickard v. Pullman-Standard, a Div. of Pullman, Inc.*, [29 EPD P 32,86 2] No. 79-2890 (June 10, 1982, Former 5th Cir. 1982), citing Mohasco Corp. v. Silver, [23 EPD P 30,998] 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980); Lewis v. Conners Steel Co., [28 EPD P 32,654] 673 F.2d 1240, f.n. 2 (11th Cir. 1982).

In their answer to the complaint, defendant set forth the defense that plaintiffs' complaint is barred by the applicable statutes of limitations including, but not limited to 42 U.S.C. § § 2000e-5(e) and 2000e-5(f)(1). By failing to file within the requisite ninety (90) day period as required by Section 2000e-5(f)(1), plaintiffs in essence admit a defense analogous to a statute of limitations. *Sessions, supra*.

Additionally, a letter in the record from the EEOC indicates that Nord Kaolin Company is an indispensable party to this suit and there is no indication that plaintiffs have sought to amend their complaint to include that party.

Finally, CT Corporation System was served with process but, as indicated by a letter in the record, that corporation is not the registered agent for Standard Oil Company (Indiana).

Although failure to include an indispensable party and failure to serve the correct agent in this case are weaknesses which could be overcome, plaintiffs' failure to file this suit within the requisite ninety (90) days period can not be corrected.

Accordingly, for the reasons discussed above, the court finds that plaintiffs' complaint should be and is hereby Dismissed. [FN2]

> FN2 Defendant Cement, Lime and Gypsum Workers Local 510 also filed a motion to dismiss. This motion was based in part on plaintiffs' failure to file suit within the requisite ninety (90) day period. This defendant relies on the receipts of certified mail provided by defendant Cyprus Industrial Minerals Company, d/b/a Standard Oil Company. Based on the court's discussion concerning defendant Cyprus Minerals and plaintiffs' untimely filing, the court finds that the complaint against defendant Cement, Lime and Gypsum Workers Local 510 is likewise

Dismissed.

### Judgment

*3 Pursuant to the Order of this Court filed on the 4th day of November, 1982, and for the reasons stated therein, the court finds plaintiffs' complaint should be and is dismissed.

1982 WL 437, 1982 WL 437 (M.D.Ga.), 30 Fair Empl.Prac.Cas. (BNA) 438, 30 Empl. Prac. Dec. P 33,192

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

## CERTIFICATION

This is to certify that a copy of the foregoing, was caused to be mailed, via U. S. Mail, postage prepaid, the 29TH day of December, 2003, to all counsel and pro se parties of record:

Valerie E. Maze, Esq.
1465 E. Putnam Avenue #111
Old Greenwich, CT 06870

*Loraine M. Cortese-Costa*
Loraine M. Cortese-Costa

P:\lit\LCC\311750\002\00037494.DOC