FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT   2004 JAN 13 P 2: 07

US DISTRICT COURT
BRIDGEPORT CT

WILLIAM J. MAZE            :
                           :
V.                         :   CASE NO.
                           :   303CV166 (SRU)
                           :
FINANCIAL FREEDOM SENIOR   :
FUNDING CORP.              :   January 7, 2004

**PLAINTIFF'S REPLY TO FINANCIAL FREEDOM'S OPPOSITION TO MOTION TO COMPEL**

The plaintiff replies to Financial Freedom's Opposition to plaintiff's Motion to Compel briefly as follows:

1. Financial Freedom's attempts, in pages 1-2 of its Opposition, to mischaracterize plaintiff's status vis-à-vis Financial Freedom must be corrected: There is no dispute that Jeanine Ehrlich was Regional Supervisor for Financial Freedom at the time plaintiff was terminated. There is no dispute that Financial Freedom thereafter closed on multiple loans (at least eleven[1]) as to borrowers to whom Mr. Maze was generating leads. Defendant claims plaintiff "never received an offer of employment from Financial Freedom and completed employment paperwork for Unity

---

[1] Through certain additional information finally produced via letters from defendant's counsel dated December 23 and November 4, 2003, plaintiff has now determined that Financial Freedom closed on at least 11 (eleven), not nine, reverse mortgage loans as to homeowners to whom plaintiff sought and marketed the reverse mortgages in generating leads.

Mortgage." As defendant's counsel is aware, however, having been so informed since the time of plaintiff's initial disclosures in this case, the plaintiff was asked at the outset of his working relationship also to fill out employment paperwork for Financial Freedom since Financial Freedom was taking over the reverse mortgage operations of Unity Mortgage. See, e.g., Exhibit A attached hereto. Plaintiff is, and has always been mystified as to how Financial Freedom claims it did not terminate the plaintiff. Most importantly, for purposes of this motion, Financial Freedom has refused to produce any information or documentation to support its claim and has admitted that Ms. Ehrlich was Regional Supervisor for Financial Freedom at the time of plaintiff's termination.

3. It is contrary to fact that Financial Freedom "it has been made clear to Plaintiff's counsel" that Unity continued to be responsible for the operation of its reverse mortgage business in Connecticut including its employees such as Plaintiff until after the termination of Plaintiff's employment. See Opposition at p. 3. On the contrary, this is not plaintiff's counsel's understanding. Financial Freedom has refused to disclose any information on that score. Nor does this argument make any sense: It is undisputed that Financial Freedom purchased the reverse

mortgage assets of Unity Mortgage. How could it not operate the reverse mortgage business in Connecticut and yet also close on multiple reverse mortgage loans in Connecticut? It was made abundantly clear to *the plaintiff* that he was working for Financial Freedom at the time and being terminated by Financial Freedom. Significantly, Financial Freedom has failed to produce <u>a single document</u> that would show that Unity Mortgage Corporation was responsible for the operation of its reverse mortgage business in Connecticut after Financial Freedom acquired the reverse mortgage assets of Unity Mortgage Corporation. Financial Freedom has been withholding documents and information and also attempting to claim "indispensable party" status as to Unity Mortgage. Under the circumstances, a default should be entered against it and sanctions imposed.

4. There can be no inference that plaintiff's counsel ever agreed to allowing Financial Freedom to withhold information or documents. Plaintiff has persistently opposed the stonewalling undertaken by Financial Freedom in this case with respect to its disclosure obligations.

5. <u>Interrogatory 2</u>. In a case where Financial Freedom --not Unity Mortgage-- closed on all these reverse mortgage loans in question, it is astonishing and, frankly,

not credible that it cannot ascertain the commission fees that were paid to its agents.

6. <u>Interrogatories 6, 7; Requests for Production 7, 8</u>. There is no dispute that the information and documents are in possession of the defendant Financial Freedom. Financial Freedom cites no legal authority as to why information that is allegedly "proprietary and sensitive" to a <u>non-party</u> should be controlling on *Financial Freedom's* discovery obligations in light of the defenses Financial Freedom has interposed in this suit and as to which it has the burden to prove. Yet Financial Freedom has sought to withhold relevant information. Under the circumstances, those defenses should be stricken and/or a default entered and sanctions imposed.

7. <u>Interrogatories 10, 11, 12, 13</u> These interrogatories are designed to elicit information concerning how Financial Freedom continued the operation of Unity Mortgage by using the same personnel and how Financial Freedom continued those operations (for example, perhaps by assignment of mortgages and/or mortgage servicing operations). This information relates directly to Financial Freedom's relationship to Unity Mortgage Corporation. Financial Freedom obviously has this information since there is no dispute that it acquired the

reverse mortgage assets of Unity Mortgage Corporation. Any corporation undertakes inquiry as to what it is purchasing. The defendant's objections have no basis in fact or law. Most recently, Financial Freedom's counsel has offered plaintiff to go to California to look at its files if plaintiff wants the information. The point is that having asserted the defenses it has, Financial Freedom cannot withhold the information from plaintiff or make plaintiff travel to California.  Plaintiff is seeking only reasonable information that is in the possession of defendant and not burdensome for it to produce. Financial Freedom's high-handed obstructionist approach is unfair and dilatory.

    8.   <u>Interrogatory 14</u>.  It is undisputed that Jeanine Ehrlich was employed by Financial Freedom at the time plaintiff was terminated.  Financial Freedom's refusal answer as to when its records show when that termination occurred is inequitable.

    9.   <u>Interrogatory 21</u>.  Under liberal rules of discovery, this information falls within the scope of proper discovery designed to lead to the production of admissible evidence.

    10.   <u>Request for Production 13</u>. Defendant now claims that plaintiff has been given what Financial Freedom has in response to this request.  There is no explanation as to

why Financial Freedom failed to provide such information (that it has no such documents other than the one disclosed) in response to the request for production. Instead, an improper objection was interposed to this request similar to the plethora of other objections raised as to most the plaintiff's interrogatories and requests for production.

WHEREFORE the plaintiff's motion to compel should be granted and/or a default entered and sanctions imposed for non-compliance.

THE PLAINTIFF

*[signature]*

BY HIS ATTORNEY
Valerie E. Maze
1465 E. Putnam Avenue
Unit 111
Old Greenwich, CT 06870
(CT14080)
Tel: (203) 698 1509

## CERTIFICATION

I hereby certify that on the 8th day of January, 2004, the foregoing was sent via First-Class U.S. mail to:

Lorraine M. Cortese-Costa, Esq.
DURANT, NICHOLS HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
Bridgeport, CT 06604

_____
Valerie E. Maze

# FINANCIAL FREEDOM

## EMPLOYMENT APPLICATION

Answer all questions completely in ink. We are an Equal Opportunity Employer. The Company does not discriminate on the basis of race, color, religion, sex, national origin, age, disability, medical condition or any other characteristic protected by applicable state or federal civil rights laws. No question on this application is intended to be discriminatory under any applicable federal or state law.

**Last Name:** MAZE
**First:** WILLIAM
**Middle:** JOHN
**Date:** 10-17-00

**Current Address - Street:** 6A LOCKWOOD DRIVE
**City:** OLD GREENWICH
**State:** CT
**Zip:** 06870
**Home Phone:** (203) [redacted]
**How long have you lived at this address?** 17 YEARS

**Previous Address - Street:** 36 HILLCREST PARK RD.
**City:** OLD GREENWICH
**State:** CT
**Zip:** 06870
**Home Phone:** (203) [redacted]
**How long did you live at this address?** 13 YEARS

**Have you ever been involuntarily terminated or requested to resign?** ☐ Yes ☒ No

**If hired, can you provide verification of your legal right to work in the United States?** ☒ Yes ☐ No

**Social Security #:** [redacted]

**If you are under age 18, do you have a work permit?** ☐ Yes ☐ No

**If required for the position, do you have a valid driver's license?** ☒ Yes ☐ No

**Do you have adequate transportation to and from work?** ☒ Yes ☐ No

**Have you ever worked under a different name?** ☒ Yes ☐ No  If "Yes" Name: BILL MAZE

**Do you have friends or relatives working for our company?** ☐ Yes ☒ No  If "Yes" Name and relationship:

**Have you ever worked for this company before?** ☐ Yes ☒ No  If "Yes", When: _____  Position: _____

**Can you perform the essential duties of the position for which you are applying, with or without reasonable accommodation?** ☒ Yes ☐ No  If necessary, please describe (attach separate sheet if needed) _____

**Emergency Contact Name:** CHARLOTTE MAZE
**Phone:** (203) [redacted]

**Have you ever pled guilty or "no contest" to, or been convicted of a misdemeanor or felony?** ☐ Yes ☒ No  If yes, give dates and details _____

**Have you been arrested for any matters for which you are out on bail or on your own recognizance pending trial?** ☐ Yes ☒ No  If yes, give dates and details _____

**Have you been held liable in any civil action by final judgment or any administrative judgment by any public agency within the past seven years?** ☐ Yes ☒ No  If yes, give dates and details _____

**Note:** Answering "Yes" to these questions does not constitute an automatic bar to employment. Factors such as age and time of the offense, seriousness and nature of the violation, and rehabilitation will be taken into account. (Do not include minor traffic infractions, and convictions for which the record has been sealed or expunged, any conviction for which probation has been successfully completed or otherwise discharged and the case has been judicially dismissed, referrals to and participation in any pretrial or posttrial diversion program, and marijuana related offenses that occurred over two years ago in answering these questions.)

**Position Desired:** _____
**Date Available:** IMMED.
**Salary Desired:** _____
**Would you be willing to work overtime?** ☒ Yes ☐ No

**Type of Employment Desired:**
Regular ☐   Full-Time ☒
Temporary ☐   Part-Time ☐

**Days and hours available for work:** _____

Exhibit A