FILED

2004 JAN 14  A 10: 44

UNTED STATES DISTRICT COURT  DISTRICT COURT
DISTRICT OF CONNECTICUT  BRIDGEPORT CT

| | | |
|---|---|---|
| WILLIAM J. MAZE,<br>Plaintiff, | : <br> : <br> : | CIVIL ACTION NO.<br>3:03CV166 (SRU) |
| v. | : <br> : | |
| FINANCIAL FREEDOM SENIOR<br>FUNDING CORP. AND UNITY<br>MORTGAGE CORPORATION, | : <br> : <br> : <br> : | |
| Defendants. | : | JANUARY 13, 2004 |

## CERTIFICATION PURSUANT TO RULE 26(C)

Loraine Cortese-Costa, being duly sworn, certifies as follows:

1.   I am a member of Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C., attorneys for Defendant Financial Freedom in the above-captioned matter.

2.   I make this certification pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in support of Defendant's motion for protective order.

3.   On December 22, 2003, I sent Plaintiff's counsel a copy of the proposed protective order and requested her comments (Exhibit A).

4.   On January 6, 2004, I e-mailed Plaintiff's counsel with a second request for her approval, comments or initiation of a discussion regarding the proposed (Exhibit B).

5.   On January 8, 2004, I telephone Plaintiff's counsel and left a voicemail requesting that she telephone me regarding the proposed protective order.

6.      I have received no reply from Plaintiff's counsel to any of these communications and, on January 7, 2004 received a letter from Plaintiff's counsel in which she queried whether Financial Freedom would produce *all* documents requested pursuant to protective order. I immediately e-mailed her that it was intended, as stated in my December 22 letter, that the proprietary agreements would be disclosed pursuant to protective order. I asked her to confirm promptly whether she would stipulate to the Protective Order or not. I have received no response and attempted to reach her by telephone today and was again unsuccessful.

*[signature]*
Loraine M. Cortese-Costa

Sworn and subscribed to before me
this 13th day of January 2004.

*[signature]* Jane P. DeFelice
Notary Public
Commission Expires 3/31/07

P:\lit\LCC\311750\002\00037735.DOC

## **CERTIFICATION**

This is to certify that a copy of the foregoing, was caused to be mailed, via U. S. Mail, postage prepaid, the 14th day of January, 2004, to all counsel and pro se parties of record:

Valerie E. Maze, Esq.
1465 E. Putnam Avenue #111
Old Greenwich, CT 06870

_____
Loraine M. Cortese-Costa

# EXHIBIT A

# DURANT, NICHOLS, HOUSTON, HODGSON & CORTESE-COSTA, P.C.

Loraine M. Cortese-Costa**
Natale V. Di Natale**
E. Terry Durant*
Lisa Grasso Egan
Christopher M. Hodgson
Donald F. Houston
David J. Kelly**
Pamela J. Coyne
Peter Dagostine

Also admitted in Virginia*
Also admitted in New York**

ATTORNEYS AT LAW

1057 Broad Street
Bridgeport, Connecticut 06604-4219
Tel. (203) 366-3438      Fax (203) 384-0317
www.durantnic.com

Of Counsel
George N. Nichols

Paralegals
Clara Cuneo Koczi
Megan L. Krom

December 22, 2003

Valerie E. Maze, Esq.
1465 E. Putnam Avenue, #111
Old Greenwich, CT 06870

  Re: William Maze v. Financial Freedom Senior Funding Corp.
    <u>Civil Action No. 3:03CV166 (SRU)</u>

Dear Attorney Maze:

  I am in receipt of your motion to compel and wanted to clarify a few issues in an attempt to narrow what the Court must address.

  With respect to the amount of the commissions paid on certain loans specified in your interrogatories, I have given you all the information that Financial Freedom has regarding these loans including the loan amounts. Efforts to locate the commission amounts paid have been unsuccessful as I previously informed you. Presumably, Plaintiff has some idea what the commission amount claimed is based upon the loan amounts provided you.

  With respect to Interrogatories 10, 12, 13, 14, 18 and Requests For Production 10, 12 and 13, I had agreed to check with my client regarding whether any of this information was provided to Financial Freedom by Unity and is still available. It was not. The information available to Financial Freedom has been provided to you.

  With respect to those discovery requests for which the asset purchase and related agreements are responsive, I was completely up front with you regarding the proprietary concerns involved absent Unity as a party to this suit. I thought the issue had been resolved when you finally moved to join Unity as a party and I agreed to provide the documents once Unity was served (I did not foresee service being an issue for you). You have apparently now decided to "dismiss" Unity as a party, however, attached is Financial Freedom's Answer to the Second Amended Complaint with Cross-Complaint against Unity. Once I have served Unity with the Cross-Complaint and notified it that you have moved to compel production of the

agreements, I will provide the relevant documents to you pursuant to a protective order. I have attached a draft protective order and request your comments.

With respect to Interrogatory 5, although I certainly disagree with your characterization of the request as even potentially relevant, attached is the list of loans for which Jeannie Ehrlich was paid a commission in 2001 and 2002. Since you already have a listing of all loans closed in Connecticut during that time period, you should have no trouble determining what, if any, loans in Connecticut Ms. Ehrlich was paid commissions on.

With respect to Interrogatory 11, if you really believe this information has any bearing whatsoever on any issue in this lawsuit, which I fail to see, please let me know and I will recommend to my client that they make their thousands of loan files available for your inspection as they are kept in the regular course of business.

Finally, during our discovery conference you had agreed to get back to me with respect to Plaintiff's failure to produce requested tax returns and resumes. I have never heard back from you. Kindly provide those documents at your earliest convenience.

Please let me know if you have any questions or if you believe further discussion could resolve any other outstanding issue.

Very truly yours,

Loraine M. Cortese-Costa

LMCC:hbb
P:\general\lcc1\311750\002\00037420.DOC

UNTED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM J. MAZE,<br>Plaintiff, | : CIVIL ACTION NO.<br>: 3:03CV166 (SRU) |
| v. | : |
| FINANCIAL FREEDOM SENIOR<br>FUNDING CORP. AND UNITY<br>MORTGAGE CORPORATION, | : |
| Defendants. | : DECEMBER ___, 2003 |

## PROTECTIVE ORDER/ORDER OF CONFIDENTIALITY

WHEREAS, certain discovery requests, depositions and other proceedings in connection with the above-captioned action ("Action") have required or may require the disclosure of certain confidential and/or proprietary information and/or information which may be protected and/or confidential including but not limited to any personal information regarding customers; business information; personnel information; and proprietary agreements between the Defendants particularly the Asset Purchase and related agreements ("Confidential Information").

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1     Such Confidential Information shall not be disclosed to anyone other than the follows:

        a.     the Court and relevant personnel employed by the Court;

      b.      court reporters who record or transcribe testimony in this case;

      c.      counsel to the parties, including legal assistants and clerical or other support staff;

      d.      expert witnesses for each party, and

      e.      the parties Action.

2.      Any Confidential Information produced pursuant to Court order shall also be subject to this Order.

3.      All persons authorized by this Order to receive Confidential Information shall maintain such information as confidential in accordance with this Order. Confidential Information may be used only in the prosecution or defense of this Action and not for any other purpose, including without limitation any purpose relating to other actions or claims against the defendants.

4      If any Confidential Information is to be filed with the Court, the parties agree to limit the filing to only those parts of the Confidential Information reasonably believed necessary for the intended purpose. Prior to the filing of any motions or the commencement of any hearing or trial of this matter, the undersigned agree to discuss the means to preserve the confidentiality of any Confidential Information which may be presented in conjunction with any such motion or

at any such hearing or trial of the Action, and to seek a supplemental Order from the court accordingly. Nothing in this Order shall be construed to waive or prejudice the right of any party to object to the production or admission of any document or information in this action, including at any hearing or trial. Similarly, nothing in this Order shall be construed to waive or prejudice the right of any party to offer into evidence any such document or information at any hearing or at trial.

5.  If either party and/or their counsel is served with a subpoena or other compulsory process from a third party seeking production or other disclosure of Confidential Information, the party from whom discovery is sought and their counsel agree to give written notice to counsel for the other party within two (2) business days after receipt of the subpoena or other compulsory process, identifying the Confidential Information sought and enclosing a copy of the subpoena or other compulsory disclosure. Unless the other party consents in writing to compliance by the party from whom discovery is sought with the subpoena or other compulsory disclosure, that party's counsel shall object to the production or disclosure of the requested information on the grounds that such disclosure is prohibited by this Order.

6.  Upon the final termination of this action, including appeals, each party shall return all Confidential Information, including all copies within the party's control or the control of those to whom the party has distributed any such documents, to counsel for the party to whom the confidential documents pertain or shall certify that all such documents have been destroyed.

Notwithstanding the foregoing, the parties may retain all pleadings, briefs or documents containing their work product that refer to or incorporate Confidential Information, and will continue to be bound by the terms of this Order with respect to any such information.

7. The provisions of this Order may be modified at any time by stipulation of the parties as approved by the Court. In addition, a party or non-party may at any time apply to the Court for modification of this Order.

8. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further protective order relating to confidential information or documents; or to object to the production of documents or to apply to the Court for an Order compelling production; or to apply to the Court for modification of this Order.

Done at Bridgeport, Connecticut, this ___ day of December, 2003.

_____
Loraine M. Cortese-Costa
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT 06604
203-366-3438
Federal Bar No. ct03984

ATTORNEYS FOR FINANCIAL FREEDOM

## CERTIFICATION

This is to certify that a copy of the foregoing, was mailed, via U. S. Mail, postage prepaid, this ___ day of December, 2003, to all counsel and <u>pro se</u> parties of record:

Valerie E. Maze, Esq.
1465 E. Putnam Avenue #111
Old Greenwich, CT 06870

                                                             Loraine M. Cortese-Costa

P:\lit\LCC\311750\002\00037483.DOC



# EXHIBIT B

## Loraine Cortese-Costa

**From:** Loraine Cortese-Costa
**Sent:** Tuesday, January 06, 2004 2:25 PM
**To:** 'VEMaze@aol.com'
**Subject:** Protective Order

Hello Attorney Maze and Happy New Year. Did you have any comments with respect to the proposed protective order I sent you or may I submit it to the Court for entry? If you would like to discuss it, please give me a call. Thank you. Loraine Cortese-Costa

1/8/2004