UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2004 FEB -6  P 12: 05

WILLIAM J. MAZE                :
                               :    CASE NO:
V.                             :    303CV166 (SRU)
                               :
                               :
FINANCIAL FREEDOM SENIOR       :
FUNDING CORP.                  :    February 4, 2004

**PLAINTIFF'S OBJECTION TO MOTION FOR EXTENSION OF TIME**

The plaintiff objects to the defendant's motion for extension of time to serve motion for summary judgment for the following reasons:

1. As defendant recites in the motion, this motion for extension dated January 29, 2004 is the *third* such filed.

2. The time for serving a motion for summary judgment under the court's scheduling order, as agreed to by the parties, has passed.

3. The plaintiff filed a written request for the scheduling of a settlement conference (pursuant to the parties' agreement as set forth in the parties' planning report) which request has been ordered by the court on January 15, 2004. The scheduling of a settlement conference is now pending and such conference may render the filing, and any response to, a motion for summary judgment unnecessary.

4. If there is no settlement at the conference the plaintiff requests that trial be scheduled.

5. The defendant's representation in its motion that plaintiff has added "two new claims" that must be "researched" as a basis for the motion for an extension is misleading at best. See copy of plaintiff's Supplemental Initial Disclosures attached hereto. The claims asserted in the damages analysis are reflect only those claims those set forth in the operative complaint. The only two new items disclosed in the Supplemental Disclosure are two new reverse mortgages amounts referenced in the Supplemental Disclosures--that have never been itemized in the complaint or amended complaint--which were added based on a list of mortgages not produced by defendant until November 4, 2003. There are no new legal claims.

6. He who seeks equity must do equity. The defendant in this case continues to conduct this litigation inequitably. Plaintiff was forced to file a motion to compel disclosure based on defendant's spurious objections to the plaintiff's first discovery request. A motion is currently pending concerning that issue. Plaintiff has now been forced to file a second motion for order compelling compliance with the second discovery request. See motion dated February 4, 2004 filed herewith. Financial Freedom

should not be allowed to refuse to comply with its discovery obligations and then attempt to obtain summary judgment against plaintiff all the while withholding documents properly sought. An appropriate sanction for defendant's discovery abuse is, *inter alia*, the preclusion of a filing of a motion for summary judgment.

WHEREFORE plaintiff objects to the defendant's third motion for extension of time in which to file a motion for summary judgment.

THE PLAINTIFF

BY HIS ATTORNEY
Valerie E. Maze
1465 E. Putnam Avenue
Unit 111
Old Greenwich, CT 06870
(CT14080)
Tel: (203) 698 1509

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

WILLIAM J. MAZE

V.

FINANCIAL FREEDOM SENIOR
FUNDING CORP.

CASE NO:
303CV166 (SRU)

January 25, 2004

### PLAINTIFF'S SUPPLEMENTAL DISCLSOSURE

The plaintiff hereby supplements his initial disclosures to defendant as follows:

2. **A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of plaintiff that the plaintiff may use to support its claims, unless solely for impeachment:**

   A. *Description by category: Reverse mortgages known to plaintiff to date granted to Financial Freedom Senior Funding Corp. by senior homeowners as a result of leads generated by plaintiff:*

   Based on defendant's partial disclosures up to present, plaintiff supplements paragraph 2 A of his previous disclosure as follows:

   Mortgage from Loretta Pipicelli granted to Financial Freedom Senior Funding Corp. in the amount of $344,850.00 recorded at Book 3676, page 189 of the Greenwich Land Records, 10/9/01

   Mortgage from Rafella Vizzari granted to Financial Freedom Senior Funding Corp. in the amount of $599,400.00 recorded at Book 3694, page 189 of the Greenwich Land Records, 11/7/01

Mortgage from Adelaide Stowell granted to Financial Freedom Senior Funding Corp. in the amount of $644,900.00 recorded at Book 3695, page 76 of the Greenwich Land Records, 11/8/01

Mortgage from Genevieve Walsh granted to Financial Freedom Senior Funding Corp. in the amount of $542,334.00 recorded at Book 4004, page 16 of the Greenwich Land Records, 10/25/02

Mortgage from Svea Schnabel to Financial Freedom Senior Funding Corp. in the amount of $692,998.00 recorded at Book 4007, page 297 of the Greenwich Land Records, 10/29/02

Mortgage from Claire B. Hirt granted to Financial Freedom Senior Funding Corp. in the amount of $344,850.00 recorded at Book 5763, page 1 of the Stamford Land Records, 5/1/01

Mortgage from Felicity A. Hoffecker granted to Financial Freedom Senior Funding Corp. in the amount of $111,506.24 recorded at Book 5898, page 323 of the Stamford Land Records, 8/20/01

Mortgage from Margaret Y. Brondo granted to Financial Freedom Senior Funding Corp. in the amount of $330,000.00 recorded at Book 6197, page 32 of the Stamford Land Records, 4/11/02

Mortgage from Sophie Parker granted to Financial Freedom Senior Funding Corp. in the amount of $356,250.00 recorded at Book 6274, page 265 of the Stamford Land Records, 6/7/02

Mortgage from Huitgreen in the amount of $561,450.00 dated 12/14/01 and recorded _____ in volume___ at page _____ of the Greenwich Land Records.

Mortgage from Halka in the amount of $169,727.66 dated June 27, 2002 and recorded July 2, 2002 in volume___ at page _____ of the Greenwich Land Records.

Plaintiff reserves the right to discovery, and use in support of his claims, all other such reverse mortgages not yet known to plaintiff which were generated as a result of plaintiff's efforts.

3. **A computation of any category of damages claimed by the disclosing party, making available for inspection and copying the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:**

Plaintiff provides the following computation based on current information and belief:

(i) Economic damages in the amount of $ 360,000.00 based on: Twice the amount of commissions plaintiff likely would have earned as Reverse Mortgage Specialist for 2001, 2002 and 2003[1] but for improper termination and/or unfair and deceptive trade practices and including approximately $72,000.00, the amount comprising twice the approximate amount of commissions plaintiff was due on the following specific known reverse mortgages referenced in response to 2A for which plaintiff generated leads and which Financial Freedom subsequently closed: Brondo, Schnabel, Pipicelli, Vizzari, Stowell, Walsh, Hirt, Hoffecker, Parker, Huitgreen and Halka;

(ii) plus $1,241.64 for plaintiff's business costs -- lists of elderly homeowners; tax-abatement recipients obtained from Town of Greenwich and City of Stamford by plaintiff's freedom-of-information requests and follow-up ($74.) Cost of postage for reverse mortgage mailing cards ($396); cost of printing color reverse mortgage mailing cards ($225); Federal Express charges for reverse mortgage mailing cards - printer ($33.94); mailing labels ($58.30); cost of installation of Financial Freedom software for use in course of business of marketing for Financial Freedom ($332.00); upgrade re plaintiff's installation of Financial Freedom software ($122.40); plus

(ii) Non-economic damages of $10,000.00 for emotional distress; plus

---

[1] The defendant Financial Freedom has objected to providing the amounts of annual median commissions paid to its reverse mortgage specialists. See defendant's objections to plaintiff's second discovery request. Based on the disclosure as to the two full-time reverse mortgage specialists, Mr. Avela and Mr. Harrison, that has been provided as to commissions they were paid by Financial Freedom, it appears that the lower amount of the two per annum is approximately $60,000.00 per annum. Plaintiff's claim is thus 3 x $60,000.00 = $180,000 x 2 pursuant to C.G.S. section 31-72h (permitting twice the amount of compensation deprived /or double damages for unfair or deceptive trade practices pursuant to C.G.S. section 42-100g) = $360,000.00.

  (iii) Punitive damages in an amount equal to the plaintiff's attorney's fees; plus

  (iv) Attorney's fees in the amount of one-third of plaintiff's total recovery; plus

  (v) Double litigation costs in amount of approximately $1,500.000 pursuant to C.G.S.§31-72 and C.G.S. §52-245; plus

  (vi) Prejudgment interest on the foregoing; plus

  (vii) Interest for wrongful detention of funds with respect to the commission fees due on the following known reverse mortgages subsequently closed by Financial Freedom: Brondo, Schnabel, Pipicelli, Vizzari, Stowell, Walsh, Hirt, Hoffecker, Parker, Huitgreen and Halka.

*Plaintiff reserves the right to amend and supplement this response up to the time of trial and following judicial resolution of discovery compliance issues.*

        THE PLAINTIFF

        By: _____
          Valerie E. Maze
          Fed. Bar No. CT14080
          1465 E. Putnam Avenue
          Old Greenwich CT
          06870
          Tel: (203) 698 1509

Certification

This is to certify that the foregoing was sent via certified first-class U.S. mail on January 26, 2004 to:

Lorraine M. Cortese-Costa, Esq.
DURANT, NICHOLS HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT   06604

_____
Valerie E. Maze

## CERTIFICATION

I hereby certify that on the 5th of day of February, 2004, the foregoing was sent to:

Lorraine M. Cortese-Costa, Esq.
DURANT, NICHOLS HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
Bridgeport, CT  06604

*Valerie E. Maze*