UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

WILLIAM J. MAZE                        :            2004 FEB -b  P 12: 05

                                       :            CASE NO:
V.                                     :            303CV166 (SRU)
                                       :
                                       :

FINANCIAL FREEDOM SENIOR               :
FUNDING CORP.                          :            February 4, 2004

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR ORDER COMPELLLING DISCLOSURE

Pursuant to Rule 37(a)(2) of the Federal Rules of

Civil Procedure and Rule 37(a)(2) of the  Local Rules of

Civil Procedure for the District of Connecticut, the

plaintiff moves for an order compelling the defendant

Financial Freedom Senior Funding Corp. ("Financial

Freedom") to make certain disclosures and provide

inspection to the plaintiff and, failing such disclosure,

for the entry of a judgment of default against Financial

Freedom.

### I.  Nature of the Case

Financial Freedom is in the business of offering

reverse mortgage financing to consumers in the State of

Connecticut.  See Answer and Affirmative Defenses dated

September 2, 2003 admitting relevant allegations of First

Amended Complaint dated July 10, 2003 ¶6.  The plaintiff

entered into an agreement whereby plaintiff, as a "Reverse

Mortgage Specialist," would generate leads for reverse mortgage loans in Connecticut and be paid certain commission fees as a result of loans closed due to those leads generated. This agreement was arranged with Jeanine Ehrlich who was the Regional Manager for Unity Mortgage Corp. and then Regional Manager for Financial Freedom. Financial Freedom purchased the reverse mortgage assets of Unity Mortgage Corp. This transaction apparently was effective in November 2000. The plaintiff expended great efforts and expense as a Reverse Mortgage Specialist to generate leads for reverse mortgage loans including, among other things, printing and mailing a mass mailing to targeted senior homeowners receiving property tax abatements whose names were obtained by plaintiff pursuant to freedom-of-information requests. Ms. Ehrlich, as Regional Manager for Financial Freedom, terminated the plaintiff's agreement in early 2001. Subsequent thereto, Financial Freedom closed on nine reverse mortgage loans with seniors in Connecticut targeted by plaintiff and to whom plaintiff had sent the mass mailing. Plaintiff's complaint asserts various causes of action arising out of this termination. Financial Freedom denies it had any obligation to pay compensation to plaintiff. Answer and Affirmative Defenses dated September 2, 2003 ¶ 24.

Financial Freedom asserts by way of affirmative defenses
that plaintiff has failed to join an indispensable party,
namely, Unity Mortgage Corp., a failure to state a claim
upon which relief can be granted, and failure of
jurisdiction.  Answer and Affirmative Defenses dated
September 2, 2003.

### Listing of Each Item of Discovery Sought and Opposed

The plaintiff's second discovery request was
prompted by a line of questioning of plaintiff by
defendant's counsel at plaintiff's deposition which had
recently been completed.  In the Second **PLAINTIFF'S SECOND
SET OF INTERROGATORIES AND SECOND REQUEST FOR PRODUCTION**
dated October 14, 2003 plaintiff served five
interrogatories and one request for production as follows:

Interrogatories

1.    Please identify by name, title, address and
employer, each individual answering these
interrogatories.

2.   If you deny the plaintiff generated the leads for
each of the Nine Financial Freedom Reverse Mortgage
Loans, please identify the person who you claim did
generate the lead for each.

3.    As to each of the Nine Financial Freedom Reverse
Mortgage Loans, describe the precise manner in which
each lead was generated and the date the lead was
generated.

4.   State the median annual gross earnings paid by
Financial Freedom to its full-time reverse mortgage

specialists, or persons with equivalent titles, in New
York state for
a.   2001;
b.   2002;
c.   2003 (to date).

5.   State the median annual gross earnings paid by
Financial Freedom to its full-time reverse mortgage
specialists, or persons with equivalent titles, in the
state of Connecticut for.

a.   2001;
b.   2002;
c.   2003 (to date).

Request for Production

1.   Other than documents disclosed by plaintiff to
defendant in this course of this litigation, any and
All documents in the possession, custody or control of
Financial Freedom or its agents/ employees relating to
the generating of the leads of the Nine Financial
Freedom Reverse Mortgage Loans.


**Defendant's objections:**

On November 6, 2003 defendant filed the general

objection attached hereto.


**Why the items should be allowed:**

These interrogatories seek vital information from

defendant:  If defendant denies the plaintiff generated the

leads on the particular reverse mortgages as to which

plaintiff claims he is entitled to commission, plaintiff

seeks discovery as to who it is that defendant claims did

generate the leads on certain reverse mortgages and how

those leads were generated (interrogatories 2 and 3). This

information is needed to contact possible witnesses.

Interrogatory 4 seeks information needed by plaintiff for calculating damages. Without it, plaintiff has been limited to what partial disclosures defendant has chosen to make as to certain commissions paid for certain periods in a letter from defendant's counsel dated November 4, 2003 without any certification from Financial Freedom.

The Court's scheduling order indicated a discovery cut-off date of October 31, 2003.  Defendant interposed the GENERAL OBJECTION dated November 6, 2003 attached hereto, relying on Edberg v. CPI, 2000 WL 1844651 (D.Conn. 2000) for the asserted proposition that responses to discovery requests are not required to be made after the discovery cutoff or permitted absent court approval.  Edberg does not, however, stand for that proposition.  At the outset it should be noted that Edberg involved the question whether the ruling of the United States Magistrate Judge in interpreting the Court's Scheduling Order in that case was clearly erroneous.  The Court held the ruling was not clearly erroneous given the procedural posture in that particular case. No general rule of the type defendant hopes to extrapolate can properly be extrapolated from that limited ruling in that specific case.  In addition, the

procedural posture before the Magistrate in <u>Edberg</u> is wholly distinguishable from this case in multiple respects:

1) The scheduling order in <u>Edberg</u> involved a "compressed schedule" which contained an order that the parties had to work "diligently and reasonably to resolve discovery disputes…"    There is no compressed schedule with a specific order of that type in the instant case.

2)    The court's decision upholding the Magistrate's decision in <u>Edberg</u> turned on the use of the term "completed," i.e., the court's scheduling order specified that discovery shall be "completed by December 1, 1999" in that case.   The discovery request at issue in <u>Edberg</u> was dated only seven days before the "completion" date specified in the scheduling order.   In this case, by contrast, the court did not enter a discovery "completion" date –– we had a discovery cut-off date without any specification as to "completed not propounded" as is often seen in other federal cases.   Plaintiff's second discovery request was served approximately two weeks before that cut off date.

3)    It was of enormous significance to the Court in the <u>Edberg</u> case that plaintiff's counsel had specifically represented in a conference with the court that discovery *was* complete except for a deposition; despite that

representation to the court, plaintiff subsequently served a written discovery request. In this case, there was no such representation made to counsel or the court about discovery being complete.

4) Nothing in <u>Edberg</u> states that court permission is always required to serve a discovery request before a discovery cut-off date as defendant claims.

Based on the foregoing, the defendant's objection should be overruled and compliance with the October 14, 2003 discovery request should be required. To the extent the court finds plaintiff erroneously interpreted the term cut-off date and was required to obtain the court's approval before serving the second discovery request, the plaintiff hereby respectfully seeks that permission.

THE PLAINTIFF

BY HIS ATTORNEY
Valerie E. Maze
1465 E. Putnam Avenue
Unit 111
Old Greenwich, CT 06870
(CT14080)
Tel: (203) 698 1509

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM J. MAZE,                    :        CIVIL ACTION NO.
                                    :        3:03CV166 (SRU)
    Plaintiff,                   :
                                    :
V.                                  :
                                    :
FINANCIAL FREEDOM SENIOR            :
FUNDING CORP.,                      :
                                    :
    Defendant.                   :        NOVEMBER 6, 2003

### DEFENDANT'S OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION

Pursuant to Rule 33 and 34 of the Federal Rules of Civil Procedure, the defendant, by and through undersigned counsel, objects to the Plaintiff's Second Set of Interrogatories and Requests for Production as follows.

GENERAL OBJECTION:    Defendant objects to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents because they call for responses to be made after the discovery cutoff in this case of October 31, 2003.  Plaintiff's discovery was postmarked October 14, 2003, calling for response on November 17, 2003 (*see* Fed. R. Civ. P. 6(a) and (e)). Responses to discovery requests are not required to be made after the discovery cutoff or permitted absent Court approval. *See Edberg v. CPI*, 2000 WL 1844651 (D. Conn. 2000) (copy attached); D. Conn. Local Rule 38, Appendix, Form 26(f) Report of Parties' Planning Meeting (discovery cutoff is date by which discovery must be completed not propounded).  The federal

rules provide that the parties may not even stipulate to providing discovery after the cutoff absent Court approval which was not sought by the Plaintiff in the instant action. *See* Fed. R. Civ. P. 29.

## INTERROGATORIES

1.      Please identify by name, title, address and employer, each individual answering these interrogatories.

OBJECTION: See General Objection.

2.      If you deny the plaintiff generated the leads for each of the Nine Financial Freedom Reverse Mortgage Loans, please identify the person who you claim did generate the lead for each.

OBJECTION: See General Objection.

3.      As to each of the Nine Financial Freedom Reverse Mortgage Loans, describe the precise manner in which each lead was generated and the date the lead was generated.

OBJECTION: See General Objection.

4.      State the median annual gross earnings paid by Financial Freedom to its full-time reverse mortgage specialists, or persons with equivalent titles, in New York State for

     a.      2001;  b.      2002;  c.      2003 (to date).

OBJECTION: See General Objection.

5.      State the median annual gross earnings paid by Financial Freedom to its full-time reverse mortgage specialists, or persons with equivalent titles, in the state of Connecticut for

a.    2001;  b.    2002;  c.    2003 (to date).

OBJECTION:  See General Objection.

## REQUESTS FOR PRODUCTION

1.    Other than documents disclosed by plaintiff to defendant in this [sic] course of this litigation, any and all documents in the possession, custody or control of Financial Freedom or its agents/employees relating to the generating of the leads of the Nine Financial Freedom Reverse Mortgage Loans.

OBJECTION:  See General Objection.

Done at Bridgeport, Connecticut this 6th day of November, 2003.

Loraine M. Cortese-Costa
Durant, Nichols, Houston, Hodgson
& Cortese-Costa, PC
1057 Broad Street
Bridgeport, CT 06604
(203) 366-3438
Federal Bar No. ct03984

ATTORNEYS FOR DEFENDANT

3

2000 WL 1844651
(Cite as: 2000 WL 1844651 (D.Conn.))

Page 1

Only the Westlaw citation is currently available.

United States District Court, D. Connecticut.

EDBERG, et al
v.
CPI, INC.

No. 398CV716(JBA).

Nov. 22, 2000.

*MEMORANDUM OF DECISION ON
DEFENDANT'S OBJECTION TO DISCOVERY
ORDER OF
MAGISTRATE JUDGE MARGOLIS [DOC. # 66-1, #
66-2]*

ARTERTON, J.

*1 By Complaint filed April 16, 1999, plaintiffs commenced this patent infringement suit under 35 U.S.C. § 101 *et. seq.* Defendant asserts affirmative defenses of non-infringement, patent-in-suit invalidity and unenforceability, estoppel, laches and *res judicata,* and counterclaims for a declaratory judgment on non- infringement, invalidity and unenforceability. On May 7, 1999, after colloquy with counsel on the record, the Court entered a scheduling order pursuant to Fed.R.Civ.P. 16(b), requiring fact discovery to be completed by December 1, 1999. On March 23, 2000, plaintiffs filed their Motion to Compel Answers to Interrogatories, the Production or Inspection of Documents and Responses to Requests for Admissions [doc. # 53]. Defendant had interposed an objection of untimeliness to this discovery under this scheduling order by counsel's letter and thereafter by formal objection, because plaintiffs' discovery was not served until November 23, 1999 and thus could not be complied with by the December 1, 1999 discovery completion date. This Motion was referred to the Magistrate Judge for ruling, which was issued June 22, 2000 [doc. # 65].

Defendant CPI objects to the Magistrate Judge's Ruling overruling its timeliness objection. Specifically, CPI claims clear error in the Magistrate Judge's conclusion that plaintiffs' construction of the Court's Scheduling Order [doc. # 35] that "[f]act discovery shall be completed by December 1, 1999" was reasonably understood to establish the date by which plaintiffs' discovery was required to be served.

In a pre- motion conference held with this Court on November 17, 1999, plaintiffs' counsel had represented that plaintiffs' fact discovery was complete except for a Rule 30(b)(6) deposition, which had been unable to be taken until after the December 1, 1999 fact discovery completion date. Several days later, plaintiffs served additional written discovery on defendant, which became the subject of plaintiffs' motion to compel.

The operative language of the Scheduling Order in dispute is the phrase "fact discovery shall be completed by ...". No caselaw exists construing the meaning of "completed" in a scheduling order. Undoubtedly this is so because such construction has been heretofore unnecessary. "Completed" is a word commonly used in scheduling orders for its commonly accepted meaning, which is specifically clarified in D. Conn. Local Rule 38, Appendix, Form 26(f) Report of Parties' Planning Meeting, used in this District since July 1, 1998. This Appendix is the form required for reporting the parties' planning conference results under Local Rule 38. ("... [T]he participants shall jointly complete and file a report in the form prescribed by Form 26(f), which appears in the Appendix to the Rules.") Section V.E. of Form 26(f) Report of Parties' Planning Meeting, "Discovery," ¶ 2 states, in part: "All discovery, including depositions of expert witnesses pursuant to Fed.R.Civ.P. 26(b)(4), will be commenced by [date] and completed (*not propounded* ) by [date]." (emphasis added) The phrase "completed by" is thereafter reiterated in the form in reference to early discovery and depositions. Section V.E. ¶ ¶ 7, 8 reference "deadline for completing all discovery" and the "discovery cutoff date."

*2 The verb "complete" means "to bring to an end," "to make whole, entire or perfect," "to mark the end of." *Webster's Third New International Dictionary, Unabridged* (1993). In common litigation parlance, "completed" means 'to finish'; it does not mean to *begin* to bring to an end, as propounding or serving discovery does.

Thus, the term "completed" with reference to a discovery schedule is not reasonably amendable to a definition of "propounded," since it is the *parties'* discovery, not just one side's discovery, which has been scheduled to be completed, thus enabling the case to move on to the next scheduled phase. If one party does not propound its written discovery at least 30 days prior to the ordered completion date, the other party is deprived of its 30 day response period

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

2000 WL 1844651
(Cite as: 2000 WL 1844651, *2 (D.Conn.))

under Fed.R.Civ.P. 33(b), 34(b), and 36(a). While some Districts have adopted Local Rules which expressly state that discovery cutoff means that date by which responses to written discovery is due and by which depositions are to be completed (*see,* Local Rules cited in Pl.'s Mem. in Support of Pl.'s Mot. to Compel, doc. # 54, p. 4), the absence of such specification in a Local Rule does not connote a rejection of this meaning. The Judges of this District have uniformly utilized this phraseology-- "discovery shall be completed"- - to mean just that, and have memorialized this meaning in Local Rule 38 and its appendix form.

Plaintiffs' interpretation of the date for completing discovery as not in actuality meaning December 1, 1999, as ordered, but whenever the 30 days response period expired, is nonsensical. The purpose of scheduling orders is to schedule litigation events sequentially, in order to achieve case disposition in an orderly and predictable manner. Plaintiffs' rationale would defeat this scheduling objective, particularly under this tight Scheduling Order, which additionally scheduled expert disclosures for February 1, 2000 and expert discovery completion by July 1, 2000. It specifically noted that "under this compressed schedule, it is imperative that the parties work diligently and reasonably to resolve discovery disputes, reserving for judicial determination only those discovery issues which cannot be resolved in light of existing law and professional legal experience."

The parties' original 26(f) Planning Report [doc. # 30] filed April 1, 1999, also uses the term "completed." ("Completion of Fact Discovery: July 30, 2000 ... Completion of expert discovery December 1, 2000," ¶ 3.) It makes no reference to service of fact discovery, and plaintiffs point to nothing in the Report suggesting that service of discovery was within their contemplation in preparing the Report. Tellingly, plaintiffs make no parallel argument that the order requiring "completion of expert discovery" would be satisfied by serving notices of expert depositions, and the parties' report states "[t]he depositions will commence as soon as practicable and be completed by July 30, 2000," ¶ 5.

*3 The Court reconsiders a decision on pretrial matters such as this Magistrate Judge's Ruling only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). The Court concludes that the meaning of its order was evident on its face, and not amenable to plaintiffs' interpretation, in light of its purpose, and by reference to Rule 38 and its appended Form 26(f) Parties' Planning Report, which the parties were required to follow.

Conclusion

Thus, the Magistrate Judge's conclusion that plaintiffs' construction of the Scheduling Order requirements was reasonable was clearly erroneous. Defendant's Objection to Discovery Order of Magistrate Judge [doc. # 66- 1] is SUSTAINED and Plaintiffs' Motion to Compel Responses to their untimely discovery [doc. # 65] is DENIED.

2000 WL 1844651, 2000 WL 1844651 (D.Conn.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

## CERTIFICATION

This is to certify that I have cause to be served on the 6th day of November, 2003, the

above and foregoing, via U.S. Mail, to all counsel and pro se parties of record:

Valerie E. Maze, Esq.
1465 E. Putnam Avenue
Unit 111
Old Greenwich, CT 06870

_Loraine M. Cortese-Costa_
Loraine M. Cortese-Costa

P:\lit\CTC\311750\002\00036685.DOC

4

CERTIFICATION

I hereby certify that on the ___5___ th day of February 2004, the foregoing was sent to:

Lorraine M. Cortese-Costa, Esq.
DURANT, NICHOLS HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
Bridgeport, CT 06604

Valerie E. Maze

8