UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

FILED

2004 FEB -6  P 12: 05

WILLIAM J. MAZE                :

V.                            :      CASE NO:  US DISTRI...
                              :      303CV166 (SRU)

FINANCIAL FREEDOM SENIOR      :
FUNDING CORP.                 :      February 4, 2004

## COUNSEL'S RULE 37(a)(2) AFFIDAVIT

Pursuant to Rule 37(a)(2) of the Local Rules of Civil

Procedure for the District of Connecticut, plaintiff's

counsel hereby certifies that, on January 25, 2004, she

wrote to counsel for defendant Financial Freedom Senior

Funding Corp. ("Financial Freedom"), Attorney Cortese-

Costa, attempting in good faith a discussion of the

defendant's objections to the plaintiff's second discovery

request dated October 14, 2003  in a good faith effort to

eliminate or reduce the area of controversy, and to arrive

at a mutually satisfactory resolution.  See copy of letter

dated January 25, 2004 attached hereto.  Defendant's

counsel has returned to plaintiff the refusal to discuss

the objections set forth in the letter of Attorney Loraine

M. Cortese-Costa dated January 29, 2004 attached hereto.

Counsel thus have conferred in good faith to resolve by

agreement the issues raised by the motion without the

intervention of the Court and were unable to reach such an

agreement as to the particular issues identified in

plaintiff's motion for order of compliance filed herewith.

Defendant's counsel's letter indicates defendant has no

intention of negotiating concerning the objections filed.

Valerie E. Maze
Attorney for the
Plaintiff
1465 E. Putnam Avenue
Unit 111
Old Greenwich, CT 06870
(CT14080)
Tel: (203) 698 1509

# DURANT, NICHOLS, HOUSTON, HODGSON & CORTESE-COSTA, P.C.

Loraine M. Cortese-Costa**
Natale V. Di Natale**
E. Terry Durant*
Lisa Grasso Egan
Christopher M. Hodgson
Donald F. Houston
David J. Kelly**
Pamela J. Coyne
Peter Dagostine

*Also admitted in Virginia*
*Also admitted in New York***

**ATTORNEYS AT LAW**

1057 Broad Street
Bridgeport, Connecticut 06604-4219
Tel. (203) 366-3438       Fax (203) 384-0317
www.durantnic.com

Of Counsel
George N. Nichols

Paralegals
Clara Cuneo Koczi
Megan L. Krom

January 29, 2004

Valerie E. Maze, Esq.
1465 E. Putnam Avenue, #111
Old Greenwich, CT 06870

Re:    **William Maze v. Financial Freedom Senior Funding Corp.**
       **Civil Action No. 3:03CV166 (SRU)**

Dear Valerie:

I received today your correspondence dated January 25 with reference to the above matter.

With respect to your assertions regarding the untimeliness of Plaintiff's second set of discovery, my objection in November of 2003, as specifically pointed out therein, is based upon my experience with many of the Judges in this District who uphold the rule that discovery cutoff (or completion) dates cannot be extended simply by agreement of counsel and that extensions must be requested from the Judge. If you had, as my November 2003 objection suggested, sought an extension from the Judge, I likely would have consented at that time. I certainly will not consent to any extension now, over two months later.

With respect to your extremely late (and nonresponsive) disclosure of Plaintiff's income information, you may redact the spousal information from the tax returns but I want copies. I also want complete copies of the W-2s and 1099s which do not reveal any spousal information.

Very truly yours,

Loraine M. Cortese-Costa

Enclosures
P:\general\LCC\311750\002\00038117.DOC

## CERTIFICATION

I hereby certify that on the ___5___ th day of February

2004, the foregoing was sent to:

Lorraine M. Cortese-Costa, Esq.
DURANT, NICHOLS HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
Bridgeport, CT  06604


_____
Valerie E. Maze

# Valerie E. Maze
**Attorney-at-Law**
1465 E. Putnam Avenue, # 111
Old Greenwich, CT 06870
Tel: (203) 698-1509; e-mail: VEMaze@aol.com

January 25, 2004

Lorraine M. Cortese-Costa, Esq.
DURANT, NICHOLS HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT 06604

Re: William Maze v. Financial Freedom Senior Funding Corp.

Dear Attorney Cortese-Costa (Lorraine):

Thank you for the additional partial information provided in your letter dated January 15, 2003 as to the origination fees paid on seven of the loans. We must reserve our rights to move for sanctions given the extremely late (and partial) disclosure.

We have done our best to compute a damages analysis at this point based on the information provided. See enclosed.

This is an attempt to discuss and resolve defendant's objections to the plaintiff's SECOND discovery request served October 14, 2003 to which you objected on November 6, 2003 based on alleged untimeliness. I am attempting to point out to you that the Edberg case you have cited is distinguishable: In that case the discovery request at issue was dated only 7 days before the "completion" date specified in the scheduling order. In our case, we had no "completion" date in the court's order -- we had a discovery cut off date. In addition plaintiff's second discovery request was short and to the point and was served approximately two weeks before that cut off date, i.e., within the time permitted I believe. In addition, and very significant to the court in the Edberg case, the plaintiff's counsel there had specifically represented in a conference with the court that discovery was complete except for a deposition; despite that representation, plaintiff subsequently served a written discovery request. There was no such representation made here. (I am not aware that Edberg is the only authority on this issue either but even if it is it is distinguishable for the reasons stated).

Furthermore, with respect to the equities of the situation, from plaintiff's point of view, Financial Freedom's general strategy in this case has appeared to be one of unfair objections and stonewalling which is the kind of unfair corporate tactics

for which I believe courts have little patience. It is also my recollection that during this litigation Financial Freedom has sought and obtained extensions of various kinds to which plaintiff was always cooperative. I cannot say the opposite has been true.

I would ask that Financial Freedom consider withdrawing the objections asserted and provide responses to the plaintiff's Second Discovery Request dated October 13, 2003 so as to avoid my having to go forward with another motion to compel and seeking further sanctions.

With regard to further information the plaintiff agreed to provide to you: Enclosed please find a copy a resume of the plaintiff. It is not current but it is the last one he has at hand.

As to Mr. Maze's earnings for 2001and 2002, unfortunately there has been some difficulty in ascertaining the precise amounts because the tax filings were joint. The plaintiff believes the amount is approximately $9,000 for 2001. We will confirm that and also get you the 2003 earnings as soon as possible so that they are available to you at the time of the settlement conference.

Thank you.

Very Truly Yours,

Valerie E. Maze

Enc.