UNITED STATES DISTRICT COURT  FILED
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM J. MAZE | 2004 FEB 12  A 9: 23 |
| | CASE NO: |
| V. | 303CV166 (SRU) |
| | |
| FINANCIAL FREEDOM SENIOR | |
| FUNDING CORP. | February 11, 2004 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION**

The plaintiff moves for reconsideration of the court's decision granting the defendant's motion for extension of time in which to file its motion for summary judgment dated January 29, 2004 based on the following reasons as raised in plaintiff's objection dated February 4, 2004:

1. On January 15, 2004 this case was referred by the Court to a United States Magistrate Judge for the scheduling of a settlement conference. The conference has not yet been scheduled.

2. The defendant's motion for an extension of time in which to file its motion for summary judgment was dated January 29, 2004. The plaintiff filed a timely objection to the motion for extension of time dated February 4, 2004 and mailed February 4, 2004. Plaintiff's objection was not yet

available to the court at the time the decision granting the extension was issued.

3. The motion for extension dated January 29, 2004 was the *third* such extension sought.

4. The time for serving a motion for summary judgment under the court's scheduling order, as agreed to by the parties, had passed.

5. If there is no settlement at the conference the plaintiff requests that the trial be scheduled.

6. The defendant's representation made as a basis for seeking the extension in its motion that plaintiff has added "two new claims" that must be "researched" as a basis for the motion for an extension was misleading. As plaintiff's objection demonstrates, the claims asserted in the damages analysis reflected only those claims those set forth in the operative complaint. The only two new items disclosed in the Supplemental Disclosure are two new reverse mortgages amounts referenced in the Supplemental Disclosures--that have never been itemized in the complaint or amended complaint—which were added based on a list of mortgages not produced by defendant until November 4, 2003. There were no new legal claims.

7. He who seeks equity must do equity. The defendant has conducted this litigation inequitably.

Plaintiff was forced to file a motion to compel disclosure based on defendant's spurious objections to the plaintiff's first discovery request. A motion is currently pending concerning that issue. Plaintiff has now been forced to file a second motion for order compelling compliance with the second discovery request. See plaintiff's Rule 37(a) motion dated February 4, 2004. Financial Freedom should not be allowed to refuse to comply with its discovery obligations and then attempt to obtain summary judgment against plaintiff by filing a flurry of affidavits all the while withholding documents properly sought by plaintiff. An appropriate sanction for defendant's discovery abuse is, *inter alia*, the preclusion of a filing of a motion for summary judgment and proceeding to scheduling the trial in the event the settlement conference is not productive.

THE PLAINTIFF

BY HIS ATTORNEY
Valerie E. Maze
1465 E. Putnam Avenue
Unit 111
Old Greenwich, CT 06870
(CT14080)
Tel: (203) 698 1509

## CERTIFICATION

I hereby certify that on the 12th of day of February 2004, the foregoing was mailed to:

Lorraine M. Cortese-Costa, Esq.
DURANT, NICHOLS HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
Bridgeport, CT  06604

Valerie E. Maze