UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM J. MAZE, | : |
| Plaintiff, | : CIVIL ACTION NO.<br>: 3:03CV166 (SRU) |
| v. | : |
| FINANCIAL FREEDOM SENIOR<br>FUNDING CORPORATION, | : |
| Defendants. | : FEBRUARY 17, 2004 |

### DEFENDANT'S MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO COMPEL DISCOVERY
### AND FOR RELATED RELIEF

Defendant, by and through its undersigned counsel, submits this memorandum of law in support of its motion to compel discovery and for related relief.

**Nature of Action**

In this action, Plaintiff, William Maze, claims he was employed by Defendant and seeks recovery of commissions on reverse mortgage loans funded by Financial Freedom as well as damages for alleged wrongful termination of employment. In his damages analysis, Plaintiff claims entitlement to lost income from 2001 through 2003.

**Background**

On June 12, 2003, Defendant served its First Set of Interrogatories and Requests for Production of Documents (Exhibit A to Affidavit of Counsel served herewith[1]) upon Plaintiff, in the captioned matter seeking, *inter alia,* production of documents relating to income received by Plaintiff through the date of trial including, without limitation, tax returns, W-2 forms and payroll stubs for those years. (Request for Production 4).

On July 10, 2003, Plaintiff served his objections to Defendant's First Set of Interrogatories and Requests for Production of Documents which included an objection to Request for Production No. 4 on relevancy grounds. (Aff. of Counsel, ¶ 3).

On August 4, 2003, Plaintiff served his responses to Defendant's First Set of Interrogatories and Requests for Production of Documents; no information was provided regarding Plaintiff's income in response to Request for Production No. 4. (Aff. of Counsel, ¶ 4).

On August 26, 2003, Defendant's counsel wrote Plaintiff's counsel a letter (Aff. of Counsel, ¶ 5 and Exhibit B thereto) reiterating the request for income information stating that the "material sought in this request for production is discoverable because the Plaintiff is claiming loss of income as part of his damages. The Defendant is entitled to know what income Plaintiff has earned since his alleged discharge and whether his claimed damages were mitigated by such income."

---

[1] Hereinafter "Aff. of Counsel".

On October 7, 2003, Plaintiff's counsel and the undersigned had a conference to discuss outstanding discovery issues after the completion of Plaintiff's deposition. At the meeting, Defendant's counsel made the same assertion as to the income information. Plaintiff's counsel agreed to disclose Plaintiff's income information in response to Request for Production No. 4 for the "relevant" time period of 2001 and 2002. (Aff. of Counsel, ¶ 6).

On October 13, 2003, Plaintiff's counsel sent a letter confirming her agreement to disclose Plaintiff's 2001 and 2002 earnings information. (Aff. of Counsel, ¶ 7 & Exhibit C thereto).

Having not received the agreed upon documents, on December 22, 2003, Defendant's counsel sent a letter to Plaintiff's counsel reminding her of the agreement to provide the income information (Exhibit D to Aff. of Counsel) to which Plaintiff's counsel responded on January 7, 2004, that the documents would be provided. (Aff. of Counsel, ¶ 8).

On January 25, 2004, Plaintiff's counsel sent another letter stating that Plaintiff was having some "difficulty" determining his earnings for 2001 and 2002 because he had filed his tax returns jointly. Plaintiff gave an estimate of his 2001 earnings and Plaintiff's counsel asserted that she would forward his 2002 estimate so that it is "available to you at the time of the settlement conference," however, no settlement conference has yet been scheduled. (Aff. of Counsel, ¶ 9 & Exhibit E thereto). No documents were provided. *(Id.)* Also, on January 25, 2004, Plaintiff finally provided his damages analysis (part of Exhibit E to Aff. of Counsel) which includes a claim for damages for lost income in 2003.

On January 29, 2004, the undersigned sent Plaintiff's counsel a letter suggesting that spousal information could be redacted from the tax returns but that 1099s and W-2s, which do not reflect spousal information, were requested and should be provided as well. (Aff. of Counsel, ¶ 10 & Exhibit F thereto).

As of this date, Plaintiff has produced no responsive documents regarding his income. (Aff. of Counsel, ¶ 11).

**Discovery Issues Still In Dispute**

Despite the agreement of Plaintiff's counsel to provide documents regarding Plaintiff's income, she has failed to do so. In addition, although Plaintiff agreed to provide the information for the asserted "relevant" time period of 2001 and 2002, Plaintiff is apparently seeking lost income damages for 2003 as well so information for that year is also relevant. Plaintiff has failed to respond to:

Request for Production

4.   Any and all documents referring or relating to any income received by Plaintiff from 1999 through the date of trial, including without limitation, his income tax returns, 1099's, W-2 forms, and payroll stubs for those years.

Why Disclosure Should Be Compelled

The purpose for Defendant's request set forth above is in connection with his claims for damages for alleged loss of income. The information is necessary to determine Plaintiff's

damages and any mitigation of same. Plaintiff should be required to produce this information for every year in which he seeks lost income damages. *Doe, M.D. v. Mercy Health Corporation*, 1993 Westlaw 377064, *4 (E.D.Pa. 1993) ("Plaintiff's income during any period for which he claims damages is clearly relevant to determine to what extent, if at all, damages were mitigated.... In order to claim damages for a given time period, Plaintiff must be able to show how his income was affected from what it would otherwise have been, and for this analysis past income tax records are the most practical method of gaining such information.") Plaintiff's suggestion that he cannot determine the amount of his income because of joint filing is nonsensical. Plaintiff's assertion that an "estimate" of income will be provided (but no documents) in time for a settlement conference that hasn't been scheduled yet is similarly nonresponsive and directly contrary to the federal rules. Plaintiff should be compelled to provide the documents requested.

## II.    Fees and Expenses Should Be Reimbursed Pursuant To Rule 37(a)(4)(A)

Rule 37(a)(4)(A) provides that, if a motion to compel discovery is granted, the moving party should be awarded fees and expenses "unless the court finds that the objection to discovery was substantially justified or other circumstances that make an award of expenses unjust." Plaintiff has not and cannot provide any justification for his failure to provide information regarding his income, information his counsel has agreed should be provided, now more than seven months after the requests were made; neither is there any justification for his newly minted

claim that the information cannot be provided due to "joint filing". Costs and fees should be awarded. *Id.. See Doe, MD, supra.*

### Conclusion

Based upon the foregoing, Defendant's Motion To Compel and For Related Relief should be granted in all respects.

Done at Bridgeport, Connecticut this 17th day of February, 2004.

LORAINE M. CORTESE-COSTA
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT  06604
(203)366-3438
Federal Bar No. ct03984

ATTORNEYS FOR DEFENDANT

## CERTIFICATION

This is to certify that I have caused to be served the foregoing via U.S. Mail, this 17th day of February, 2004, to all counsel and pro se parties as follows:

Valerie Maze, Esq.
1465 East Putnam Avenue, #111
Old Greenwich, CT  06870

*[signature]*
LORAINE M. CORTESE-COSTA

P:\lit\LCC\523818\001\00038335.DOC

# APPENNDIX

Not Reported in F.Supp.
(Cite as: 1993 WL 377064 (E.D.Pa.))

Page 1

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.

John DOE, M.D.
v.
MERCY HEALTH CORPORATION, et al.

Civ. A. No. 92-6712.

Sept. 15, 1993.

Robert S. Saunders, Skadden, Arps, Slate, Meagher & Flom, Wilmington, DE, John Adam Di Pietro, Conshohocken, PA, Scott Burris, ACLU of PA, Philadelphia, PA, for plaintiff John Doe, M.D.

Nicholas N. Price, Schnader, Harrison, Segal & Lewis, Dennis R. Suplee, Philadelphia, PA, for defendants Mercy Health Corp. of Southeastern PA, Mercy Catholic Medical Center of Southeastern Pennsylvania, Mercy Health Plan, Plato A. Marinakos, Thomas F. Toomey, Jr., M.D.

MEMORANDUM AND ORDER

NAYTHONS, United States Magistrate Judge.

*1 Presently before this Court is the motion of defendants Mercy Health Corporation ("MCH"), Mercy Catholic Medical Center ("MCMCII"), and Mercy Health Plan ("MHP"), as well as individual defendants Plato Marinakos and Thomas Toomy, Jr., M.D., to compel answers to interrogatories, responses to document requests and requests for admissions; plaintiff's memorandum in opposition; and defendant's reply thereto.

Defendant's motion seeks to compel answers to interrogatories nos. 2.3, 2.6-2.9, 2.12, 2.19-2.24, and 2.28-2.30 of Defendants' Second Set of Interrogatories; and all documents responsive to requests nos. 1-12 of Defendants' First Set of Document Requests. In addition, defendants seek to have this Court either deem admitted requests nos. 2, 4-7, 9-20, 22-34, 36, 37, and 39 of Defendant's First Set of Requests for Admissions, or, in the alternative, to compel answers to the accompanying interrogatories.

Plaintiff opposes this motion on the grounds that defendant has failed to comply with Local Rule 24(f) in filing the motion to compel, and has violated the spirit of Fed.R.Civ.P. 36 in propounding its requests for admissions, which plaintiff contends are improper. Defendant's reply to this response includes a supplemental Rule 24(f) certification, and denies that its admission requests are improper.

*Local Rule 24(f)*

Local Rule 24(f) states: "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery ... shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Pursuant to Local Rule 24(f) and consistent with the serious obligation imposed by the rule, "the certification should contain an affidavit of counsel *stating with specificity what actions were taken to resolve the dispute."* Pioneer Liemel Fabrics, Inc. v. Paul Rothman Indus., No. 87-2581, slip op. at 1 (E.D.Pa. April 18, 1988) (Shapiro, J.) (emphasis added). When properly utilized Rule 24(f) promotes judicial economy while at the same time reducing litigants' expenses incurred for attorneys' time in briefing issues and in preparing and presenting pleadings. Id.; Jackson v. Northern Telecom, No. 90-0201, slip op. at 1-2 (E.D.Pa. March 27, 1990).

Local Rule 24(f) imposes a substantial obligation on counsel to resolve discovery problems before bringing them to the attention of the court. See Pioneer Liemel Fabrics, supra; Jackson, supra. Plaintiff claims that, although defendants included a certification as required by the Rule in its brief, the certification did not set forth with specificity what actions were taken to resolve the discovery disputes. Although plaintiff is correct that no actions are specified in the motion itself, defendants do describe such actions in its Memorandum in Support of the Motion to Compel at 2-3. [FN1] Tarkett, Inc. v. Congoleum Corp., 144 F.R.D. 282 (E.D.Pa.1992), cited by plaintiff for the proposition that support for a Rule 24(f) certification contained within a discovery motion itself should not be considered, was based on a significantly different factual circumstance than the instant case. In Tarkett, "[t]he defendant claimed at the hearing that specific incidents of its compliance with the Rule were *peppered throughout* the body of the brief it filed in support of the motion." Id. at 285, n. 8 (emphasis added). The Court noted that the Rule was intended to "spare the Court the time consuming task of having to cull the moving papers in order to appreciate a party's compliance with the rule." Id.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Case 3:03-cv-00166-SRU   Document 51   Filed 02/19/2004   Page 10 of 20

Not Reported in F.Supp.
(Cite as: 1993 WL 377064 (E.D.Pa.))

Page 2

*2 In the instant case, defendant laid out its support for the Rule 24(f) certification in the first two pages of the motion, directly following the certification itself. The brief was not "peppered" with incidents of compliance as in *Tarkett*, but rather their compliance was detailed in a succinct page and a half list of events. Therefore, this Court finds that defendant's Rule 24(f) certification is sufficient to satisfy the Local Rule, and will proceed to examine the merits of the motion. [FN2]

### The Law of Discovery

At issue are 15 interrogatories to which plaintiff has objected either entirely or in part. Because plaintiff has objected to the majority of interrogatories at issue on the grounds that they are irrelevant and/or overburdensome and oppressive, a general statement as to the law concerning these objections is warranted.

Rule 26(b)(1) provides that discovery need not be confined to matters of admissible evidence but may encompass that which "appears reasonably calculated to lead to the discovery of admissible evidence." Relevancy is to be broadly construed for discovery purposes and is not limited to the precise issues set out in the pleadings or to the merits of the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978). Rather, discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action. As a result, discovery rules are to be accorded broad and liberal construction. *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves*, 144 F.R.D. 258, 262 (E.D.Pa.1992). *See also Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 124 (M.D.N.C.1989).

While the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, *see Centurion Industries, Inc. v. Warren Steurer and Associates*, 665 F.2d 323, 326 (10th Cir.1981); *Bailey v. Meister Brau, Inc.*, 55 F.R.D. 211 (N.D.Ill.1972), it is not without limits. *See Broadway & Ninety-Sixth St. Realty Co. v. Loew's Inc.*, 21 F.R.D. 347 (S.D.N.Y.1958). The facts and circumstances of a case determine and limit the relevancy of information sought in discovery. *Continental Access Control Systems, Inc. v. Racal-Vikonics, Inc.*, 101 F.R.D. 418 (E.D.Pa.1983). However, where there is doubt over relevance, the rule indicates that the court should be permissive. *Heat and Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 1024 (Fed.Cir.1986) (citing *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 556 (7th Cir.1984)). [FN3] Since the precise boundaries of the Rule 26 relevance standard will depend on the context of the particular action, *see Mallinckrodt Chem. Works v. Goldman, Sachs & Co.*, 58 F.R.D. 348 (S.D.N.Y.1973), the determination of relevance is within the district court's discretion. *O'Neal v. Riceland Foods*, 684 F.2d 577 (8th Cir.1982); *Bowman v. General Motors Corp.*, 64 F.R.D. 62 (E.D.Pa.1974).

*3 In *Martin v. Easton Publishing Co.*, 85 F.R.D. 312 (E.D.Pa.1980), The Honorable E. Mac Troutman of the Eastern District of Pennsylvania, set forth the requirements for objecting to interrogatories on the bases that they are unduly burdensome or oppressive:

> To resist answering interrogatories, plaintiff cannot invoke the defense of oppressiveness or unfair burden without detailing the nature and extent thereof. Simply decrying the expense to plaintiff will not satisfy this obligation. Rather, plaintiff "must show specifically how ... each interrogatory ... is burdensome or oppressive." As the party resisting discovery, plaintiff has the burden to "clarify and explain its objections and to provide [factual] support therefore."

*Id.* at 316; *quoting Roesberg v. Johns-Mansville Corp.*, 85 F.R.D. 292, 297 (E.D.Pa.1980).

Having laid out the above principles, an analysis of the interrogatories and the objections thereto follows.

### The Second Set of Interrogatories

At the outset, I note that plaintiff did not address these interrogatories in his Brief in Opposition to defendant's motion. Therefore, this Court has only the objections made in response to the interrogatories to rely on in determining whether or not answers should be compelled.

In interrogatory 2.2, plaintiff identified a group of individuals which he believed have knowledge related to his discrimination and/or damage claims. Interrogatory 2.3 asked plaintiff to provide the information, facts or knowledge which plaintiff believe these individuals possess concerning the allegations in the complaint and plaintiff's claims for relief. Plaintiff objected to this interrogatory as unduly burdensome and as a premature, contention interrogatory. Plaintiff's objections are meritless. Plaintiff has not even begun to describe in what way the interrogatory is unduly burdensome as required by *Martin v. Easton Publishing, supra*. Further, the interrogatory is not premature, nor is it a contention interrogatory. Defendant does not ask what strategy will be used at trial, nor what the individuals will

Case 3:03-cv-00166-SRU    Document 51    Filed 02/19/2004    Page 11 of 20

Not Reported in F.Supp.
(Cite as: 1993 WL 377064 (E.D.Pa.))

Page 3

testify to, nor even if they will testify. Plaintiff has already identified these individuals as having knowledge of the claims against defendant, and defendant is entitled to know what knowledge they are thought to have for purposes of preparing its case. The motion is granted as to this interrogatory.

Interrogatory 2.6 which is divided into 9 subparts, asks plaintiff questions concerning the health care organizations which he previously acknowledged that he sought employment with since August of 1991. Plaintiff objected to only two subparts of this interrogatory, and for the rest referred defendant to "documents produced pursuant to defendants' document request." Plaintiff's Response to Defendant's Second Set of Interrogatories at 10. This answer is an insufficient response to the interrogatory. Since plaintiff has specifically objected to two subparts, he has waived any objection to the other seven. Although Fed.R.Civ.P. 33(c) permits an answering party to refer the party propounding the interrogatories to the answering party's records, this can be done only in limited circumstances. The Rule states unequivocally that: "[a] specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as can the party being served, the records from which the answers may be ascertained." Plaintiff has made no such identification of the records and, therefore, will be required to answer the interrogatory.

*4 Plaintiff objected to subparts (f) and (i) on the basis that they seek non-relevant information. These subparts ask plaintiff to state all reasons why the listed health care agencies failed to offer employment and/or what limits and restrictions were set on his practice. These questions seek information relevant to the standard of how HIV positive health care providers are treated within the medical community, which is an issue in the case, as well as to the issue of damages and to the degree to which plaintiff has been able to mitigate such damages. All elements of this interrogatory are proper and must be answered.

Interrogatory 2.7 asks plaintiff to specify the total amount of monetary relief which he claims in the instant lawsuit. Plaintiff claims that the interrogatory is premature, and that the damages are continuing to build because defendant's unlawful acts continue. However, plaintiff must have some idea of what his expected damages are, and can certainly project them to the scheduled trial date. Even if this calculation proves to be faulty, it will give the defendant something to go on in defending against the damages claims, and can be amended at a later date if proven erroneous. Plaintiff shall be ordered to answer this interrogatory.

Plaintiff has made a similar objection to interrogatory 2.8, which asks plaintiff for the breakdown of each component of damages, the time periods for which damages are claimed and the rates used in calculating damages. Again, plaintiff must be in a position to know what damage he has suffered, as well as what method of calculation he plans to use. And again this response can be later supplemented if necessary. Therefore, plaintiff will be ordered to answer this interrogatory.

Interrogatory 2.9 asks plaintiff to describe the amounts of and sources for his income during all periods for which he claims monetary relief. Plaintiff has objected that the information sought is irrelevant, unduly burdensome and oppressive, overbroad, and seeks evidence which would be inadmissible under the collateral source rule. All of these objections are meritless. Plaintiff's income during any period for which he claims damages is clearly relevant to determine to what extent, if at all, damages were mitigated. The request is not unduly burdensome because plaintiff has failed to set forth the specifics required by *Martin v. Easton Publishing, supra,* and because in order to claim damages for a given time period, plaintiff must be able to show how his income was affected from what it would otherwise have been, and for this analysis past income tax records are the most practical method of gaining such information. Similarly, the interrogatory is not overbroad, seeking only income information from the periods of time for which plaintiff claims damages. Finally, whether or not the information would be admissible evidence at trial is irrelevant. *Haynsworth v. Baldwin,* 144 F.R.D. at 262. The only question is whether it is relevant and reasonably calculated to lead to the discovery of admissible evidence, which it clearly is. The motion will be granted as to this interrogatory.

*5 In response to interrogatory 2.11, plaintiff stated that he "has had surgical privileges with Graduate Hospital." Interrogatory 2.12 asked plaintiff (a) whether he still performs surgical procedures at Graduate Hospital and, if not, why not?; (b) whether the frequency with which he performs such procedures has changed since August, 1991, and if so why, to what extent, and in regard to what kind of procedures; (c) whether Graduate Hospital has placed any restrictions on surgical privileges or required plaintiff to inform patients of his HIV status prior to performing invasive procedures; and (d) to describe such restrictions or requirements in detail.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Case 3:03-cv-00166-SRU    Document 51    Filed 02/19/2004    Page 12 of 20

Not Reported in F.Supp.
(Cite as: 1993 WL 377064 (E.D.Pa.))

Page 4

Plaintiff objects to this interrogatory on the grounds that the information sought is not relevant.

Fed.R.Civ.P. 26(b)(1) makes clear that information is discoverable if it is relevant and reasonable calculated to lead to the discovery of admissible evidence. In the instant case, plaintiff bases his claim of unlawful discrimination in part on his allegation that his HIV status is not viewed by the majority of medical opinion as a danger to his patients. *See* Plaintiff's Complaint, ¶ 12-¶ 16. Questions as to whether other hospitals also refused to allow him surgical privileges or otherwise limited his ability to practice become relevant in considering whether or not plaintiff is able to safely practice invasive surgery. While the evidence may or may not itself be relevant, it is reasonably calculated to lead to the discovery of admissible evidence, for example, evaluations of physicians from Graduate Hospital as to why plaintiff should or should not be permitted to continue his practice without restriction.

Interrogatory 2.19 asks plaintiff to identify and describe in detail the actions taken by MHP which form the basis for any claims in this lawsuit, the date such actions occurred, who was responsible for each action, all facts supporting the claim that any given individual was responsible for any given action, and all documents referring to, or memorializing any such action. Plaintiff objects to this interrogatory on the grounds that is premature, seeks privileged information and is obtainable from other sources more readily available to defendants.

Plaintiff's objections to this interrogatory are meritless. The interrogatory is not premature. Presumably, in filing a complaint against MHP, plaintiff had some reason to believe that MHP caused injury to him. At this stage, well into the discovery period, plaintiff has an obligation to pinpoint what facts the complaint is based on. If plaintiff does not have all the facts and needs further discovery to fully answer the interrogatory, he should so state, and supplement his answer when the additional facts become known. Plaintiff's privilege objections must fail because plaintiff has failed to set forth the basis for the alleged work product or attorney-client privileges. A party claiming work product protection has the burden of establishing that the material sought to be protected as work product comes within the doctrine. *Conoco Inc. v. United States Department of Justice*, 687 F.2d 724, 730 (3d Cir.1982); *Delco Wire & Cable, supra*, 109 F.R.D. 680, 689 (E.D.Pa.1986).

*6 To establish that the doctrine applies, the party opposing discovery must show that the work product it seeks to protect was " 'prepared or obtained *because of* the prospect of litigation.' " *In re Grand Jury Proceedings (FMC Corp.)*, 604 F.2d 798, 803 (3d Cir.1979) (emphasis added) (quoting 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2024, at 198 (1970)). *See Delco Wire & Cable, supra*, at 689.

Similarly, a party asserting the attorney-client privilege has the burden of demonstrating that the privilege exists and that each of the criteria required for application of the privilege exists. *Barr Marine Products Co., Inc. v. Borg-Warner*, 84 F.R.D. 631, 636 (E.D.Pa.1979). Therefore, before plaintiff can invoke the attorney-client privilege, he must produce specific facts demonstrating the existence of the requisite elements for the privilege to apply. *Stabilus v. Haynsworth*, 144 F.R.D. at 268; *In re Grand Jury Investigation*, 599 F.2d 1224, 1233 (3rd Cir.1979). Plaintiff has set forth no specific facts in support of any privilege. Finally, plaintiff's objection that the information sought is available from other sources must fail because plaintiff does not identify these sources. *See* Fed.R.Civ.P. 33(c).

Interrogatory 2.20 asks plaintiff to describe all efforts, prior to commencement of the lawsuit, to ascertain whether the corporate defendants are religiously controlled entities. Plaintiff objects to this interrogatory on the basis of privilege and relevance. The information sought is not privileged, both for the reasons noted in my analysis of the privilege objection to interrogatory 2.19, and because the interrogatory does not seek production of documents or tangible things, and the work product doctrine is thus inapplicable. *See* Fed.R.Civ.P. 26(b)(3). As to the relevance of the document, construing relevance broadly as required by *Buffington v. Gillete, supra*, it appears the material is relevant. Defendants have stated their intention to file a Rule 11 motion for sanctions if plaintiff is unable to overcome the religious exemption defense of the Disabilities Act. If plaintiff is unsuccessful in overcoming this defense, and defendant can prove that plaintiff did not know of its existence, it is possible that sanctions could be imposed on plaintiff for filing a frivolous suit. Thus, the information is relevant to an issue in the case and the interrogatory must be answered. [FN4]

Interrogatory 2.21 essentially asks plaintiff to state the amount of income received over the past eight years from the practice of medicine from a number of hospitals and health care agencies. Plaintiff objects that the information sought is unduly burdensome,

Case 3:03-cv-00166-SRU    Document 51    Filed 02/19/2004    Page 13 of 20

Not Reported in F.Supp.                                                                    Page 5
(Cite as: 1993 WL 377064 (E.D.Pa.))

overbroad, and more readily accessible from defendant's own records. Plaintiff also states that potentially responsive documents have been withheld by defendant, who denies that such documents were ever requested.

Plaintiff's objections that an overbroad amount of material is sought have some merit. Plaintiff's HIV status was not an issue until May of 1991. It is not clear to this Court, and has not been made clear by defendant's memorandum, why records dating back five years before that time are relevant. Absent such a showing, this Court will restrict the interrogatory to dates after April of 1988, thus allowing discovery concerning a pattern of income for three years prior to the diagnosis of HIV, without imposing an undue burden on plaintiff to produce information which does not appear to be relevant. *See Buntzman v. Springfield Redevelopment Authority,* 146 F.R.D. 30, 33 (D.Mass.1993). Subject to this limitation, the interrogatory will be answered. If there is information responsive to this interrogatory which plaintiff does not possess, he shall so state with specificity.

*7 Interrogatory 2.22 asks plaintiff to identify a variety of documents relating to his history of privileges, affiliation, and billing at various of the defendant organizations. Plaintiff responded by referring defendants to "documents produced in response to defendants' document requests." As discussed above, this answer is legally insufficient under Fed.R.Civ.P. 33(c). Plaintiff has not even attempted to identify which documents are responsive to this interrogatory, and thus an answer must be compelled.

Interrogatory 2.23 asks plaintiff to identify every physician who has treated, examined, or counselled plaintiff in connection with his HIV infection or related symptoms. Plaintiff objected to this interrogatory on the grounds of privilege, relevance, and overbreadth. Plaintiff's boilerplate, unspecific privilege objections cannot be sustained absent some claim of what type of privilege is involved and what facts support its application. In addition, plaintiff's health is clearly relevant to the issues of the case, and the request is not overbroad, dealing only with the illness at issue. Plaintiff must answer the interrogatories, or state that all such records have been produced.

Interrogatory no. 2.24 requests information concerning the treatment plaintiff received from the physicians listed in 2.23 above. Plaintiff's objections as to relevance, overbreadth and privilege are meritless as discussed above. In addition, because the interrogatory seeks only dates of treatments and not opinions, plaintiff's objections that it constitutes expert witness testimony are meritless. An answer will be ordered.

Interrogatory 2.28 asked plaintiff to identify all physicians who, from September 16, 1989 to the present, referred patients to plaintiff. Plaintiff objected on the basis of privilege, relevance, undue burden, overbreadth, and availability from other sources. For the reasons discussed in regard to previous interrogatories, plaintiff's objections on the grounds of overbreadth, undue burden, and privilege are meritless because plaintiff has failed to specify the grounds for these objections. The information sought is clearly relevant as Plaintiff's Complaint, at ¶ 40, specifically alleged: "referrals to plaintiff from [MCMC] which ... had been a common occurrence ... dropped to zero ...". Plaintiff's claim that the information is available from other sources also fails, because plaintiff has not identified such sources, and defendants have been unable to locate the information in the documents produced by plaintiff. Plaintiff will be ordered to answer the interrogatory.

Interrogatory 2.29 asks plaintiff to identify all records involving the referrals identified in interrogatory 2.28. For the above reasons, the motion will be granted as to this interrogatory.

Interrogatory 2.30 asks plaintiff various identification information concerning any mental health professionals from whom he has ever obtained counselling, treatment, or other professional assistance. Although plaintiff objects on the grounds of relevance, privilege and overbreadth, these objections are meritless. Defendant's brief claims, and plaintiff does not contradict, that he has filed an expert report claiming damages for psychological stress. Thus, these reports are relevant to ascertain the degree of and basis for such stress. For the reasons discussed at length previously, plaintiff's privilege objection fails. [FN5] Further, the interrogatory is not overbroad. The interrogatory will be answered in full by plaintiff.

*The Document Requests* [FN6]

*8 Document Request no. 2 asks plaintiff to produce his tax returns from 1985 through 1992. This request is overbroad. Defendant gives no reason why tax returns from six years prior to the diagnosis of plaintiff's HIV infection are relevant. The request will be granted from May of 1988 on, three years prior to the disclosure, which should allow defendant

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Case 3:03-cv-00166-SRU   Document 51   Filed 02/19/2004   Page 14 of 20

Not Reported in F.Supp.
(Cite as: 1993 WL 377064 (E.D.Pa.))

Page 6

ample ability to prepare a defense to plaintiff's damages claims. It is not unusual for courts to limit the number of tax returns a party must submit when a request seems overbroad or unreasonable. *See e.g. Leski v. Federal Income Insurance Co.,* 129 F.R.D. 99, 110 (D.NJ.1989); *Buntzman v. Springfield Redevelopment Authority,* 146 F.R.D. 30, 33 (D.Mass.1993). Since plaintiff has already produced tax returns from 1989 through 1991, he need only produce returns from 1988.

Document Request no. 2 asks plaintiff to produce all documents reflecting all his earnings relating to the practice of medicine at a variety of health care institutions, including the defendants', from January 1985 through the present. Plaintiff's objections of privilege and relevance are meritless. [FN7] The documents are clearly relevant to plaintiff's claims for compensatory damages, and no privilege is identified with sufficient specificity to consider its application. The document request is, however, overbroad. As noted above, it is unclear to this Court why defendant seeks plaintiff's income records from prior to 1988. Only responsive documents from May 1, 1988 to the present need be produced.

Request no. 3 asks plaintiff to produce: "All documents supporting or documenting any claim of unlawful discrimination." Plaintiff objects on the grounds of undue burden, overbreadth, vagueness, privilege, and that the request prematurely seeks contentions. Plaintiff's objections are all meritless, except that the request, read narrowly, may be somewhat overbroad. This Court will order plaintiff to produce all documents responsive to document request no. 3, which have not already been produced, with the limitation that they need only support or document claims of unlawful discrimination applicable to the instant case.

Request no. 4 asks plaintiff to produce "[a]ll documents supporting or documenting any claim of lost income". Plaintiffs' response and objections are identical to those made in response to request no. 3, as is my ruling. Plaintiff shall produce all responsive documents, which have not already been produced, regarding plaintiff's claims of loss of income in this case.

Request no. 5 asks plaintiff to produce all documents referring to plaintiff's privileges or professional relationship with Graduate Hospital, Greater Atlantic Health Services, and Physiotech. Plaintiff's objections on the basis of unspecified privilege, undue burden, vagueness, and availability from other sources are meritless. Plaintiff has not specified what other sources the information is available from, and this objection will not be considered. Again, read narrowly, the request does not set out a specific time period limiting the documents to be produced. Thus, this Court will order that all such records, which have not already been produced, be produced for the time period from August of 1991 (the approximate date plaintiff's illness was first disclosed) to the present. If defendant seeks documents from an earlier time period, he must file a second document request. This Court will not presume to guess at how far back defendants intended the document request to go, since no dates were specified in the document request.

*9 Document Request no. 7 asked plaintiff to produce any documents referring, describing or memorializing any requirement by any health care provider that plaintiff inform his patients of his HIV infection. Plaintiff objected to this request on grounds of privilege, relevance, overbreadth, undue burden, vagueness, and availability from other sources. However, the request seeks documents which are clearly relevant, as described above, in determining whether the restrictions defendants placed upon plaintiff were medically or professionally justified, and the extent to which plaintiff's damages were mitigated. They clearly deal only with the time period after the disclosure of plaintiff's illness. There is no information given to allow this Court to find the documents privileged, nor any indication as to what alternate source defendants may more easily obtain the information from. Plaintiff's objections are meritless and production of all responsive documents is compelled.

Plaintiff makes the same blanket objections to document request no. 10, which requests production of all documents relating to any medical diagnosis or treatment ever received by plaintiff. Because plaintiff's state of health is directly at issue in this case, the documents are clearly relevant, any claim of privilege has been waived by failure to specifically assert the factual basis for such privilege, there is no indication of what alternate source the documents may are available from, and the request is not vague. However, the request is overbroad, in that the issue of plaintiff's health in the case is limited to plaintiff's HIV status and related conditions. Thus, the request will be granted with the limitation that only responsive documents created at the time of and subsequent to the diagnosis of plaintiff as HIV positive need be produced.

Request no. 11 seeks documents relating to any efforts by plaintiff to obtain privileges, affiliation or

Case 3:03-cv-00166-SRU   Document 51   Filed 02/19/2004   Page 15 of 20

Not Reported in F.Supp.
(Cite as: 1993 WL 377064 (E.D.Pa.))

Page 7

employment at or with any other health care organization from September 19, 1991, to the present. Plaintiff objected to this request on the grounds of relevance, overbreadth, privilege, burdensomeness, and vagueness. For reasons identical to those discussed re: Interrogatory 2.6, the request is proper and responsive documents will be ordered produced.

Request no. 12 asks plaintiff to produce all documents identified in Defendants' First Set of Interrogatories. Plaintiff referred defendants to his response to those interrogatories. However, this request is not addressed in either party's memorandum of law, nor is a copy of Defendants' First Set of interrogatories and/or the responses thereto included as an exhibit to either party's briefs. Therefore, this Court is not in a position to determine the propriety of the request or plaintiff's response, and the motion will be denied as to Request no. 12.

*The Requests for Admissions*

Defendants submitted 39 Requests for Admissions (RFAs) to plaintiff. Plaintiff objected to the vast majority of these RFAs. Defendant asks that this Court either deem 32 of the RFAs admitted, or require plaintiff to answer the interrogatory which accompanies each RFA and asks plaintiff to "[set] forth in detail the factual basis for [his] answer" to each RFA, if it is other than an unqualified admission.

*10 Federal Rule of Civil Procedure 36 governs the propounding of requests for admission. That rule states in pertinent part, "The answer shall specifically deny the matter or *set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.*"

Fed.R.Civ.P. 36(a) sets forth specific tests which must be met before a party may claim an inability to admit or deny. Rule 36(a) states, "[an] answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny."

In *Al-Jundi v. Rockefeller,* 91 F.R.D. 590 (W.D.N.Y.1981), the Court specifically stated that the defendant's request to "limit the scope of the requests for information that might reasonably be expected to be within the knowledge of the defendant" asked too much. *Id.* at 593. The Court reasoned that "because Rule 36 admission requests serve the highly desirable purpose of eliminating the need for proof of issues upon trial, there is strong disincentive to finding an undue burden where the requested party can make the necessary inquiries without *extraordinary* expense or effort." *Id.* at 594 (emphasis added). The Court held that pursuant to Fed.R.Civ.P. 26(c), a party claiming that inquiry into the facts behind a request for admission would be overburdensome must show that the burden would be undue in light of all the circumstances.

In order to facilitate the purposes behind Rule 36(a), "a party upon which a Request for Admission is served must make a good faith effort to obtain information so he can admit or deny the request." *United States v. Nicolet,* No. 85-cv-3060, slip op. at 2 (E.D.Pa. May 12, 1989), citing *Alexander v. Rizzo,* 52 F.R.D. 235, 236 (E.D.Pa.1971). In the case of an improper answer, a Court is given discretion to either deem the matter admitted or to order that an amended answer be served. Fed.R.Civ.P. 36(a).

Initially, I note that there are several requests for admissions which deal exclusively with the authentication of documents. In these requests, defendant has identified a document, attached a copy of this document as an exhibit, and asked plaintiff to admit that the copy attached was a true and correct copy of the document. Plaintiff objected to each of these requests on the grounds that the requests "ask the plaintiff to authenticate copies of articles or reports of which he is neither the author nor the publisher and therefore not competent to provide such an authentication." Plaintiff's General Objection to Requests for Admissions no. 4.

The rule specifically states, and plaintiff admits, that "the genuineness of any documents described in the request" is a proper subject on which to request an admission. Plaintiff, however, has decided that "[t]his general principle, however, applies only where the party from whom an admission is sought has some knowledge as to the authenticity of the document; *e.g.,* where the document in question is a letter drafted by the party or a memorandum found in the party's file and produced in discovery." It is significant that plaintiff does not cite a single source of authority for this broad statement of law. Moreover, such an analysis contradicts not only the intent of Rule 36, which is to eliminate from the case all issues which can be resolved prior to trial (*see* 1970 Advisory Committee Notes to Fed.R.Civ.P. 36), but the language as well. When an RFA asks a party to admit the genuineness of documents, "[c]opies of [such] documents shall be served with the request

Case 3:03-cv-00166-SRU    Document 51    Filed 02/19/2004    Page 16 of 20

Not Reported in F.Supp.
(Cite as: 1993 WL 377064 (E.D.Pa.))

Page 8

*unless* they have been or are otherwise furnished or made available for inspection and copying." Fed.R.Civ.P. 36(a) (emphasis added). Thus it appears that Rule 36(a) is not limited in scope only to documents produced or authored by a party, because the Rule states that copies of such documents need not be attached to the RFA. Only copies of documents which were not the subject of discovery need be attached.

*11 Finally, Rule 36 requires a party to make "reasonable inquiry" before refusing to admit or deny an RFA. Clearly, in this case, plaintiff did not make any such inquiry. The RFAs at issue identified the origin of the documents to be admitted to, yet it is clear from plaintiff's non-response that plaintiff made no attempt to inquire as to whether the documents were true and correct copies or not. If plaintiff had made such inquiry and was still unable to locate an original copy of the documents, or otherwise was unable to admit or deny the interrogatory, they were required to so state and set forth what the inquiry entailed. In the instant case, no such inquiry was even attempted. [FN8] Thus, as to those RFAs which seek authentication of documents, they are deemed admitted. These are RFAs nos. 6, 9, 11, 13, 15, 16, and 18.

Similarly, defendant served several RFAs which asked plaintiff to admit or deny that a given document (a copy of which was, in each instance, attached as an exhibit) contained a given statement, finding, or recommendation. These are numbers 7, 10, 12, 17, 19, and 20. Plaintiff objected to these RFAs as seeking authentications of the documents, and/or "that they ask plaintiff to admit characterizations of documents or ask plaintiff to admit that such documents contain particular quoted excerpts. The documents speak for themselves, and can be understood only in their entirety." Plaintiff's General Objections to Requests For Admission, no. 1. Plaintiff also appears to object to several of the RFAs on the basis that they ask him to admit the facts on which the statements or recommendations were based.

Plaintiff's objections as to these RFAs are completely meritless. As discussed above, it is not grounds for objection that an RFA asks a party to authenticate a document, and indeed this is one of the purposes for which Rule 36(a) states RFAs are properly served. In addition, none of the above RFAs ask plaintiff to admit that the findings, recommendations, or statements are true, they only ask plaintiff to admit that the specified documents contain such statements, finding, recommendations,

etc. Finally, it is not grounds for objections that the quoted or referenced statements are misquoted or taken out of context, or that "the documents speak for themselves." If plaintiff believes that the reports do not say what defendant asks him to admit they do, or are otherwise "taken out of context", he may deny the RFA. If, on the other hand, the statements are accurately quoted or referenced, he must admit the RFA, but is free to present evidence at trial contradicting the quoted or referenced statement. Again, the RFAs only ask plaintiff to admit that a specific document contains a specific passage, they do not ask plaintiff to admit or deny the veracity of any passage. Plaintiff argues that *Workman v. Chirchirian,* 807 F.Supp. 634 (E.D.Wash.1992) prohibits a party from requesting "admission as to [a] quoted excerpt from [a] letter ..." Plaintiff's Memorandum in Opposition at 8. A review of *Workman* however indicates that the case is inapplicable to the instant facts. The Court ruled that a quoted excerpt of one letter was an improper subject for an admission. As to one RFA which sought admissions concerning the opinions of a specific expert witness, the district court determined such issues more properly handled by the discovery rules concerning expert testimony. Three RFAs concerning another letter were held to be improper because they were not relevant to the action since their validity had already been admitted. *Id.* at 648. *Workman* is therefore inapplicable to the facts before me and the motion will be granted as to RFAs 7, 10, 12, 17, 19, 20.

*12 The rest of the admission requests can also be grouped into general categories. The largest of these groups is those admission requests which plaintiff claimed he could not, after reasonable investigation, admit nor deny. Accompanying each RFA was an interrogatory which asked plaintiff to:
> [s]et forth in detail the factual basis of your answer [to the accompanying RFA] if your answer is other than an unqualified admission, and in doing so identify (or attach) all documents on which you rely in making any answer that is other than an unqualified admission.

Defendant's First Request for Admissions and Interrogatories nos. 1-39.

Plaintiff objected to this interrogatory to the extent that it seeks information regarding plaintiff's answer to an RFA when plaintiff has objected to an RFA, and that it sought such information when plaintiff has answered that after reasonable inquiry he was unable to admit or deny the RFA. Defendant asks this Court to either order plaintiff to answer the accompanying interrogatories or to deem all those

Case 3:03-cv-00166-SRU    Document 51    Filed 02/19/2004    Page 17 of 20

Not Reported in F.Supp.
(Cite as: 1993 WL 377064 (E.D.Pa.))

Page 9

RFAs admitted which plaintiff stated he was unable to admit or deny. Because those RFAs to which plaintiff alleges an inability to admit or deny present the most likely instance for plaintiff to answer the accompanying interrogatories, these issues will be addressed together. [FN9]

Plaintiff's responses to the following RFAs are essentially proper: 4, 13, 14, 17, 22, 27, 28, 29, 30, 31, 32, 33, 34, and 37. In response to these RFAs, plaintiff stated that after reasonable inquiry, he was unable to admit or deny the requests. Defendant apparently does not believe that plaintiff has made reasonable inquiry and/or is unable to admit or deny these RFAs, and asks this Court to compel answers to the interrogatory accompanying each RFA in order to assure themselves that plaintiff has made such inquiry. However, this Court has previously noted that interrogatories such as defendant seeks to compel here are not proper discovery. The limit of a responding party's duty to set forth reasons for its answers is that, when a party can neither admit nor deny the RFA, it should set forth in detail the reasons why. *See Rhone Poulenc Rorer Inc. v. The Home Indemnity Co.*, 1992 WL 394425 at *2, 1992 U.S.Dist. LEXIS 20429 at 29 (Naythons, U.S.M. Judge); Fed.R.Civ.P. 36(a). However, there is no requirement that a party attach, or even identify all sources referenced in answering an RFA. Indeed, compelling such an explanation would be contradictory to the primary purpose of Rule 36, which is to narrow the scope and number of issues which must be proved at trial. Instead, defendant would ask this Court to force plaintiff to prove issues in the pre-trial stage which are not even relevant to the trial issues.

However, that portion of the interrogatory which asks plaintiff to "[s]et forth in detail the factual basis of your answer to [each RFA]" nearly tracks the language of Rule 36(a) and is proper. Importantly, I note that such factual basis is required by the Rule *only* when a party pleads an inability to admit or deny an RFA, and not for a denial or qualified admission. Because plaintiff's answers to RFAs nos. 4, 13, 14, 17 [FN10], 22, 27, 28, 29, 30, 31, 32, 33, 34, and 37 [FN11] are proper, the motion to compel is denied as to those RFAs. The motion is granted as to the interrogatories accompanying RFA nos. 4, 13, 14, 17, 22, 27, 28, 29, 30, 31, 32, 33, 34, and 37 to the extent that they seek a factual basis for plaintiff's answer of an inability to admit or deny. I will further order that as to any RFA which this Court has ordered plaintiff to answer, and to which plaintiff pleads an inability to admit or deny, a factual basis must be set forth.

*13 Plaintiff also objects to several RFAs primarily on the grounds of vagueness. However, plaintiff does not even attempt to explain in what way the RFAs are vague. After a review of the RFAs at issue, and absent any such showing of vagueness, this Court finds the majority of requests to be straightforward [FN12] and susceptible to an admission, denial or qualified admission. If after reasonable inquiry plaintiff is unable to admit or deny, he may so state.

Plaintiff contends in his Memorandum in Opposition at 8, that these RFAs are improper because they seek to sidestep the Rules concerning expert discovery, citing *Workman, supra.* for this proposition. However, plaintiff construes *Workman* far too broadly. As discussed previously, the RFA in *Workman* which was held to be a discovery device was directed to the opinion letter of a specific expert witness. In the instant case however, the RFAs ask plaintiff only to admit or deny certain medical facts, unconnected to any of plaintiff's expert witnesses. The fact that plaintiff's witnesses may testify to those issues does not set those issues in the exclusive purview of expert witnesses. Plaintiff need not rely on any one opinion of his experts, or even rely on his experts at all since the RFAs seek admissions as to the medical community as a whole. As noted above, if plaintiff is genuinely unable to admit or deny the request, he should so state. Otherwise, an admission, denial, or qualified admission is proper. Therefore, an answer will be ordered to RFA nos. 23, 24, 25, 26, and 36.

The answer, however, to RFA 37 is proper and complete. That RFA asks plaintiff to admit: "[n]o one can guarantee that, if Dr. Doe were to perform an invasive procedure on a patient, he would not transmit his HIV infection to his patient." Plaintiff's answer that, after reasonable investigation, he is unable to determine whether anyone would be willing to make such a guarantee is proper under Rule 36. Thus, the motion will be denied as to RFA 37.

Finally, RFA no. 2 asks plaintiff to admit that the Centers for Disease Control ("CDC") "is highly regarded within the medical community as an authoritative source of information regarding infectious diseases." Plaintiff objects that the terms "highly regarded", "medical community", and "authoritative source" are vague, and plaintiff has no understanding of what defendants are asking him to admit. A review of the request however, makes clear that each of the phrases to which plaintiff objects has a common meaning in the context in which it is used. Neither the request nor its terms are

Case 3:03-cv-00166-SRU   Document 51   Filed 02/19/2004   Page 18 of 20

Not Reported in F.Supp.
(Cite as: 1993 WL 377064 (E.D.Pa.))

Page 10

vague, and plaintiff will be compelled to answer by admitting, denying, admitting in part, or, if after reasonable inquiry plaintiff is unable to admit or deny, so stating.

Similarly, RFA no. 5 asks plaintiff to admit that "[t]he *Morbidity and Mortality Weekly Report* is a report published on a weekly basis by the [CDC], and is regarded as a reliable authority for medical experts on the subjects covered by such reports." Plaintiff objects to the terms "reliable authority" and "medical experts" as too vague for plaintiff to understand what he is being asked to admit. This Court disagrees, and for the reasons enumerated above, an answer to RFA no. 37 is compelled.

*14 Plaintiff's final argument is that stipulations would be the more appropriate method of resolving these discovery requests. While such a resolution would have saved this Court and the parties a great deal of time and expense, and defendant agreed to consider any such stipulations, there is no evidence that any such stipulations were forthcoming from plaintiff. There were no sample stipulations attached to plaintiff's Memorandum in Opposition, and no allegation that any such stipulations were served or presented to defendant. Plaintiff's failure to present any stipulations makes his argument that they should have been used completely meritless and inappropriate.

Defendants also ask this Court to order that if any of plaintiff's answers pursuant to this Court's order state that plaintiff lacks sufficient knowledge to admit or deny the request, that plaintiff be precluded from offering evidence to contrary to the fact asserted in the request. This demand, unsupported by any precedential case law, is completely beyond the scope of Rule 36. Both Rule 37(c) and the 1970 Advisory Committee Notes to Rule 36 make clear that the remedy for an insufficient or inaccurate response to a Request for Admission lies exclusively within Rule 37(c). "The sanction for failure of a party to inform himself before he answers lies in the award of costs after trial, as provided in Rule 37(c)." 1970 Advisory Committee Notes to Rule 36(a).

*Extension of Discovery Period*

Defendant has requested a two month extension of the discovery period in order to allow them time to receive and review the compelled materials. Because the materials are ordered submitted within twenty days, I see no reason to extend the discovery deadline. Defendant has not contended that any further discovery remains other than that which is the subject of this motion. Rather their request is grounded entirely on allegations that they are entitled to a two-month extension because of "Plaintiff's foot dragging." Without a more practical reason for the extension, this Court will not do so. If further discovery remains to be conducted, defendants should file a motion for extension with The Honorable James McGirr Kelly, before whom the case will be tried. The Request for Extension of the Discovery Deadline will be denied without prejudice.

*Award of Fees and Expenses*

The final issue before me is the defendants' request that plaintiff be ordered to "pay Defendants for all reasonable expenses, including attorney's fees incurred in preparing the Motion to Compel." Defendants' Motion to Compel at 2. Fed.R.Civ.P. 37(a)(4) governs the awarding of expenses in preparing a motion. The crux of the Rule is that if a motion is granted, the Court *shall,* after a hearing on the motion, "require the party whose conduct necessitated the motion, or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified ..." The converse holds true if the motion is denied; that is, the moving party may be liable for fees and expenses incurred in responding to the motion.

*15 In the instant case, where the motion is granted in part and denied in part, "the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just matter." Because the motion was granted almost in its entirety, and because it appears that many of plaintiff's objections were not substantially justified, this Court finds that defendants are entitled to a partial award of expenses. Thus, a hearing on the matter will be scheduled and defendants shall submit a statement of the fees and expenses involved in preparation of this motion within 5 days to which plaintiff will have an equal amount of time to respond.

An appropriate order follows.

FN1. Defendant's brief indicates that after receiving plaintiff's responses to the various discovery requests and finding that they contained a number of objections and, in its view, non-responsive answers, defendant forwarded a letter (attached as exhibit "D" to

Case 3:03-cv-00166-SRU   Document 51   Filed 02/19/2004   Page 19 of 20

Not Reported in F.Supp.   Page 11
(Cite as: 1993 WL 377064 (E.D.Pa.))

Defendant's Motion to Compel) requesting more complete responses. After plaintiff made what in defendants' view was an incomplete attempt to respond to various document requests, then plaintiff's counsel failed to respond to a series of "follow-up inquiries", Defendants' Memorandum at 2, and did not meet with defendants' counsel for over a month. Defendants state that they still have not received the documents plaintiff agreed to produce at that meeting, much less responses to admissions and interrogatories to which plaintiff objected.

FN2. Plaintiff also claims that the facts set forth in the brief in support of the motion are insufficient. Plaintiff does not, however, impeach the veracity of those facts, and this Court therefore accepts them as true. Considering those facts, the very few documents which have been produced subsequent to the filing of the motion, and the numerous "absolute" objections raised by plaintiff which are not amenable to negotiation (such as relevance, privilege, etc.), this Court finds that the allegations made by defendant in its brief are more than sufficient to comply with Local Rule 24(f).

FN3. "[T]he Federal Rules 'permit the broadest possible scope of discovery and leave it to the enlightened discretion of the district court to decide what restrictions may be necessary in a particular case.' " (Citations omitted.) *Heat and Control, Inc., 785 F.2d at 1024*.

FN4. Since the entire motion has been referred to this United States Magistrate Judge, all issues contained therein are properly before me for disposition. Thus, it is not improper for me to consider the possibility of sanctions when raised by a party. See *Blancato v. St. Mary Hospital*, 91-CV-4114, slip op. at 8-9 (E.D.Pa. April 12, 1993) (Angell, U.S.M. Judge).

FN5. It is apparent to this Court that by raising a privilege objection to this interrogatory, plaintiff intends to raise the physician-patient privilege. However, plaintiff never specifies any such privilege, nor anywhere in the body of his response to either the document requests of the instant motion does he ever mention a privilege other than the attorney-client and work product privileges. This Court cannot and will not allow plaintiff's blanket objection on the grounds of "other applicable privilege or immunity" to be considered proper. It does not specifically raise any privilege at all, much less present sufficient facts to allow this Court to make a ruling on the applicability of any privilege.

FN6. Plaintiff avers in his Memorandum in Opposition that additional documents responsive to the document requests at issue have been produced since the filing of the motion to compel. However, neither party has filed either a comprehensive list or copies of any such additional documents. Absent such information from the parties, this Court is unwilling and unable to assume that any further responsive documents have been produced.

FN7. In regard to the most of the document requests at issue, specifically requests nos. 2, 3, 4, 5, 10, and 11, plaintiff has stated, following his list of objections, "Subject to the foregoing objections, the plaintiff will produce non-privileged documents responsive to this request." Obviously, plaintiff need not re-produce any documents already produced. But no documents should be withheld on privilege grounds because plaintiff has failed to properly plead any such privileges either in response to the documents, or in his response to the instant Motion to Compel.

FN8. In his Memorandum in Opposition, plaintiff stated: "[i]n sum, the plaintiff has absolutely no information about these articles from which he could determine their authenticity and grant an admission." Memorandum at 7. Plaintiff still does not allege any reasonable attempt to inquire as to the genuineness of the documents. If after such reasonable inquiry plaintiff was unable to admit or deny, he had only to so state. Instead, plaintiff chose to raise a meritless objection which has absolutely no support in the language, or intent, of the

Case 3:03-cv-00166-SRU   Document 51   Filed 02/19/2004   Page 20 of 20

Not Reported in F.Supp.
(Cite as: 1993 WL 377064 (E.D.Pa.))

Page 12

rule.

FN9. In fact, defendant seeks to have plaintiff answer the interrogatory as to any RFA which plaintiff answered with other than an unqualified admission, such as a denial or an inability to admit or deny. There is no principle permitting such broad inquiry, and the Rule specifically limits such inquiries to an answer alleging an inability to admit or deny the RFA.

FN10. This RFA appears in two separate categories because plaintiff raises objections relevant to both categories.

FN11. This RFA appears in two separate categories because plaintiff raises objections relevant to both categories.

FN12. For example, RFA no. 25 asks plaintiff to admit or deny that: "A person can become infected with the human immunodeficiency virus (HIV) if the blood of an HIV infected person comes into contact with an open wound, body cavity, subcutaneous tissue, or mucous membrane of the first person."  This RFA appears susceptible to an admission, a denial, a qualified admission, or, presumably, an inability to admit or deny.  It does not however, appear vague or ambiguous.

1993 WL 377064 (E.D.Pa.)

END OF DOCUMENT