UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM J. MAZE, | : |
| Plaintiff, | : CIVIL ACTION NO.<br>: 3:03CV166 (SRU) |
| v. | : |
| FINANCIAL FREEDOM SENIOR<br>FUNDING CORPORATION, | : |
| Defendants. | : FEBRUARY 17, 2004 |

### AFFIDAVIT OF LORAINE M. CORTESE-COSTA, ESQ.

Loraine Cortese-Costa, being duly sworn, does say:

1. I am an attorney with the law firm of Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C., representing Defendant in the within matter.

2. On June 12, 2003, Defendant served its First Set of Interrogatories and Requests for Production of Documents (Exhibit A hereto) upon Plaintiff, in the captioned matter.

3. On July 10, 2003, Plaintiff served his objections to Defendant's First Set of Interrogatories and Requests for Production of Documents. Plaintiff objected to some of the discovery requests, including Request for Production No. 4 which sought information regarding Plaintiff's income, on relevancy grounds.

4. On August 4, 2003, Plaintiff served his responses to Defendant's First Requests for Production of Documents; no information was provided regarding Plaintiff's income in response to Request for Production No. 4.

5. On August 26, 2003, I wrote Plaintiff's counsel a letter as to the relevancy of income information in a case where damages for loss of income were sought (attached as Exhibit B).

6. On October 7, 2003, Plaintiff's counsel and I had a conference to discuss outstanding discovery issues after the completion of Plaintiff's deposition. At the meeting, I made the same assertion set forth in Exhibit B hereto and Plaintiff's counsel agreed to disclose Plaintiff's income documents for the "relevant" time period of 2001 and 2002 in response to Request for Production No. 4.

7. On October 13, 2003, Plaintiff's counsel sent me a letter confirming her agreement to disclose Plaintiff's 2001 and 2002 income documents. (Attached as Exhibit C hereto).

8. Having not received the agreed upon documents, on December 22, 2003, I made another request (attached as Exhibit D) to which Plaintiff's counsel again responded on January 7, 2004, that the documents would be provided. On January 8, 2004, I telephoned Plaintiff's counsel and left a voicemail asking her to contact me requesting the various pending discovery issues. She did not return my call.

9. On January 25, 2004, Plaintiff's counsel sent another letter to me (attached as Exhibit E) stating that Plaintiff was having some "difficulty" determining his earnings for 2001 and 2002 because he had filed his tax returns jointly. Plaintiff gave an estimate of his 2001 earnings and Plaintiff's counsel asserted that she would forward his 2002 estimate so that it is "available to you at the time of the settlement conference", however, no settlement conference has yet been scheduled. No documents were provided. Also on January 25, 2004, Plaintiff finally provided a damages analysis (see Exhibit E hereto) which includes a claim for damages for lost income in 2003.

10. On January 29, 2004, the undersigned sent Plaintiff's counsel a letter suggesting that spousal information could be redacted from the tax returns but that 1099s and W-2s, which do not reflect spousal information, were requested and should be provided as well (attached as Exhibit F)

11. As of this date, Plaintiff has produced no responsive documents regarding his income.

*Loraine M. Cortese-Costa* (signature)
Loraine M. Cortese-Costa

Sworn and subscribed to before me
this 17th day of February, 2004.

*Janice P. DeLuca* (signature)
Notary Public
My Commission Expires: 3/31/07
P:\lit\CTC\311750\002\00038342.DOC

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM J. MAZE,                        :
                                        :     CIVIL ACTION NO.
    Plaintiff,                          :     3:03CV166 (SRU)
                                        :
v.                                      :
                                        :
FINANCIAL FREEDOM SENIOR                :
FUNDING CORPORATION,                    :
                                        :
    Defendant.                          :     JUNE 12, 2003

## DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

Defendants, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, hereby request that Plaintiff answer the following interrogatories under oath within 30 days of service and produce legible copies of all requested documents in the Plaintiff's possession, custody, or control for inspection and/or copying at the office of the undersigned counsel within thirty (30) days, or at such other time and place as may be mutually agreed upon by counsel for the purposes of inspection and copying by the Defendants.

## DEFINITIONS AND INSTRUCTIONS

A.    Sufficient blank space for inserting a typed response has been provided following each Interrogatory. If the space provided should prove insufficient for your entire answer, please retype the Interrogatory and provide the entire answer on a separate sheet of paper.

B. With respect to each Interrogatory, in addition to supplying the information requested by identifying the specific document referred to, please identify all documents which you consulted or to which you referred in preparation of your answer.

C. In lieu of identifying any document in the manner hereinafter prescribed, you may attach the document and all non-identical copies thereof to your answers, and make them available for inspection and copying at the time and place to be agreed upon among counsel for the parties. If this procedure is followed, however, each interrogatory or portion thereof to which the document is intended to respond should be specified in the case of each such document.

D. Unless otherwise indicated, each Interrogatory is not restricted to a particular time period. If the answer to any Interrogatory is different for different time periods, please so indicate and answer separately for each such time period.

E. If any document identified in an answer to an Interrogatory was in your possession or subject to your custody or control, but is no longer, or it was know by you to exist, but is no longer in existence, please state what disposition was made of it and its present location, if known.

F. For the purpose of these Interrogatories, the following definitions shall apply:

1. "Plaintiff" means WILLIAM J. MAZE and all persons acting or purporting to act on his behalf whether collectively or individually.

2. The terms "documents," "record" and the like mean any kind of written, printed, typed, recorded or graphic material however produced or reproduced of any kind or description, including originals, all copies, and all drafts. These terms include, by way of illustration, but are not limited to, the following items, whether

printed, recorded, stored or reproduced by any electronic or mechanical process, or written or produced by hand: agreements, communications, state and federal governmental hearings and reports, correspondence, telegrams, studies, notices, reports, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, charts, plans, drawings, sketches, maps, books, pamphlets, newspaper and periodical articles and clippings, accounting records, invoices, canceled checks, receipts, forms, minutes, computer printouts, microfilm, microfiche, tape recordings, summaries of records or meetings or conferences, summaries or reports of consultants, photographs, motion picture films, brochures, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing in any document and other pertinent information stored in any information storage or retrieval system, whether mechanical, magnetic, electronic, or otherwise, and all other writings.

3. "Identify," when used with respect to a document, means:

   a. To specify the nature of the document (e.g., letter, memorandum, etc.);

   b. to state the date appearing on the document or, if no date appears, the date on which the document was prepared;

   c. to state the date on which the document was transmitted to each recipient;

   d. to state the number of pages of the document;

  e. to give a brief description of a contents of a document;

  f. to identify each person who wrote, signed, dictated, submitted, reviewed, approved, or otherwise participated in the preparation of the document;

  g. to identify each person who received the document or was an addressee thereof and each person who received a copy of a document;

  h. if the document now exists, to give its location and to identify each person who has custody of it;

  i. if the document does not now exist to state the disposition that was made of it and to identify the person who disposed of it;

  j. to identify separately each attachment to the document in the manner provided in this instruction.

 4. "Identify," when used with respect to a person, means to state the person's name, home and business address and home and business telephone numbers.

## INTERROGATORIES

 1. Please identify the name, address and employer of each person who provides any information in response to these interrogatories.

ANSWER:

2. Identify each of Plaintiff's employers from January 1, 2000 through the date of trial specifying the date of hire, position and/or title held, salary, incentives, commissions and benefits, date and reason for termination, if applicable, and name and title of direct supervisor.
RESPONSE:

3. Describe all efforts Plaintiff has made to obtain employment from January 1, 2000 through the date of trial. Identify each employer contacted, the date and means of contact, the identity of each person contacted, the position sought, the salary, commissions and benefits associated with each position, dates of and names of participants in any interview, whether an offer was extended and the reason why any such offer was declined if applicable.
ANSWER:

4. Has Plaintiff sought or received treatment or counseling related to his mental or emotional state at any time prior to, during or after his alleged employment with Defendant? If yes, identify each and every institution or provider from whom the Plaintiff has received such treatment, including name and address of provider, diagnosed condition(s), dates and nature of services provided and whether treatment is concluded or continuing.

ANSWER:

5. Identify by name, address and telephone number each individual with whom Plaintiff communicated regarding Reverse Mortgage Loans during 2000 and 2001 including without limitation potential or actual customers and, for each, specify the date, means and subject matter of each communication.

ANSWER:

6.  Identify the reverse mortgage loan application Plaintiff claims he was working on as alleged in Paragraph 19 of the Complaint and the efforts Plaintiff claims to have made in connection with such application.

ANSWER:

### REQUEST FOR PRODUCTION

1.  Any and all documents referring to, relating to or constituting the alleged commission agreement between Plaintiff and Defendant and/or the alleged promise to pay Plaintiff commissions.

2.  Any and all documents which refer or relate to Plaintiff's alleged employment or separation from employment with Defendant, including but not limited to, all communications with any person alleged to be an agent or representative of Defendant, any documents relating to terms and conditions of employment, including without limitation compensation.

3. Any and all documents referring to, relating to or constituting the "operating agreement" referenced in paragraph 47 of the Complaint.

4. Any and all documents referring or relating to any income received by Plaintiff from 1999 through the date of trial, including without limitation, his income tax returns, 1099s, W-2 forms, and payroll stubs for those years.

5. Any and all documents relating to medical examinations and/or physicians or health care provider's records, reports or invoices relating to Plaintiff's alleged emotional distress including medical authorizations to obtain records from any treating provider (medical authorization attached).

6. Any and all documents that refer or relate to Plaintiff's claims, including but not limited to Plaintiff's own journals, diaries, letters, e-mails, memos or other documents.

7. Any and all documents which Plaintiff believes support the claims made in his Complaint.

8. Any and all documents referred to in Plaintiff's Initial Disclosure.

Done at Bridgeport, Connecticut, this 12th day of June, 2003.

_____
Loraine M. Cortese-Costa
Durant, Nichols, Houston, Hodgson
& Cortese-Costa, PC
1057 Broad Street
Bridgeport, CT 06604
203-366-3438
Federal Bar No. ct03984

ATTORNEYS FOR DEFENDANT

## VERIFICATION

This is to certify that I have read the foregoing responses to Defendants' First Set of Interrogatories and state that they are true and accurate.

_____
William J. Maze

State of Connecticut   )
                       )   ss:
County of              )

On the \_\_\_ day of \_\_\_\_\_, 2003, before me personally appeared William J. Maze, who affirmed under oath the truth of the foregoing instrument and also acknowledges his execution of the above document.

_____
Notary Public

## MEDICAL AUTHORIZATION

TO: _____

_____

_____

_____

I hereby authorize you to release to Durant, Nichols, Houston, Hodgson & Cortese-Costa, PC all records, reports, test results and other documentation concerning the examination and treatment of me to the present.

A photostatic copy of this authorization shall be considered as effective and valid as the original.

Dated at _____, this \_\_\_\_ day of _____, 2003.

_____
William J. Maze

Sworn and subscribed to before me this
\_\_\_\_ day of _____, 2003.


_____
Notary Public
My Commission Expires:

P:\lit\CTC\311750\002\00034194.DOC

## CERTIFICATION

This is to certify that I have caused to be served, this 12th day of June, 2003, the above and foregoing via U. S. Mail, certified mail, return receipt requested, to the following counsel and pro se parties of record:

Valerie E. Maze, Esq.
1465 E. Putnam Avenue
Old Greenwich, CT 06870

*Loraine M. Cortese-Costa*
Loraine M. Cortese-Costa

P:\lit\CTC\143800\137\00034189.DOC