# EXHIBIT B

# DURANT, NICHOLS, HOUSTON, HODGSON & CORTESE-COSTA, P.C.

Loraine M. Cortese-Costa**
Natale V. Di Natale**
E. Terry Durant*
Lisa Grasso Egan
Christopher M. Hodgson
Donald F. Houston
David J. Kelly**
Pamela J. Coyne

Also admitted in Virginia*
Also admitted in New York**

ATTORNEYS AT LAW

1057 Broad Street
Bridgeport, Connecticut 06604-4219
Tel. (203) 366-3438    Fax (203) 384-0317
www.durantnlc.com

Of Counsel
George N. Nichols

Paralegals
Clara Cuneo Koczi
Megan L. Krom

August 26, 2003

Valerie E. Maze, Esq.
1465 Putnam Avenue,
Unit #111
Old Greenwich, CT 06870

    Re:    William Maze v. Financial Freedom Senior Funding Corp.
             Civil Action No. 3:03CV166 (SRU)

Dear Attorney Maze:

    Enclosed, please find, with reference to the above: (1) the Defendant's Objections to Plaintiff's First Set of Interrogatories and Requests for Production; and (2) a notice to continue Plaintiff's deposition on September 4, 2003.

    With respect to other outstanding discovery issues, Plaintiff's Objections to Defendant's First Set of Interrogatories and Request for Production objected to Request for Production No. 4, which sought "[a]ny and all documents referring or relating to any income received by Plaintiff from 1999 through the date of trial, including without limitation, his income tax returns, 1099s, W-2 forms, and payroll stubs for those years." The material sought in this request for production is discoverable because the plaintiff is claiming loss of income as part his damages. The defendant is entitled to know what income Plaintiff has earned since his alleged discharge and whether his claimed damages were mitigated by such income or otherwise.

    The plaintiff also had objected to Interrogatory No. 1, which sought the name, address and employer of any individual supplying information in response to the interrogatories. Certainly, any such individual is discoverable as a potential witness.

    In addition, during the plaintiff's deposition on August 14, 2003, he mentioned several documents that were not provided in your discovery response. Specifically, the plaintiff discussed: (1) his resume; (2) notes of conversations he had with individuals regarding the employment alleged in the Complaint; (3) diaries of meetings regarding the employment alleged in the Complaint; and (4) a copy of the Financial Freedom Employee Handbook. All of these are covered under the various production requests and I would request that copies be produced.

Finally, Plaintiff's damages analysis was due on August 15, 2003 and has not been received. Please provide at your earliest convenience.

Please feel free to call if you would like to discuss any of these issues further.

Sincerely,

Loraine M. Cortese-Costa

LMC-C/jvd
P:\lit\pd\311750\002\00035285.DOC

# EXHIBIT C

## **Valerie E. Maze**
Attorney-at-Law
1465 E. Putnam Avenue, # 111
Old Greenwich, CT 06870
Tel: (203) 698-1509; e-mail: VEMaze@aol.com

October 13, 2003

Lorraine M. Cortese-Costa, Esq.
DURANT, NICHOLS HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT 06604

Re: **William Maze v. Financial Freedom Senior Funding Corp**.

Dear Attorney Cortese-Costa (Lorraine):

I have not heard from you regarding after your discussion with your client about our conference in reference to defendant's objections to the plaintiff's discovery request and for compliance with the interrogatory regarding disclosure of the commission fees on the nine mortgages the plaintiff generated the lead on. Obviously this information is necessary for a damages analysis and there is no objection pending to the interrogatory. I am serving another short discovery request relating to the issue of damages and also to the issue of lead generation prompted by a line of questioning at the plaintiff's deposition.

As to the plaintiff's objections to the defendant's discovery request: We have agreed that interrogatory 1 excludes attorney-client communications. In addition, we agreed that the plaintiff's 2001 and 2002 earnings will be disclosed to you. The plaintiff is putting that information together.

You mentioned on October 7, 2003 that Jeanine Ehrlich is no longer a Financial Freedom Senior Funding Corp. employee. I asked you at that time for her last known address. If you do not intend to provide it, please let me know. Thank you.

A copy of a motion to add a party defendant/amend is enclosed.

Very Truly Yours,

Valerie E. Maze

Enc.



# EXHIBIT D

**DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.**

Loraine M. Cortese-Costa**
Natale V. Di Natale**
E. Terry Durant*
Lisa Grasso Egan
Christopher M. Hodgson
Donald F. Houston
David J. Kelly**
Pamela J. Coyne
Peter Dagostine

Also admitted in Virginia*
Also admitted in New York**

ATTORNEYS AT LAW

1057 Broad Street
Bridgeport, Connecticut 06604-4219
Tel. (203) 366-3438    Fax (203) 384-0317
www.durantnic.com

**Of Counsel**
George N. Nichols

**Paralegals**
Clara Cuneo Koczi
Megan L. Krom

December 22, 2003

Valerie E. Maze, Esq.
1465 E. Putnam Avenue, #111
Old Greenwich, CT 06870

Re:   William Maze v. Financial Freedom Senior Funding Corp.
      Civil Action No. 3:03CV166 (SRU)

Dear Attorney Maze:

I am in receipt of your motion to compel and wanted to clarify a few issues in an attempt to narrow what the Court must address.

With respect to the amount of the commissions paid on certain loans specified in your interrogatories, I have given you all the information that Financial Freedom has regarding these loans including the loan amounts. Efforts to locate the commission amounts paid have been unsuccessful as I previously informed you. Presumably, Plaintiff has some idea what the commission amount claimed is based upon the loan amounts provided you.

With respect to Interrogatories 10, 12, 13, 14, 18 and Requests For Production 10, 12 and 13, I had agreed to check with my client regarding whether any of this information was provided to Financial Freedom by Unity and is still available. It was not. The information available to Financial Freedom has been provided to you.

With respect to those discovery requests for which the asset purchase and related agreements are responsive, I was completely up front with you regarding the proprietary concerns involved absent Unity as a party to this suit. I thought the issue had been resolved when you finally moved to join Unity as a party and I agreed to provide the documents once Unity was served (I did not foresee service being an issue for you). You have apparently now decided to "dismiss" Unity as a party, however, attached is Financial Freedom's Answer to the Second Amended Complaint with Cross-Complaint against Unity. Once I have served Unity with the Cross-Complaint and notified it that you have moved to compel production of the

agreements, I will provide the relevant documents to you pursuant to a protective order. I have attached a draft protective order and request your comments.

With respect to Interrogatory 5, although I certainly disagree with your characterization of the request as even potentially relevant, attached is the list of loans for which Jeannie Ehrlich was paid a commission in 2001 and 2002. Since you already have a listing of all loans closed in Connecticut during that time period, you should have no trouble determining what, if any, loans in Connecticut Ms. Ehrlich was paid commissions on.

With respect to Interrogatory 11, if you really believe this information has any bearing whatsoever on any issue in this lawsuit, which I fail to see, please let me know and I will recommend to my client that they make their thousands of loan files available for your inspection as they are kept in the regular course of business.

Finally, during our discovery conference you had agreed to get back to me with respect to Plaintiff's failure to produce requested tax returns and resumes. I have never heard back from you. Kindly provide those documents at your earliest convenience.

Please let me know if you have any questions or if you believe further discussion could resolve any other outstanding issue.

Very truly yours,

Loraine M. Cortese-Costa

LMCC:hbb
P:\general\lcc1\311750\002\00037420.DOC