# EXHIBIT E

# Valerie E. Maze
**Attorney-at-Law**
1465 E. Putnam Avenue, # 111
Old Greenwich, CT 06870
Tel: (203) 698-1509; e-mail: VEMaze@aol.com

January 25, 2004

Lorraine M. Cortese-Costa, Esq.
DURANT, NICHOLS HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT 06604

Re: <u>William Maze v. Financial Freedom Senior Funding Corp</u>.

Dear Attorney Cortese-Costa (Lorraine):

Thank you for the additional partial information provided in your letter dated January 15, 2003 as to the origination fees paid on seven of the loans. We must reserve our rights to move for sanctions given the extremely late (and partial) disclosure.

We have done our best to compute a damages analysis at this point based on the information provided. See enclosed.

This is an attempt to discuss and resolve defendant's objections to the plaintiff's SECOND discovery request served October 14, 2003 to which you objected on November 6, 2003 based on alleged untimeliness. I am attempting to point out to you that the <u>Edberg</u> case you have cited is distinguishable: In that case the discovery request at issue was dated only 7 days before the "completion" date specified in the scheduling order. In our case, we had no "completion" date in the court's order -- we had a discovery cut off date. In addition plaintiff's second discovery request was short and to the point and was served approximately two weeks before that cut off date, i.e., within the time permitted I believe. In addition, and very significant to the court in the <u>Edberg</u> case, the plaintiff's counsel there had specifically represented in a conference with the court that discovery was complete except for a deposition; despite that representation, plaintiff subsequently served a written discovery request. There was no such representation made here. (I am not aware that <u>Edberg</u> is the only authority on this issue either but even if it is it is distinguishable for the reasons stated).

Furthermore, with respect to the equities of the situation, from plaintiff's point of view, Financial Freedom's general strategy in this case has appeared to be one of unfair objections and stonewalling which is the kind of unfair corporate tactics

for which I believe courts have little patience. It is also my recollection that during this litigation Financial Freedom has sought and obtained extensions of various kinds to which plaintiff was always cooperative. I cannot say the opposite has been true.

I would ask that Financial Freedom consider withdrawing the objections asserted and provide responses to the plaintiff's Second Discovery Request dated October 13, 2003 so as to avoid my having to go forward with another motion to compel and seeking further sanctions.

With regard to further information the plaintiff agreed to provide to you: Enclosed please find a copy a resume of the plaintiff. It is not current but it is the last one he has at hand.

As to Mr. Maze's earnings for 2001 and 2002, unfortunately there has been some difficulty in ascertaining the precise amounts because the tax filings were joint. The plaintiff believes the amount is approximately $9,000 for 2001. We will confirm that and also get you the 2003 earnings as soon as possible so that they are available to you at the time of the settlement conference.

Thank you.

Very Truly Yours,

Valerie E. Maze

Enc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM J. MAZE | : |
| | :     CASE NO: |
| V. | :     303CV166 (SRU) |
| | : |
| FINANCIAL FREEDOM SENIOR | : |
| FUNDING CORP. | :     January 25, 2004 |

### PLAINTIFF'S SUPPLEMENTAL DISCLSOSURE

The plaintiff hereby supplements his initial disclosures to defendant as follows:

**2. A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of plaintiff that the plaintiff may use to support its claims, unless solely for impeachment:**

*A. Description by category: Reverse mortgages known to plaintiff to date granted to Financial Freedom Senior Funding Corp. by senior homeowners as a result of leads generated by plaintiff:*

Based on defendant's partial disclosures up to present, plaintiff supplements paragraph 2 A of his previous disclosure as follows:

Mortgage from Loretta Pipicelli granted to Financial Freedom Senior Funding Corp. in the amount of $344,850.00 recorded at Book 3676, page 189 of the Greenwich Land Records, 10/9/01

Mortgage from Rafella Vizzari granted to Financial Freedom Senior Funding Corp. in the amount of $599,400.00 recorded at Book 3694, page 189 of the Greenwich Land Records, 11/7/01

Mortgage from Adelaide Stowell granted to Financial Freedom Senior Funding Corp. in the amount of $644,900.00 recorded at Book 3695, page 76 of the Greenwich Land Records, 11/8/01

Mortgage from Genevieve Walsh granted to Financial Freedom Senior Funding Corp. in the amount of $542,334.00 recorded at Book 4004, page 16 of the Greenwich Land Records, 10/25/02

Mortgage from Svea Schnabel to Financial Freedom Senior Funding Corp. in the amount of $692,998.00 recorded at Book 4007, page 297 of the Greenwich Land Records, 10/29/02

Mortgage from Claire B. Hirt granted to Financial Freedom Senior Funding Corp. in the amount of $344,850.00 recorded at Book 5763, page 1 of the Stamford Land Records, 5/1/01

Mortgage from Felicity A. Hoffecker granted to Financial Freedom Senior Funding Corp. in the amount of $111,506.24 recorded at Book 5898, page 323 of the Stamford Land Records, 8/20/01

Mortgage from Margaret Y. Brondo granted to Financial Freedom Senior Funding Corp. in the amount of $330,000.00 recorded at Book 6197, page 32 of the Stamford Land Records, 4/11/02

Mortgage from Sophie Parker granted to Financial Freedom Senior Funding Corp. in the amount of $356,250.00 recorded at Book 6274, page 265 of the Stamford Land Records, 6/7/02

Mortgage from Huitgreen in the amount of $561,450.00 dated 12/14/01 and recorded _____ in volume___ at page _____ of the Greenwich Land Records.

Mortgage from Halka in the amount of $169,727.66 dated June 27, 2002 and recorded July 2, 2002 in volume___ at page _____ of the Greenwich Land Records.

*Plaintiff reserves the right to discovery, and use in support of his claims, all other such reverse mortgages not yet known to plaintiff which were generated as a result of plaintiff's efforts.*

2

3. **A computation of any category of damages claimed by the disclosing party, making available for inspection and copying the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:**

Plaintiff provides the following computation based on current information and belief:

(i) Economic damages in the amount of $ 360,000.00 based on: Twice the amount of commissions plaintiff likely would have earned as Reverse Mortgage Specialist for 2001, 2002 and 2003[1] but for improper termination and/or unfair and deceptive trade practices and including approximately $72,000.00, the amount comprising twice the approximate amount of commissions plaintiff was due on the following specific known reverse mortgages referenced in response to 2A for which plaintiff generated leads and which Financial Freedom subsequently closed: Brondo, Schnabel, Pipicelli, Vizzari, Stowell, Walsh, Hirt, Hoffecker, Parker, Huitgreen and Halka;

(ii) <u>plus</u> $1,241.64 for plaintiff's business costs -- lists of elderly homeowners; tax-abatement recipients obtained from Town of Greenwich and City of Stamford by plaintiff's freedom-of-information requests and follow-up ($74.) Cost of postage for reverse mortgage mailing cards ($396); cost of printing color reverse mortgage mailing cards ($225); Federal Express charges for reverse mortgage mailing cards - printer ($33.94); mailing labels ($58.30); cost of installation of Financial Freedom software for use in course of business of marketing for Financial Freedom ($332.00); upgrade re plaintiff's installation of Financial Freedom software ($122.40); plus

(ii) Non-economic damages of <u>$10,000.00</u> for emotional distress; plus

---

[1] The defendant Financial Freedom has objected to providing the amounts of annual median commissions paid to its reverse mortgage specialists. See defendant's objections to plaintiff's second discovery request. Based on the disclosure as to the two full-time reverse mortgage specialists, Mr. Avela and Mr. Harrison, that has been provided as to commissions they were paid by Financial Freedom, it appears that the lower amount of the two per annum is approximately $60,000.00 per annum. Plaintiff's claim is thus 3 x $60,000.00 = $180,000 x 2 pursuant to C.G.S. section 31-72h (permitting twice the amount of compensation deprived /or double damages for unfair or deceptive trade practices pursuant to C.G.S. section 42-100g) = $360,000.00.

3

    (iii) Punitive damages in an amount equal to the plaintiff's attorney's fees; plus

    (iv) Attorney's fees in the amount of one-third of plaintiff's total recovery; plus

    (v) Double litigation costs in amount of approximately $1,500.000 pursuant to C.G.S. §31-72 and C.G.S. §52-245; plus

    (vi) Prejudgment interest on the foregoing; plus

    (vii) Interest for wrongful detention of funds with respect to the commission fees due on the following known reverse mortgages subsequently closed by Financial Freedom: Brondo, Schnabel, Pipicelli, Vizzari, Stowell, Walsh, Hirt, Hoffecker, Parker, Huitgreen and Halka.

*Plaintiff reserves the right to amend and supplement this response up to the time of trial and following judicial resolution of discovery compliance issues.*

                              THE PLAINTIFF

                              By: _____
                                    Valerie E. Maze
                                    Fed. Bar No. CT14080
                                    1465 E. Putnam Avenue
                                    Old Greenwich CT
                                    06870
                                    Tel: (203) 698 1509

Certification

This is to certify that the foregoing was sent via certified first-class U.S. mail on January 26, 2004 to:

Lorraine M. Cortese-Costa, Esq.
DURANT, NICHOLS HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT  06604

_____
Valerie E. Maze

## BILL MAZE

6A Lockwood Drive
Old Greenwich, CT 06870
Telephone: 203-637-0786
Fax: 203-637-0277

| | |
|---|---|
| **Business Background:** | International sales and design, high quality apparel fabrics. |
| 1996 – Present | Independent sales agent for textile designs to manufacturers, printers and designers in the garment industry and retail stores. |
| 1986 – 1996 | Converter of Italian printed textile fabrics. Sales to and design collaboration with business executives and designers at all levels, including Ralph Lauren, Calvin Klein, Alexander Julian, and specialty stores such as Brooks Brothers. |
| 1981 – 1996 | U.S. sales representative for Vincenzo Miozza, S.P.A. (Como, Italy), manufacturers of printed silk fabrics for the menswear industry. Sales to, and design collaboration with leading designers and retail stores. Increased sales approximately 600% during this period. |
| 1970 – 1981 | U.S. sales representative for David Evans & Co., Ltd. (Crayford, England), manufacturers of printed and woven textiles. In charge of all sales for U.S.A. and Canada. Developed the volume of a small core business into several million dollars per annum. |
| Prior to 1970 | Sales and marketing of menswear garments to retail stores in the U.K. |
| **Education:** | Graduate, Belfast Technical College, Northern Ireland. Major: Textile Technology and Design, English Literature |
| **Interests:** | Golf, music, and film. |

# EXHIBIT F

# DURANT, NICHOLS, HOUSTON, HODGSON & CORTESE-COSTA, P.C.

Loraine M. Cortese-Costa**
Natale V. Di Natale**
E. Terry Durant*
Lisa Grasso Egan
Christopher M. Hodgson
Donald F. Houston
David J. Kelly**
Pamela J. Coyne
Peter Dagostine

Also admitted in Virginia*
Also admitted in New York**

ATTORNEYS AT LAW

1057 Broad Street
Bridgeport, Connecticut 06604-4219
Tel. (203) 366-3438    Fax (203) 384-0317
www.durantnic.com

Of Counsel
George N. Nichols

Paralegals
Clara Cuneo Koczi
Megan L. Krom

January 29, 2004

Valerie E. Maze, Esq.
1465 E. Putnam Avenue, #111
Old Greenwich, CT 06870

Re:   **William Maze v. Financial Freedom Senior Funding Corp.
        Civil Action No. 3:03CV166 (SRU)**

Dear Valerie:

I received today your correspondence dated January 25 with reference to the above matter.

With respect to your assertions regarding the untimeliness of Plaintiff's second set of discovery, my objection in November of 2003, as specifically pointed out therein, is based upon my experience with many of the Judges in this District who uphold the rule that discovery cutoff (or completion) dates cannot be extended simply by agreement of counsel and that extensions must be requested from the Judge. If you had, as my November 2003 objection suggested, sought an extension from the Judge, I likely would have consented at that time. I certainly will not consent to any extension now, over two months later.

With respect to your extremely late (and nonresponsive) disclosure of Plaintiff's income information, you may redact the spousal information from the tax returns but I want copies. I also want complete copies of the W-2s and 1099s which do not reveal any spousal information.

Very truly yours,

Loraine M. Cortese-Costa

Enclosures
P:\general\LCC\311750\002\00038117.DOC