UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

WILLIAM J. MAZE                  : 2004 FEB 23 P 2: 13

V.                               : CASE NO:
                                 : 303CV166 (SRU)
                                 :
FINANCIAL FREEDOM SENIOR         :
FUNDING CORP.                    :           February 18, 2004

**PLAINTIFF'S MOTION FOR PERMISSION TO SERVE ADDITIONAL
DISCOVERY REQUEST DIRECTED TO DEFENDANT'S PURPORTED
SUPPLEMENTAL INITIAL DISCLOSURES DATED JANAURY 20, 2004 OR,
IN THE ALTERNATIVE, MOTION TO PRECLUDE**

In their initial planning report, the parties agr3eed that the information required by Fed. R. Civ. P. 26(a)(1) would be disclosed by May 20, 2003. In keeping with its apparently intentional strategy of "withhold and delay" in the conduct of this litigation, the defendant Financial Freedom now purports to serve untimely Supplemental Initial Disclosures dated January 20, 2004. See **Exhibit A** attached hereto. Said purported supplemental initial disclosures now disclose two additional witnesses and additional documents not heretofore disclosed although they were long since known to the defendant (one document disclosed is dated November 2000).

Plaintiff hereby moves for permission to serve the attached discovery request dated February 18, 2004 on the defendant Financial Freedom relating to said untimely disclosures or, in the alternative, for an order precluding

defendant from utilizing any testimony or document referenced in the defendant's untimely supplemental initial disclosures at trial.

Plaintiff acknowledges that he also served supplemental disclosures recently containing plaintiff's damages analysis and citing two additional reverse mortgage loans at issue in this litigation. It should be noted, however, that the plaintiff's supplemental disclosures and could not be made earlier as a result of defendant's failure to comply with its discovery obligations and are estimates only based on the partial information available to plaintiff.

THE PLAINTIFF

_[signature]_

BY HIS ATTORNEY
Valerie E. Maze
1465 E. Putnam Avenue
Unit 111
Old Greenwich, CT 06870
(CT14080)
Tel: (203) 698 1509

## CERTIFICATION

I hereby certify that on the 20th day of February 2004, the foregoing was sent to:

Lorraine M. Cortese-Costa, Esq.
DURANT, NICHOLS HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad St.
Bridgeport, CT 06604

_____
Valerie E. Maze

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **WILLIAM J. MAZE,** : | |
| : | CIVIL ACTION NO. |
| Plaintiff, : | 3:03CV166 (SRU) |
| : | |
| v. : | |
| : | |
| **FINANCIAL FREEDOM SENIOR** : | |
| **FUNDING CORPORATION,** : | |
| : | |
| Defendant. : | JANUARY 20, 2004 |

## DEFENDANT'S SUPPLEMENTAL INITIAL DISCLOSURE

Pursuant to Fed. R. Civ. P. 26(a)(1), Defendant supplements its initial disclosures, as follows:

(A)  The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of information.

1)  Todd Walters, Amston Mortgage, 711 Middletown Road, Colchester, CT 06415. Mr. Walters is expected to have information regarding loans procured by Amston Mortgage.

2)  John Harrison, Financial Freedom Senior Funding Corp., 7595 Irvine Center Drive, Irvine, CA 92618. Mr. Harrison is expected to have information regarding loans procured by him.

3)  All persons not already disclosed who have been referenced in the deposition and/or discovery materials of Plaintiff.

(B)  A copy of, or description by category and location of, all documents, data compilations, and tangible things in the possession, custody or control of the party that the disclosing party may use to support its claims or defenses unless solely for impeachment.

EXHIBIT A

The following disclosure is made subject to all objections that may apply.

- 11/23/2000 Formal Offer of Employment letter for Loan Originator position (name redacted) (copy attached hereto).

- All documents in the possession of Unity Mortgage Corp., 7840 Roswell Road, Atlanta, GA 30350 regarding its employment of William Maze.

Done at Bridgeport, Connecticut this 20th day of January, 2004.

*[signature]*
LORAINE M. CORTESE-COSTA
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT  06604
(203)366-3438
Federal Bar No. ct03984

ATTORNEYS FOR DEFENDANT
FINANCIAL FREEDOM

## CERTIFICATION

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified mail, return receipt requested, this 20th day of January, 2004, to all counsel and pro se parties as follows:

Valerie Maze, Esq.
1465 East Putnam Avenue #111
Old Greenwich, CT 06870

*[signature]*
LORAINE M. CORTESE-COSTA

P:\lit\CTC\311750\001\00037940.DOC



**FINANCIAL FREEDOM**

November 23, 2000

Dear  :

Please accept this letter as our formal offer of employment with Financial Freedom Senior Funding Corporation ("Financial Freedom" or the "Firm"), commencing as of November 23, 2000. Your employment by the Firm on and after this start date will be governed by the terms of this letter.

1. **Position.** You will be employed in the position of Loan Originator, with responsibilities within the territory of        , reporting initially to        . You will be employed on a regular, full-time basis, working 40 hours per week.

2. **Compensation.** You will receive compensation in accordance with the commission compensation schedule attached as Exhibit A. All payments will be subject to income tax, payroll tax and other applicable deductions. Your compensation may be reviewed and adjusted from time to time.

3. **Past Service Credit.** You will receive past service credit for your service with Unity Mortgage Corporation for purposes of the Firm's 401K plan, vacation and sick leave eligibility.

4. **Benefits.** The Firm's standard employee benefits plan will be extended to you as of the first of the month after your start date with our Firm. A brief synopsis of the benefits currently provided is attached. Please note that many benefits are only available to full-time employees. For further details, please review the applicable summary plan descriptions for the insurance and 401K plans and the employee handbook for vacation and sick leave.

5. **Reimbursable Expenses/ Sales Materials.** You will be reimbursed for the cost of a home office (800) telephone number, monthly internet service and for marketing expenses pre-approved by your supervisor, in accordance with the Firm's standard guidelines on expense reimbursement, as they may be changed from time to time. The Firm will also provide you with business cards and sales materials.

6. **Confidentiality.** You must strictly comply with all Firm policies concerning confidential or proprietary information and hereby agree to sign an acknowledgement to this effect.

Please understand that the terms and conditions of your employment by Financial Freedom will be governed by standard Firm policies. Among other things, this means that this offer of employment is contingent on the successful completion of a background investigation, as well as on your satisfactorily meeting all pre-employment requirements, including passing a pre-employment drug screen, completion and return of the employment package and producing documentation to verify your identity and eligibility to work in the United States.

November 23, 2000
Page 2

During the course of your employment, you are free to leave at any time for any reason, and the Firm reserves a similar right. Thus, both you and the Firm will have the right to terminate your employment at any time, with or without advance notice and with or without cause. This is called "employment at will," and no one other than an officer of the Firm has the authority to alter this arrangement, to enter into an agreement for employment for a specified period of time, or to make any agreement contrary to this policy and any such alteration or agreement must be in writing, signed by both the officer and you.

We look forward to having you join our Firm. Please indicate your acceptance of this offer of employment by signing below. Retain one copy of this letter for your records and return a countersigned copy to Lesley Hanley, Human Resources Administrator, no later than November 28, 2000.

Sincerely yours,

*[signature]*

Julie B. Villongco
Vice President

Accepted and Agreed:

_____

EXHIBIT A
FINANCIAL FREEDOM
COMMISSION COMPENSATION SCHEDULE

1. **Definitions.**

    Capitalized words in this Commission Compensation Schedule shall have the meanings set forth below:

    "Direct Origination Loans" shall mean those funded Loans that the Firm has determined were originated solely through your own efforts. The identification of loans as Direct Origination Loans or Indirect Origination Loans shall be made by Firm management in its sole discretion.

    "Indirect Origination Loans" shall mean those funded Loans that the Firm has determined you had substantial origination responsibilities, but not solely through your own efforts. The identification of loans as Direct Origination Loans or Indirect Origination Loans shall be made by Firm management in its sole discretion.

    "Annuities" shall mean annuities sold in connection with Direct Origination Loans or Indirect Origination Loans, but only if you are licensed by the applicable State Department of Insurance.

    "Loans" shall mean FHA, "HECM," FANNIE MAE, "HomeKeeper" and Financial Freedom Proprietary loans.

    "Eligible Loans" shall mean Direct Origination Loans and Indirect Origination Loans.

    "Commission Period" shall mean the period from and including the first of each month through the fifteenth of each month and the period from and including the sixteenth of each month through the last day of each month.

    "Draw" shall mean the draw against commission payout described in Paragraph 2 below.

2. **Draw.**

    With respect to the period you are employed by the Firm, you will receive a semi-monthly draw of $750 payable at the end of each Commission Period, against your total commission payout (as set forth in Paragraph 3 below) with respect to such Commission Period. In the event a deficit occurs, it will not be recoverable by the Firm. Should your employment terminate for any reason before the end of a Commission Period, you will be paid a ratable portion of the draw set forth above with respect to the period you were employed by the Firm.

3. **Commission Payout.**
    a) **Commission Eligibility.**
        You will be eligible for commission payout with respect to Direct Origination Loans, Indirect Origination Loans and Annuities.
    b) **Commission Rates.**
        Direct Origination Loans         50% of origination fee
        Indirect Origination Loans       35% of origination fee
        Annuities                        30% of annuity commissions

c) **Commission Calculation.**
Commissions for each Commission Period will be calculated based on Eligible Loans that are funded, and (if applicable) Annuities that are sold, during such Commission Period and will be reduced by the amount of the Draw with respect to such Commission Period.

d) **Timing of Commission Payments.**
Commissions will be paid on the last day of each month for the Commission Period ending on the fifteenth of the month and will be paid on the fifteenth of each month for the Commission Period ending on the last day of each month.

e) **Commission Payments on Termination of Employment.**
Commissions will be paid following any termination of employment with respect to Eligible Loans that were funded, and (if applicable) Annuities that are sold, before such termination of employment. In addition, commissions will also be paid following employment termination with respect to Eligible Loans that have reached at least the underwriting stage at the time of employment termination and that are funded within 60 days after employment termination. No commission payments will be made with respect to Annuities sold after employment termination.

4. **Change in Commission Compensation Schedule.**
The Firm reserves the right to change any of the terms and conditions of this Commission Compensation Schedule at any time. You will be advised of any such changes.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

WILLIAM J. MAZE                    :
                                   :   CASE NO:
V.                                 :   303CV166 (SRU)
                                   :
                                   :
FINANCIAL FREEDOM SENIOR           :
FUNDING CORP.                      :   February 18, 2004

## PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION DIRECTED DEFENDANT'S SUPPLEMENTAL INITIAL DISCLOSURES

Pursuant to Rule 33 and 34 of the Federal Rules of Civil Procedure, in reference to the defendant's Supplemental Initial Disclosure dated January 20, 2004, the plaintiff requests that the defendant Financial Freedom Senior Funding Corp. answer the following interrogatories within 30 days of the date hereof and produce legible copies of all requested documents in the defendant's possession, custody or control for inspection to the undersigned counsel within thirty days of the date hereof or such earlier time as ordered by the Court.

Definitions and Instructions

    A.  Definitions

The terms "defendant" or "Financial Freedom" mean Financial Freedom Senior Funding Corp.

The terms "document" and "writings" and the like mean any kind of written, handwritten printed, typed, recorded, electronic, or graphic material however created

## Interrogatories

1. Please identify by name, title, address and employer, each individual answering these interrogatories.

2. With reference to the "11/23/00 Formal Offer of Employment" (hereinafter "the 11/23/00 Offer") attached to defendant's Supplemental Initial Disclosure dated January 20, 2004, please state the following:

   a. State the name, address and last known telephone number of the person to whom the 11/23/00 Offer was addressed.

   b. State name, address and last known telephone number of the person whose name is redacted on page 2 (document #000012) of the 11/23/00 Offer.

or reproduced of any kind or description including original, all copies and all drafts including, but not limited to: agreements, contracts, transactions, notes, memoranda, communications, reports, correspondence, spreadsheets, electronic documents, electronic mail, facsimile transmissions, studies, notices, summaries, telephone messages, interview records, diaries, calendars, reports, charts, plans, sketches, books, brochures, pamphlets, articles, accounting records, invoices, canceled checks, receipts, forms, minutes, computer printouts, microfilm, microfiches, tape recordings, third-party documents, films, advertisements, press releases, marginal comments in any documents , and all other written communications and writings in whatever form.

   The term "person" includes individuals or entities.

   The term "plaintiff" means William J. Maze.

   The term "you" or "your" refers to Financial Freedom and the person complying with this discovery request on behalf of Financial Freedom.

   B. Instructions

   A.  Blank space for inserting a typed response has been provided following each Interrogatory. If the space is insufficient for your response, please adjust the space. A diskette containing this discovery request in electronic format is provided herewith.

   B.  If you refer to documents in connection with preparing your responses to any Interrogatory, please identify such documents in the answer to the Interrogatory.

   C.  Unless specifically indicated, each Interrogatory is not limited to a particular time period. If your response is limited to a particular time period, please specify that particular time period in your response.

2. As required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, state the telephone numbers of the additional witnesses named in the defendant's Supplemental Initial Disclosures dated January 20, 2004, namely, Todd Walters and John Harrison.

3. Identify the reverse mortgage loans relevant to the claims or defenses in this law suit as to which Todd Walters has information

4. Identify the reverse mortgage loans relevant to the claims or defenses in this law suit as to which John Harrison has information.

5. State the general nature of the information known to Financial Freedom as to how Todd Walters procured the reverse mortgage loans identified in response to interrogatory 3.

6. State the general nature of the information known to Financial Freedom as to how John Harrison procured the reverse mortgage loans identified in response to interrogatory 4.

7. Other than the 11/23/00 Offer, were similar Formal Offers of Employment letters issued by Financial Freedom in the state of New York in 2000 and/or 2001?

8. If the answer to interrogatory 7 is in the affirmative, state the name, address and last-known telephone number of all persons in the state of New York to whom such letters were sent in 2000 and/or 2001.

9. If the answer to interrogatory 7 is in the affirmative, state the name, address and last-known telephone number of all persons in the state of New York who entered into such Formal Offers of Employment with Financial Freedom, that is, who accepted any such offers.

10. Other than the 11/23/00 Offer, were similar Formal Offers of Employment letters issued by Financial Freedom in the state of Connecticut in 2000 and/or 2001?

11. If the answer to interrogatory 7 is in the affirmative, state the name, address and last-known telephone number of all persons in the state of Connecticut to whom such letters were sent in 2000 and/or 2001.

12. If the answer to interrogatory 7 is in the affirmative, state the name, address and last-known telephone number of all persons in the state of Connecticut who entered into such Formal Offers of Employment with Financial Freedom, that is, who accepted any such offers.

Request for Production

Plaintiff requests that defendant produce copies of the documents referenced below within thirty days of the date hereof or within such earlier time as prescribed by the Court. If the production of confidential and privileged communications between Financial Freedom and its attorney would be called for by a request, please state the objection, produce a privilege log, and provide all documents requested except those for which the privilege is claimed.

1. Any and all Financial Freedom formal offer of employment letters identified in response to interrogatory 8.

2. Any and all documents constituting acceptance of Financial Freedom formal offers of employment by persons in the state of New York and the state of Connecticut in 2000, 2001, 2002, 2003 and 2004.

3. All documents identified in defendant's Supplemental Initial Disclosures dated January 20, 2004 at page 2 that are intended to be used by defendant for any purpose in this litigation regarding the alleged employment of William Maze by Unity Mortgage Corp. including but not limited to all such documents in the possession, custody or control of Financial Freedom, its agents/ employees and Financial Freedom's counsel.

THE PLAINTIFF

*[signature]*
BY HIS ATTORNEY
Valerie E. Maze
1465 E. Putnam Avenue
Unit 111
Old Greenwich, CT 06870
(CT14080)
Tel: (203) 698 1509

## CERTIFICATION

I hereby certify that on the 20th day of February, 2004, the foregoing was sent to:

Lorraine M. Cortese-Costa, Esq.
DURANT, NICHOLS HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT 06604

_____
Valerie E. Maze