# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **WILLIAM J. MAZE,** | : | |
| | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | **3:03CV166 (SRU)** |
| | : | |
| v. | : | |
| | : | |
| **FINANCIAL FREEDOM SENIOR** | : | |
| **FUNDING CORPORATION,** | : | |
| | : | |
| **Defendants.** | : | **FEBRUARY 26, 2004** |

## DEFENDANT'S OPPOSITION TO
## PLAINTIFF'S SECOND MOTION TO COMPEL

Defendant, by and through undersigned counsel, hereby opposes Plaintiff's Second Motion to Compel.

**Nature of Action**

This suit involves a claim by Plaintiff, William Maze, that he is entitled to commission payments on reverse mortgage loans closed by Financial Freedom subsequent to December 2000. Plaintiff's claim is based upon an agreement to act as an outside sales agent for Unity Mortgage Corporation, the reverse mortgage assets of which were purchased by Financial Freedom in November 2000. Despite the fact that he never received an offer of employment from Financial Freedom and completed employment paperwork for Unity Mortgage in December 2000, Plaintiff claims that Financial Freedom employed him either directly or as a

"successor" to Unity.  Plaintiff claims commissions on reverse mortgage loans closed by Financial Freedom subsequent to December 2000 based on his speculation that a mass solicitation for Unity Mortgage that he sent to elderly homeowners in Greenwich and Stamford in December 2000 was the "procuring cause" of all such loans.

In their Rule 26 planning conference memorandum (copy attached as Exhibit A hereto), the parties expressly agreed that "all discovery will be completed, not propounded by September 30, 2003" and the Court, adopting the Rule 26 report, set a discovery "cutoff" of October 31, 2003 (*id.*)  On October 14, 2003, Plaintiff served his second set of discovery (copy attached to Plaintiff's memorandum in support of motion to compel[1]).  By objection dated November 6, 2000 (copy attached to Pl. mem.), Defendant cited *Edberg v. CPI*, No. 3:98CV716 (JBA), 2000 WL 1844651 (D. Conn. 2000) (Arterton, J.) (copy attached), and Rule 29 of the federal rules, suggesting that Plaintiff need request leave of Court to extend the discovery period.

## Why Plaintiff's Second Set of Discovery Should Not Be Allowed

Plaintiff's second set of discovery, served October 14, 2003, did not allow for the thirty day statutory response period within the time limits set for discovery by the Court; October 31, 2003,  the cutoff date, was only two weeks after service of that discovery.

In *Edberg,* this Court held that:

---

[1]     "Pl. mem."

Thus, the term "completed" with reference to a discovery schedule is not reasonably amendable to a definition of "propounded," since it is the *parties'* discovery, not just one side's discovery, which has been scheduled to be completed, thus enabling the case to move on to the next scheduled phase. If one party does not propound its written discovery at least 30 days prior to the ordered completion date, the other party is deprived of its 30 day response period under Fed.R.Civ.P. 33(b), 34(b), and 36(a). While some Districts have adopted Local Rules which expressly state that discovery cutoff means that date by which responses to written discovery is due and by which depositions are to be completed (*see*, Local Rules cited in Pl.'s Mem. in Support of Pl.'s Mot. to Compel, doc. # 54, p. 4), the absence of such specification in a Local Rule does not connote a rejection of this meaning. The Judges of this District have uniformly utilized this phraseology -- "discovery shall be completed" -- to mean just that, and have memorialized this meaning in Local Rule 38 and its appendix form.

Plaintiff attempts to distinguish *Edberg* by arguing that *Edberg* did not establish any "general rule" that discovery must be completed not propounded by the cutoff date (Pl. mem., p. 5), that the Court's scheduling order in this case did not specifically recite, as in *Edberg,* that "the parties had to work 'diligently and reasonably' to resolve discovery disputes" (id. at p. 6), that the Court's order in this case specified a "cutoff" rather than a "completion" date "without any specification as to 'completed not propounded' as is often seen in other federal cases" (*id.*) and that the offending counsel in *Edberg* had represented that his discovery was almost completed.

Judge Arterton's analysis in *Edberg* is perfectly clear; it does not suggest or imply anything less than this Court's interpretation that a discovery "completion" or "cutoff" date

means just that -- the date by which "'to bring to an end'" all discovery, not the date by which discovery must be propounded. *Id.*, *citing*, *Webster's Third New International Dictionary Unabridged* (1993) and D. Conn. Local Rule 38, Appendix, Form 26(f) Report of Parties' Planning Meeting.

Plaintiff's argument that there was no obligation upon the parties to work diligently to resolve discovery disputes in this case is wrong as that obligation extends to all counsel, *see* Exhibit A hereto (counsel agreed to cooperate to promote "speedy" determination of matter) and has no bearing on the question of whether Plaintiff's second set of discovery was timely. Plaintiff's argument that "completion" and "cutoff" have different meanings is similarly specious. *See Edberg*, \*2 (Judge Arterton uses "completion date" and "cutoff" interchangeably); *Webster's II New Riverside University Dictionary* (1984) (defining "cutoff" as "point of termination"). Moreover, despite the contrary representation in Plaintiff's memorandum, the parties' planning memorandum (Exhibit A), adopted by the Court herein, specifically incorporates the "completed not propounded" language of the form specified for use in the District of Connecticut, making clear that the completion or cutoff date is just that and that the parties in this matter expressly so agreed. The representation of counsel in *Edberg* that discovery was almost done had no bearing on Judge Arterton's analysis of the timeliness issue. Finally, Plaintiff's assertion that *Edberg* does not support Defendant's assertion that a party cannot respond to discovery outside the

discovery cutoff without leave of Court is correct. It is Rule 29 of the Federal Rules of Civil Procedure, specifically referred to in Defendant's objection dated November 6, 2003, that contains that requirement (it is also dictated by experience). Plaintiff could have easily requested the Court's permission to extend the discovery cutoff in October when serving the second discovery requests or even in early November after receiving Defendant's objection, but failed to do so. Moreover, no justification for the delay of until four months after the discovery cutoff is offered and the request should be denied.

Defendant should not be compelled to respond to the second set of discovery for other reasons as well. Plaintiff exceeded the limit of twenty-five interrogatories in his first set of discovery (*see* Exhibit B hereto) and did not receive the Court's permission to propound the interrogatories contained in his second set of discovery in excess of that limit,[2] Fed. R. Civ. P. 33(a).

In addition, Plaintiff has already been provided with the information sought in the second and third interrogatories of his second discovery request as well as the related documents sought in its single Request for Production. Earnings information for 2001 and 2002, requested in the fourth and fifth interrogatories, has also been provided.

---

[2]     It is worth noting that Plaintiff did not take a single deposition, apparently attempting to do all discovery by written request.

WHEREFORE, the second motion to compel should be denied in its entirety and Defendant awarded the costs and fees incurred in making this opposition as Plaintiff's motion was not "substantially justified." Fed. R. Civ. P. 37(a)(4)(B).

Done at Bridgeport, Connecticut, this 26th day of February, 2004.

LORAINE M. CORTESE-COSTA
Federal Bar No. ct03984
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT  06604
(203) 366-3438

ATTORNEYS FOR DEFENDANT

P:\lit\LCC\311750\002\00038580.DOC

- 6

2000 WL 1844651                                                                                                      **Page 1**
**(Cite as: 2000 WL 1844651 (D.Conn.))**

Only the Westlaw citation is currently available.

United States District Court, D. Connecticut.

EDBERG, et al
v.
CPI, INC.

No. 398CV716(JBA).

Nov. 22, 2000.

*MEMORANDUM OF DECISION ON
DEFENDANT'S OBJECTION TO DISCOVERY
ORDER OF
MAGISTRATE JUDGE MARGOLIS [DOC. # 66-1, #
66-2]*

ARTERTON, J.

**\*1** By Complaint filed April 16, 1999, plaintiffs
commenced this patent infringement suit under 35
U.S.C. § 101 *et. seq.* Defendant asserts affirmative
defenses of non-infringement, patent-in-suit invalidity
and unenforceability, estoppel, laches and *res
judicata,* and counterclaims for a declaratory
judgment on non- infringement, invalidity and
unenforceability. On May 7, 1999, after colloquy
with counsel on the record, the Court entered a
scheduling order pursuant to Fed.R.Civ.P. 16(b),
requiring fact discovery to be completed by
December 1, 1999. On March 23, 2000, plaintiffs
filed their Motion to Compel Answers to
Interrogatories, the Production or Inspection of
Documents and Responses to Requests for
Admissions [doc. # 53]. Defendant had interposed an
objection of untimeliness to this discovery under this
scheduling order by counsel's letter and thereafter by
formal objection, because plaintiffs' discovery was
not served until November 23, 1999 and thus could
not be complied with by the December 1, 1999
discovery completion date. This Motion was referred
to the Magistrate Judge for ruling, which was issued
June 22, 2000 [doc. # 65].

Defendant CPI objects to the Magistrate Judge's
Ruling overruling its timeliness objection.
Specifically, CPI claims clear error in the Magistrate
Judge's conclusion that plaintiffs' construction of the
Court's Scheduling Order [doc. # 35] that "[f]act
discovery shall be completed by December 1, 1999"
was reasonably understood to establish the date by
which plaintiffs' discovery was required to be served.

In a pre- motion conference held with this Court on
November 17, 1999, plaintiffs' counsel had
represented that plaintiffs' fact discovery was
complete except for a Rule 30(b)(6) deposition,
which had been unable to be taken until after the
December 1, 1999 fact discovery completion date.
Several days later, plaintiffs served additional written
discovery on defendant, which became the subject of
plaintiffs' motion to compel.

The operative language of the Scheduling Order in
dispute is the phrase "fact discovery shall be
completed by ...". No caselaw exists construing the
meaning of "completed" in a scheduling order.
Undoubtedly this is so because such construction has
been heretofore unnecessary. "Completed" is a word
commonly used in scheduling orders for its
commonly accepted meaning, which is specifically
clarified in D. Conn. Local Rule 38, Appendix, Form
26(f) Report of Parties' Planning Meeting, used in this
District since July 1, 1998. This Appendix is the form
required for reporting the parties' planning conference
results under Local Rule 38. ("... [T]he participants
shall jointly complete and file a report in the form
prescribed by Form 26(f), which appears in the
Appendix to the Rules.") Section V.E. of Form 26(f)
Report of Parties' Planning Meeting, "Discovery," ¶ 2
states, in part: "All discovery, including depositions
of expert witnesses pursuant to Fed.R.Civ.P. 26(b)(4),
will be commenced by [date] and completed (*not
propounded* ) by [date]." (emphasis added) The
phrase "completed by" is thereafter reiterated in the
form in reference to early discovery and depositions.
Section V.E. ¶ ¶ 7, 8 reference "deadline for
completing all discovery" and the "discovery cutoff
date."

**\*2** The verb "complete" means "to bring to an end,"
"to make whole, entire or perfect," "to mark the end
of." *Webster's Third New International Dictionary,
Unabridged* (1993). In common litigation parlance,
"completed" means 'to finish'; it does not mean to
*begin* to bring to an end, as propounding or serving
discovery does.

Thus, the term "completed" with reference to a
discovery schedule is not reasonably amendable to a
definition of "propounded," since it is the *parties'*
discovery, not just one side's discovery, which has
been scheduled to be completed, thus enabling the
case to move on to the next scheduled phase. If one
party does not propound its written discovery at least
30 days prior to the ordered completion date, the
other party is deprived of its 30 day response period

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

2000 WL 1844651
**(Cite as: 2000 WL 1844651, \*2 (D.Conn.))**

Page 2

under Fed.R.Civ.P. 33(b), 34(b), and 36(a). While some Districts have adopted Local Rules which expressly state that discovery cutoff means that date by which responses to written discovery is due and by which depositions are to be completed (*see,* Local Rules cited in Pl.'s Mem. in Support of Pl.'s Mot. to Compel, doc. # 54, p. 4), the absence of such specification in a Local Rule does not connote a rejection of this meaning. The Judges of this District have uniformly utilized this phraseology-- "discovery shall be completed"- - to mean just that, and have memorialized this meaning in Local Rule 38 and its appendix form.

Plaintiffs' interpretation of the date for completing discovery as not in actuality meaning December 1, 1999, as ordered, but whenever the 30 days response period expired, is nonsensical. The purpose of scheduling orders is to schedule litigation events sequentially, in order to achieve case disposition in an orderly and predictable manner. Plaintiffs' rationale would defeat this scheduling objective, particularly under this tight Scheduling Order, which additionally scheduled expert disclosures for February 1, 2000 and expert discovery completion by July 1, 2000. It specifically noted that "under this compressed schedule, it is imperative that the parties work diligently and reasonably to resolve discovery disputes, reserving for judicial determination only those discovery issues which cannot be resolved in light of existing law and professional legal experience."

The parties' original 26(f) Planning Report [doc. # 30] filed April 1, 1999, also uses the term "completed." ("Completion of Fact Discovery: July

30, 2000 ... Completion of expert discovery December 1, 2000," ¶ 3.) It makes no reference to service of fact discovery, and plaintiffs point to nothing in the Report suggesting that service of discovery was within their contemplation in preparing the Report. Tellingly, plaintiffs make no parallel argument that the order requiring "completion of expert discovery" would be satisfied by serving notices of expert depositions, and the parties' report states "[t]he depositions will commence as soon as practicable and be completed by July 30, 2000," ¶ 5.

**\*3** The Court reconsiders a decision on pretrial matters such as this Magistrate Judge's Ruling only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). The Court concludes that the meaning of its order was evident on its face, and not amenable to plaintiffs' interpretation, in light of its purpose, and by reference to Rule 38 and its appended Form 26(f) Parties' Planning Report, which the parties were required to follow.

Conclusion

Thus, the Magistrate Judge's conclusion that plaintiffs' construction of the Scheduling Order requirements was reasonable was clearly erroneous. Defendant's Objection to Discovery Order of Magistrate Judge [doc. # 66- 1] is SUSTAINED and Plaintiffs' Motion to Compel Responses to their untimely discovery [doc. # 65] is DENIED.

2000 WL 1844651, 2000 WL 1844651 (D.Conn.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

# EXHIBIT A

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM J. MAZE, | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | **3:03CV166 (SRU)** |
| | : | |
| **v.** | : | |
| | : | |
| **FINANCIAL FREEDOM SENIOR** | : | |
| **FUNDING CORPORATION,** | : | |
| | : | |
| **Defendant.** | : | **MAY 25, 2003** |

## REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:                  January 24, 2003
Date of Defendants' Appearance:        March 27, 2003

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, conferences were held by mail and phone concluding on May 9, 2003. The participants were: Loraine M. Cortese-Costa, Esq. for Defendant and Attorney Valerie E. Maze for Plaintiff.

### Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

Report Approved. Discovery cutoff date October 31, 2003.
Dispositive motions due by November 30, 2003.
Status Conference to be held on date to be set.
An order indicating the Conference time will separately issue.
SO ORDERED
6/4/03

Stefan R. Underhill, U.S.D.J.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM J. MAZE, | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:03CV166 (SRU) |
| | : | |
| v. | : | |
| | : | |
| FINANCIAL FREEDOM SENIOR | : | |
| FUNDING CORPORATION, | : | |
| | : | |
| Defendant. | : | MAY 2̶5̶, 2003 |

## REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:             January 24, 2003
Date of Defendants' Appearance:   March 27, 2003

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, conferences were held by mail and phone concluding on May 9, 2003. The participants were: Loraine M. Cortese-Costa, Esq. for Defendant and Attorney Valerie E. Maze for Plaintiff.

I.    **Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.    Jurisdiction

### A.    Subject Matter Jurisdiction:

Plaintiff alleges that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Defendant claims the Court may be without subject matter jurisdiction over some or all of the claims alleged to the extent such claims require an employment relationship.

### B.    Venue

Plaintiff alleges that venue is proper pursuant to 28 U.S.C. § 1391 in that the acts and claims Plaintiff alleges arose in the District and Defendant conducts business in the District.

### C.    Personal Jurisdiction

All parties reside and/or do business in the District.

## III.    Brief Description of Case

### A.    Claims of Plaintiff(s):

The complaint alleges that, in 2001, the plaintiff worked as Reverse Mortgage Specialist for Financial Freedom and prior thereto for defendant's predecessor in interest, Unity Mortgage Corp., based on an agreement to pay the plaintiff certain commissions by way of compensation on reverse mortgage loans closed as a result of leads generated by plaintiff.  Some months after the plaintiff made diligent efforts and incurred expenses to market Financial Freedom reverse mortgages to consumers in Connecticut, Financial Freedom unreasonably terminated the plaintiff's

2

employment for no reason of fault on part of plaintiff.  Financial Freedom refused to allow plaintiff to proceed with a pending reverse mortgage loan and proceeded to close numerous reverse mortgage loans in Connecticut arising out of leads generated by plaintiff's marketing efforts yet failing to pay commissions due to plaintiff.  Defendant has failed to plaintiff any compensation whatsoever.  Plaintiff raises actions pursuant to § 31-72 of the Connecticut General Statutes, wrongful discharge, breach of contract, breach of implied covenant of good faith and fair dealing, promissory estoppel, unjust enrichment, fraudulent misrepresentation, negligent misrepresentation, and negligent infliction of emotional distress.

B.    Defenses and Claims of Defendant:

Defendant denies the material allegations of the Complaint, including, but not limited to, all of the factual allegations set forth in Plaintiff's description of his claims, as well as Plaintiff's claims of: (1) violation of section 31-72 of the Connecticut General Statutes; (2) wrongful discharge in violation of public policy; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; (5) promissory estoppel; (6) unjust enrichment; (7) fraudulent misrepresentation; (8) negligent misrepresentation; and (9) negligent infliction of emotional distress.  As to each cause of action requiring proof of an employment relationship, the Court lacks subject matter jurisdiction or the Complaint should be dismissed for failure to join an indispensable party, Unity Mortgage.  As to any others, Plaintiff cannot withstand his burden to prove the requisite

3

elements. In addition, Plaintiff has failed to state a claim upon which relief may be granted as to some or all of his claims.

      C.      Defenses and Claims of Third Party Defendant(s):

           N/A

## IV.     Statement of Undisputed Facts

Defendant transacts business in Connecticut and has offered and continues to offer reverse mortgage financing to consumers in Connecticut.

## V.     Case Management Plan

      **A.     Standing Order on Scheduling in Civil Cases**

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

      **B.     Scheduling Conference with the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

      **C.     Early Settlement Conference**

          1.     The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely prior to discovery.

          2.     The parties do request an early settlement conference.

          3.     The parties prefer a settlement conference with the presiding judge or a magistrate judge.

4

4.     The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

**D.     Joinder of Parties and Amendment of Pleadings**

The parties should be allowed until October 15, 2003 to file motions to join additional parties and to file motions to amend the pleadings.   Should additional discovery be required as a result and cannot be obtained within the discovery deadline, the parties agree that reasonable additional time for discovery should be permitted.

**E.     Pre-Discovery Disclosures**

The parties will exchange by May 30, 2003 the information required by Fed. R. Civ. P. 26(a)(1).

**F.     Discovery**

1.     Each party anticipates that discovery will be needed as follows:

**PLAINTIFF**

Plaintiff anticipates that discovery will be needed on the following subjects: Depending on the results of defendant's initial disclosures, plaintiff may need early discovery concerning defendant's corporate status in New York and its relationship to Unity Mortgage Corp. as it affects plaintiff and concerning Ms. Jean Ehrlich.  Plaintiff will need discovery concerning the nature of defendant's business in Connecticut, its staff in Connecticut, the names of mortgagors and addresses of properties as to all reverse mortgage loans closed by defendant in Connecticut since November 2000.  In addition,

5

Plaintiff will need discovery as to the names of all personnel terminated by defendant including the age of said persons terminated.

**DEFENDANT**

Defendant anticipates a need for discovery on Plaintiff's claims and factual allegations, the nature and extent of his alleged damages and his mitigation of damages.

2.       All discovery, will be completed, not propounded, by September 30, 2003.

3.       Discovery will be completed in phases.  Early discovery concerning the relationship between the parties, between Unity Mortgage Corp. and Financial Freedom to be issued by June 15, 2003 and completed by July 31, 2003.

4.       The parties anticipate that Plaintiff will require a total of 10 depositions of fact witnesses, that Defendant will require up to a total of 5 depositions of fact witnesses. The depositions will be completed by September 30, 2003.

5.       Plaintiff reserves the right to request permission to serve more than twenty-five (25) interrogatories.  Defendant reserves the right to request permission to serve more than twenty-five (25) interrogatories.

6.       The parties do not anticipate the need to retain experts, but Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by August 15, 2003.  Depositions of any such expert will be completed by September 30, 2003.

6

7.     Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 15, 2003.  Depositions of such experts will be completed by October 31, 2003.

8.     A damages analysis will be provided by any party who has a claim or counterclaim by August 15, 2003.

**G.     Dispositive Motions**

Potentially dispositive motions will be filed on or before November 30, 2003.

**H.     Joint Trial Memorandum**

The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed 45 days after November 30, 2003 or the ruling on any dispositive motions, whichever is later.

**VI.     Trial Readiness**

The case will be ready for trial by January 15, 2004 or two months after the filing of the parties' Joint Trial Memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

7

DEFENDANT                                        PLAINTIFF


_Loraine M. Cortese-Costa_                       _Valerie Maze_
Loraine M. Cortese-Costa, Esq.                   Valerie E. Maze, Esq.
Durant, Nichols, Houston, Hodgson                1465 E. Putnam Avenue
& Cortese-Costa, PC                              Unit 111
1057 Broad Street                                Old Greenwich, CT 06870
Bridgeport, CT  06604                            (203) 698 1509
203-366-3438                                     Federal Bar No. ct 14080
Federal Bar No. ct03984


### CERTIFICATION OF SERVICE

This is to certify that I have caused to be served this 28th day of May, 2003, the

above and foregoing Report of Parties Planning Meeting via U. S. Mail, Certified Mail,

Return Receipt Requested, to the following counsel :

Loraine M. Cortese-Costa
Durant, Nichols, Houston,
Hodgson & Cortese-Costa, P.A.
1057 Broad Street
Bridgeport, CT  06804


_Valerie Maze_
Valerie Maze


P:\lit\LCC\311750\002\00033543.DOC

8

# EXHIBIT B

# Valerie E. Maze
**Attorney-at-Law**
1465 E. Putnam Avenue, # 111
Old Greenwich, CT 06870
Tel: (203) 698-1509; e-mail: VEMaze@aol.com

July 10, 2003

Lorraine M. Cortese-Costa, Esq.
DURANT, NICHOLS HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
Bridgeport, CT  06604

Re:  William Maze v. Financial Freedom Senior Funding Corp.

Dear Attorney Cortese-Costa:

Enclosed please find the plaintiff's first discovery request.  There are 22 numbered interrogatories, but with the sub-parts the number probably exceeds 25.  I am requesting your agreement to serving a few more interrogatories than the standard 25. This is required due, frankly, to the paucity of information included in the defendant's initial disclosures.  Given our discussion, I was expecting a great deal more by way of initial disclosure concerning the relationship between Unity Mortgage Corp. and Financial Freedom and Jeanine Ehrlich and, at the very least, a copy of the transaction between these companies including its details.

I am also enclosing the plaintiff's objections to the defendant's first discovery request and a motion for an extension of time.  Thank you for your agreement concerning the motion for extension.  I will accord the same grace to your client if requested.

Finally, in light of the defendant's answer, I am seeking to amend the complaint as appropriate. I am therefore filing a Request for Leave to file a First Amended Complaint a copy of which is enclosed.  Thank you.

Very Truly Yours,

Valerie E. Maze

Enc.

## CERTIFICATION

I hereby certify that I have caused to be served this 26th day of February, 2004, the above

and foregoing by United States mail, on the following counsel and pro se parties of record:

Valerie Maze, Esq.
1465 East Putnam Avenue, #111
Old Greenwich, CT  06870

LORAINE M. CORTESE-COSTA

P:\lit\LCC\311750\002\00038580.DOC