UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM J. MAZE, | : |
| | : CIVIL ACTION NO. |
| Plaintiff, | : 3:03CV166 (SRU) |
| | : |
| v. | : |
| | : |
| FINANCIAL FREEDOM SENIOR | : |
| FUNDING CORPORATION, | : |
| | : |
| Defendants. | : FEBRUARY 26, 2004 |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR PERMISSION TO SERVE ADDITIONAL DISCOVERY REQUESTS**

Defendant, by and through its undersigned counsel, hereby opposes Plaintiff's motion for permission to serve additional discovery requests. The discovery cutoff in this case was October 31, 2003. Plaintiff claims entitlement to additional discovery based on a supplemental initial disclosure made by Defendant dated January 20, 2004.[1]

The supplemental initial disclosure identified two witnesses, Todd Walters, President of Amston Mortgage Company and John Harrison, a Reverse Mortgage Specialist for Financial Freedom; a document sent to persons offered employment by Financial Freedom; and documents maintained by Unity Mortgage Company regarding Plaintiff. Amston Mortgage Company and John Harrison had previously been disclosed to Plaintiff as persons/entities to whom origination fees or commissions were paid on the various loans Plaintiff clams he was entitled to be paid

---

[1] Plaintiff also claims to move "in the alternative" to preclude Defendant from using any information provided in the supplemental initial disclosure at trial, however, no memorandum of law or citation to any rule or precedent supporting such a "motion" has been submitted and, indeed, none exists.

commissions on in its September, 2003 response to his First Set of Interrogatories and Requests for Production of Documents.  In that same response, Defendant also referenced a "personnel file for Plaintiff maintained by Unity Mortgage Corp., 7840 Roswell Road, Atlanta, GA 30350." Accordingly, these witnesses and documents were known to Plaintiff from September of 2003 through discovery and Plaintiff cannot claim that they constitute "new information."  Indeed, since the information had "otherwise been made known to the other parties during the discovery process," providing the information again in the supplemental disclosure was not necessary under the rules; neither does a supplemental disclosure confer any right to additional discovery. Fed. R. Civ. P. 26(e)(1).

With respect to the copy of the document that had not been previously identified, the initial disclosure rule requires that a party disclose documents "that the disclosing party may use to support its claims or defenses . . . ;" it does not require disclosure of every potentially relevant document.  Fed. R. Civ. P. 26(a)(1)(B).  Since Defendant did not contemplate using that document until it prepared a summary judgment motion, its supplemental disclosure was timely, *id.* at 26(e)(1), and, again, the rules do not suggest that the parties should be allowed to reopen discovery with every supplementation, *id.*

Further, the additional discovery should not be allowed because Plaintiff has already exceeded the limit of twenty-five interrogatories (*see* Exhibit A hereto)[2], much of the proposed additional discovery is duplicative of information already sought and provided or is not relevant

---

[2] It is worth noting that Plaintiff did not take a single deposition, apparently attempting to do all discovery by written request.

to the subject matter of the case or reasonably calculated to lead to the discovery of admissible evidence.

WHEREFORE, Plaintiff's Motion For Permission To Serve Additional Discovery should be denied.

Done at Bridgeport, Connecticut, this 26th day of February, 2004.

                                                LORAINE M. CORTESE-COSTA
                                                Federal Bar No. ct03984
                                                DURANT, NICHOLS, HOUSTON,
                                                HODGSON & CORTESE-COSTA, P.C.
                                                1057 Broad Street
                                                Bridgeport, CT  06604
                                                (203) 366-3438
                                                ATTORNEYS FOR DEFENDANT

P:\lit\LCC\311750\002\00038571.DOC

# EXHIBIT
# A

# Valerie E. Maze
**Attorney-at-Law**
1465 E. Putnam Avenue, # 111
Old Greenwich, CT 06870
Tel: (203) 698-1509; e-mail: VEMaze@aol.com

July 10, 2003

Lorraine M. Cortese-Costa, Esq.
DURANT, NICHOLS HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
Bridgeport, CT 06604

Re: <u>William Maze v. Financial Freedom Senior Funding Corp</u>.

Dear Attorney Cortese-Costa:

Enclosed please find the plaintiff's first discovery request. There are 22 numbered interrogatories, but with the sub-parts the number probably exceeds 25. I am requesting your agreement to serving a few more interrogatories than the standard 25. This is required due, frankly, to the paucity of information included in the defendant's initial disclosures. Given our discussion, I was expecting a great deal more by way of initial disclosure concerning the relationship between Unity Mortgage Corp. and Financial Freedom and Jeanine Ehrlich and, at the very least, a copy of the transaction between these companies including its details.

I am also enclosing the plaintiff's objections to the defendant's first discovery request and a motion for an extension of time. Thank you for your agreement concerning the motion for extension. I will accord the same grace to your client if requested.

Finally, in light of the defendant's answer, I am seeking to amend the complaint as appropriate. I am therefore filing a Request for Leave to file a First Amended Complaint a copy of which is enclosed. Thank you.

Very Truly Yours,

Valerie E. Maze

Enc.

## **CERTIFICATION**

I hereby certify that I have caused to be served this 26th day of February, 2004, the above and foregoing by United States mail, on the following counsel and <u>pro se</u> parties of record:

Valerie Maze, Esq.
1465 East Putnam Avenue, #111
Old Greenwich, CT  06870

_____
LORAINE M. CORTESE-COSTA