# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **WILLIAM J. MAZE,** | : |
| | :     **CIVIL ACTION NO.** |
|     **Plaintiff,** | :     **3:03CV166 (SRU)** |
| | : |
| **v.** | : |
| | : |
| **FINANCIAL FREEDOM SENIOR** | : |
| **FUNDING CORPORATION,** | : |
| | : |
|     **Defendants.** | :     **MARCH _11_ , 2004** |

## DEFENDANT'S REPLY BRIEF TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY AND FOR RELATED RELIEF

On February 17, 2004, Defendant, by and through its undersigned counsel, filed a Motion to Compel, affidavit and supporting memorandum of law, seeking an Order pursuant to Rules 37(a) and (c) (1) of the Federal Rules of Civil Procedure 1) compelling Plaintiff to respond to Request for Production No. 4 (documents reflecting income by Plaintiff after his alleged wrongful termination) in Defendant's First Requests for Production of Documents served on June 12, 2003; and 2) requiring Plaintiff to pay the costs and attorney's fees incurred in making the Motion and supporting documentation.

On March 3, 2004, Plaintiff filed an Objection to Defendant's Motion to Compel claiming that there was never a discussion of Plaintiff producing his tax returns, but, rather, only a discussion as to the provision of the amount of Plaintiff's earnings for the years 2001 and 2002. (Pl. mem., pp. 1-2).

If, in fact, there was no discussion of the production of the tax returns in the context of the parties' discovery conference, Plaintiff's counsel should have promptly disabused Defendant's counsel of that notion. As set forth in the December 22, 2003 letter of Defendant's counsel to Plaintiff's counsel (attached as Exhibit A) her understanding was as follows:

> During our discovery conference you had agreed to get back to me with respect to Plaintiff's failure to produce requested tax returns and resumes. I have never heard back from you. Kindly provide those documents at your earliest convenience.

Until the filing of Defendant's motion to compel, Plaintiff's counsel never asserted that production of Plaintiff's tax returns had not been discussed. Indeed, in her January 25, 2004 letter to Defendant's counsel, she referred to the fact that the tax returns had been jointly filed. Moreover, it would be negligent to accept a mere representation as to earnings in mitigation of damages when tax returns and W-2s are available.

Therefore, for the foregoing reasons and those stated in Defendant's Motion, Affidavit and supporting memorandum, Defendant's Motion to Compel and for Related Relief should be granted.

Done at Bridgeport, Connecticut, this 11th day of March, 2004.

LORAINE M. CORTESE-COSTA
Federal Bar No. ct03984
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT 06604
(203) 366-3438
ATTORNEYS FOR DEFENDANT

## CERTIFICATION

I hereby certify that I have caused to be served this 11th day of March, 2004, the above and foregoing by United States mail, on the following counsel and pro se parties of record:

Valerie Maze, Esq.
1465 East Putnam Avenue, #111
Old Greenwich, CT  06870

LORAINE M. CORTESE-COSTA

P:\lit\CTC\311750\002\00038812.DOC

# EXHIBIT A

# DURANT, NICHOLS, HOUSTON,
# HODGSON & CORTESE-COSTA, P.C.

Loraine M. Cortese-Costa**
Natale V. Di Natale**
E. Terry Durant*
Lisa Grasso Egan
Christopher M. Hodgson
Donald F. Houston
David J. Kelly**
Pamela J. Coyne
Peter Dagostine

Also admitted in Virginia*
Also admitted in New York**

ATTORNEYS AT LAW

1057 Broad Street
Bridgeport, Connecticut 06604-4219
Tel. (203) 366-3438      Fax (203) 384-0317
www.durantnic.com

Of Counsel
George N. Nichols

Paralegals
Clara Cuneo Koczi
Megan L. Krom

December 22, 2003

Valerie E. Maze, Esq.
1465 E. Putnam Avenue, #111
Old Greenwich, CT 06870

Re:    William Maze v. Financial Freedom Senior Funding Corp.
       Civil Action No. 3:03CV166 (SRU)

Dear Attorney Maze:

I am in receipt of your motion to compel and wanted to clarify a few issues in an attempt to narrow what the Court must address.

With respect to the amount of the commissions paid on certain loans specified in your interrogatories, I have given you all the information that Financial Freedom has regarding these loans including the loan amounts. Efforts to locate the commission amounts paid have been unsuccessful as I previously informed you. Presumably, Plaintiff has some idea what the commission amount claimed is based upon the loan amounts provided you.

With respect to Interrogatories 10, 12, 13, 14, 18 and Requests For Production 10, 12 and 13, I had agreed to check with my client regarding whether any of this information was provided to Financial Freedom by Unity and is still available. It was not. The information available to Financial Freedom has been provided to you.

With respect to those discovery requests for which the asset purchase and related agreements are responsive, I was completely up front with you regarding the proprietary concerns involved absent Unity as a party to this suit. I thought the issue had been resolved when you finally moved to join Unity as a party and I agreed to provide the documents once Unity was served (I did not foresee service being an issue for you). You have apparently now decided to "dismiss" Unity as a party, however, attached is Financial Freedom's Answer to the Second Amended Complaint with Cross-Complaint against Unity. Once I have served Unity with the Cross-Complaint and notified it that you have moved to compel production of the

Valerie E. Maze, Esq.                           -2-                           December 22, 2003

agreements, I will provide the relevant documents to you pursuant to a protective order. I have attached a draft protective order and request your comments.

With respect to Interrogatory 5, although I certainly disagree with your characterization of the request as even potentially relevant, attached is the list of loans for which Jeannie Ehrlich was paid a commission in 2001 and 2002. Since you already have a listing of all loans closed in Connecticut during that time period, you should have no trouble determining what, if any, loans in Connecticut Ms. Ehrlich was paid commissions on.

With respect to Interrogatory 11, if you really believe this information has any bearing whatsoever on any issue in this lawsuit, which I fail to see, please let me know and I will recommend to my client that they make their thousands of loan files available for your inspection as they are kept in the regular course of business.

Finally, during our discovery conference you had agreed to get back to me with respect to Plaintiff's failure to produce requested tax returns and resumes. I have never heard back from you. Kindly provide those documents at your earliest convenience.

Please let me know if you have any questions or if you believe further discussion could resolve any other outstanding issue.

Very truly yours,

Loraine M. Cortese-Costa

LMCC:hbb
P:\general\lcc1\311750\002\00037420.DOC