**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **WILLIAM J. MAZE,** | : | |
| | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | **3:03CV166 (SRU)** |
| | : | |
| v. | : | |
| | : | |
| **FINANCIAL FREEDOM SENIOR** | : | |
| **FUNDING CORPORATION,** | : | |
| | : | |
| **Defendants.** | : | **MAY 11, 2004** |

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFF'S MOTION TO RULE 56(f)**

Defendant, by and through its undersigned counsel, hereby opposes "Plaintiff's Rule 56(f)

Motion for Discovery."

**Background**

Pursuant to the Court's Order on Pretrial Deadlines in this matter, the discovery cutoff

was October 31, 2003. Plaintiff made voluminous discovery requests, filed two motions to

compel which were resolved by agreement of the parties on the record before the Court on April

16, 2004 (transcript attached as Exhibit A). Plaintiff now seeks to make an additional discovery

request, purportedly pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, as follows:

> As to the Financial Freedom reverse mortgage loans closed in
> Connecticut from January 1, 2001 through the present in reference
> to which origination fees were paid to Amston Mortgage Company
> aka Amston Mortgage Company, Inc. and/or J. Todd Walters,
> documents maintained in the regular course of business of
> Financial Freedom which identify the *homeowner/mortgagor*
> *name, address, date,* the amount of origination fee paid, and the
> payee.

There is no dispute that the reverse mortgage loans referred to in the request were ones identified by Plaintiff as persons to whom he sent advertising mailers in December of 2000, by virtue of which he claims entitlement to commissions on those loans.

In his First Set of Interrogatories and Request for Production of Documents, dated July 10, 2003, Plaintiff posed the following interrogatory:

> 2.    As to each of the Nine Financial Freedom Reverse Mortgage Loans, please state the amount of the origination fees received, the name, title and address of every person(s) and entity to whom the origination fees were paid, the amount of the commission paid; and the name, title and address of every person who received the commission fees.

This information was provided and included Amston Mortgage as the entity to which origination fees were paid.  Plaintiff also requested:

> 5.    All notes and mortgages related to reverse mortgage loans closed by Financial Freedom or a related entity in Connecticut in 2000, 2001, 2002 and 2003 to date including the name and address of all mortgagors, the book and page numbers where such reverse mortgage loans are recorded, and the date of recordation, and the principal balance of each such loan.

This information was provided in a listing showing every loan closed in Connecticut which was funded by Financial Freedom with the additional information requested, as available, for the years 2001 and 2002.

In support of his request for copies of the additional but related documents, Plaintiff claims:

> Defendant has filed a *motion for summary judgment arguing, inter alia,* that the plaintiff is not entitled to commissions on those

eleven reverse mortgage loans; rather, Financial Freedom claims, two other individuals, Mr. J. Todd Walters of Amston Mortgage Company and Mr. John Harrison of Financial Freedom were paid origination fees or commission fees on those eleven loans. . . and the information *may* constitute key relevant facts essential in justifying the plaintiff's opposition to the motion for summary judgment.

(Plaintiff's Motion, pp. 1 and 2) (emphasis added).

## Argument

### RULE 56(f) DOES NOT PROVIDE FOR REOPENING DISCOVERY TO ALLOW A PARTY TO OBTAIN FACTS WHICH *MAY* ASSIST IT IN OPPOSING A SUMMARY JUDGMENT MOTION

Rule 56(f), under which Plaintiff purports to seek this additional discovery, provides as follows:

**(f)  When Affidavits are Unavailable.**  Should it appear to the satisfaction of the court at any time that any of the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Rule 56(f) does not contemplate the reopening of discovery because a party, after consideration of a motion for summary judgment against it, believes that additional requests for information, which could have been requested in discovery but were not, *may* assist it in opposing the motion. Rather, it allows for the possibility of very limited additional discovery where the party has

pointed to specific facts "essential to justify the party's opposition" which "cannot for reasons stated [be] present [ed] by affidavit." *Id.*

As stated by the Second Circuit in *Hudson River Sloop Clearwater v. Department of Navy*, 891 F.2d 414, 422 (2d Cir. 1989)(citations omitted):

> Thus, a party seeking such [Rule 56(f)] discovery must file an affidavit explaining (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.

Plaintiff has provided no such affidavit, pointed to no facts justifying the request, and additional discovery should be denied. *Id.*

## Conclusion

For all the foregoing reasons, Plaintiff's Rule 56(f) motion should be denied.

Done at Bridgeport, Connecticut, this 11th day of March, 2004.

LORAINE M. CORTESE-COSTA
Federal Bar No. ct03984
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT 06604
(203) 366-3438

ATTORNEYS FOR DEFENDANT

# EXHIBIT A

**COPY**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - x

WILLIAM J. MAZE    :  No. 3:03CV-166 (SRU)
         :  915 Lafayette Boulevard
    vs.    :  Bridgeport, Connecticut
         :
         :  April 16, 2004
FINANCIAL FREEDOM SENIOR :
FUNDING CORPORATION   :

- - - - - - - - - - - - - - - x


MOTION HEARING


B E F O R E:

  THE HONORABLE STEFAN R. UNDERHILL, U. S. D. J.


A P P E A R A N C E S:


  FOR THE PLAINTIFF:

    VALERIE E. MAZE, ESQ.
      Town of Greenwich, Town Hall, Law Dept.
      101 Field Point Road
      Greenwich, Connecticut  06836

  FOR THE DEFENDANT:


    DURANT, NICHOLS, HOUSTON, HODGSON &
  CORTESE-COSTA, PC
      1057 Broad Street
      Bridgeport, Connecticut  06604-0351
    BY:  LORAINE M. CORTESE-COSTA, ESQ.


     Susan E. Catucci, RMR
     Official Court Reporter
     915 Lafayette Boulevard
    Bridgeport, Connecticut  06604
      Tel: (203) 246-6385

2

```
 1                    (5:10 O'CLOCK, P. M.)

 2              THE COURT:  All right, could I have appearance

 3    please?

 4              MS. MAZE:  Valerie Maze for the plaintiff,

 5    William Maze.

 6              MS. CORTESE-COSTA:  Loraine Cortese-Costa for

 7    the defendant, Financial Freedom.

 8              MS. MAZE:  Your Honor, we have reached an

 9    agreement concerning several of the discovery issues --

10              THE COURT:  Good.

11              MS. MAZE:  -- I'd like to report to you.

12              THE COURT:  Good.

13              MS. MAZE:  The first one concerns the

14    plaintiff's motion for order upon disclosure for

15    imposition of sanctions failing disclosure dated

16    December 8, 2003.  This concerns the plaintiff's first

17    discovery request, and subsequent to the request was not

18    compliance and then compliance of information provided by

19    counsel in certain letters.

20              The first thing we've agreed is that counsel

21    will provide verified information by way of supplemental

22    disclosures and her client on a variety of issues which

23    will help me.

24              As to interrogatory two, the amount of the

25    origination fees, counsel has supplied some of that by
```

1    letter and will do so by way of formal verified disclosure

2    from the client, and also I believe will provide the

3    commission fees paid on Halgreen (ph) and Holden (ph) as

4    well.

5         MS. CORTESE-COSTA:  On two occasions, those two

6    additional ones, and the origination fees for the

7    commission.

8         MS. MAZE:  Many of these interrogatories asked

9    for the defendant to describe the asset purchase treatment

10   between the unit mortgage corporation and Financial

11   Freedom.  Subsequently that document was finally produced

12   at the end of January 2004, and again that would be

13   provided with the verified response from the client, from

14   Financial Freedom.

15        With respect to the interrogatory which sought

16   the date of the employee listing and it's mortgage which

17   was supplied with the defendant's initial disclosures,

18   counsel has agreed that that will be provided and any

19   other --

20        MS. CORTESE-COSTA:  To the extent we have the

21   information.

22        MS. MAZE:  -- any other compilations of that;

23   employees at that time, time frame from November 2000 to

24   the end of February '01 will be provided.  That concerned

25   Interrogatory 18 and Request for Production 10 and 12.

1         As to Interrogatory 27, which -- 21, excuse me,

2    which sought all Financial Freedom policies in effect in

3    '99, 2000, concerning employment and/or termination of

4    commission agents, and request for production 14, 16 which

5    sought copies of all written policies affecting mortgage

6    specialists in 1999, 2000, there was an agreement that

7    counsel will confirm that no such policy in fact existed.

8    Is that right?

9         MS. CORTESE-COSTA:  I don't think so.  I think

10   we agreed that I would confirm whether there were any

11   policies created in conjunction with the asset purchase

12   agreement affecting mortgage specialists in New York and

13   Connecticut.

14         MS. MAZE:  That's fine.

15         MS. CORTESE-COSTA:  Okay.

16         MS. MAZE:  As to interrogatory 21, or 20, which

17   requested defendant to identify all lawsuits brought

18   against Financial Freedom, we agree that Financial Freedom

19   would provide, identify as described in the discovery

20   request, any lawsuits which concerned termination of

21   employment with respect to reverse mortgage specialists

22   who are similarly situated to the plaintiff occurring

23   coincident with or subsequent to that asset purchase date.

24   Is that right?

25         MS. CORTESE-COSTA:  That were terminated in

1    connection with the asset purchase.

2              MS. MAZE:  Yes, broadly speaking in connection

3    with, as a result of -- but there's some allegations which

4    concern that transaction.

5              THE COURT:  Is that right?

6              MS. CORTESE-COSTA:  Yes.

7              THE COURT:  Okay.

8              MS. MAZE:  With respect to the plaintiff's

9    second discovery request --

10             THE COURT:  Let me just pause right there.  So,

11   as I understand it, the first motion which has been

12   docketed as Number 17 can be denied as moot in light of

13   the party's agreement, is that correct?

14             MS. MAZE:  That is correct.

15             THE COURT:  All right.  That will be done.

16             MS. MAZE:  The building of which will be

17   reported to you.

18             THE COURT:  I appreciate your cooperation in

19   working that out.  So the second motion, plaintiff's

20   motion --

21             MS. MAZE:  That is the plaintiff's motion for

22   order for compliance dated February 4, 2004.

23             THE COURT:  Which is docketed as Number 42.

24             MS. MAZE:  We have agreed that the defendant

25   will produce the annual gross earnings paid by Financial

1    Freedom to its reverse mortgage specialists for the years

2    2001, 2002, 2003, in Connecticut or in New York, who did

3    business in Connecticut and also for agents, reverse

4    mortgage specialists in New York but limited to the areas

5    of Manhattan, Long Island and Westchester, metro area.

6         THE COURT:  Okay.  And that resolves then the

7    second motion?

8         MS. MAZE:  It does, Your Honor.

9         THE COURT:  All right.  So Number 42 then --

10   actually, first off, you agree with that?

11        MS. CORTESE-COSTA:  Yes.

12        THE COURT:  So Motion 42 is denied as moot in

13   light of the parties' agreement.  Okay.  Any further

14   agreements we have --

15        MS. MAZE:  As part of this, all right, the other

16   plaintiff's motion is the motion for an additional

17   discovery request dated February 18, 2004.

18        THE COURT:  That's Motion Number 53?

19        MS. MAZE:  And with respect to that, defendant

20   has agreed to the request for additional discovery, that

21   the information requested in Interrogatory 1-B will be

22   provided and, in addition, that the information in

23   Interrogatory seven, eight, nine, ten, 11 and 12 will be

24   provided with respect to reverse mortgage specialists and

25   other commissioned agents who were retained by Financial

1    Freedom who did business in Connecticut or in New York.

2    And that concerns basically a new form of employment

3    agreement that was -- that is not new, it was something

4    that had been recently disclosed and all these

5    interrogatories relate to the names of the people, the

6    addresses and telephone numbers of people who actually

7    entered into such agreements.

8         MS. CORTESE-COSTA:  Right, it would be the

9    individuals retained by Financial Freedom who had worked

10    for Unity (ph) in Connecticut, New York.

11         MS. MAZE:  Yes, and you'll give me names and

12    address of people who did enter into those agreements and

13    give me copies of the agreements, as I understand, in New

14    York.

15         MS. CORTESE-COSTA:  No, we hadn't discussed that

16    as part of the agreement.  I said I would give you the

17    names, addresses and telephone numbers of anyone in

18    Connecticut, New York who Financial Freedom retained from

19    Unity.

20         MS. MAZE:  Who entered into these kind of former

21    agreements, the types that you've disclosed?

22         MS. CORTESE-COSTA:  I can check on that.

23         MS. MAZE:  Well, that was the point of that

24    discovery request.  Those are the people I was looking

25    for, because they may be possible witnesses in the case.

1    THE COURT:  Let's just be clear; I'm not sure

2    that the -- I may have an incorrect numbering or something

3    or maybe I'm confused as to what the interrogatory is, but

4    as long as we have an agreement as to what's going to be

5    produced then it doesn't matter what the number is, and I

6    guess that's the question.  Do we have an agreement?

7    You're going to produce the name, address and -- the name

8    and the last known address and telephone number of, of

9    what --

10    MS. MAZE:  Go over that again, Your Honor.

11    Interrogatory 1-B asks for the name and address and last

12    known telephone number of the person whose name is

13    redacted on certain document number 000012, which is dated

14    November 23, 2000.  There's a little, there's an

15    inconsistency in the numbering.  I have that as 2-B.

16    There appear to be two Number 2's.

17    MS. CORTESE-COSTA:  You're right, it is 2-B.

18    I'm sorry, Your Honor.

19    THE COURT:  But it is the first 2-B or the only

20    2-B?

21    MS. MAZE:  Yes, I apologize.

22    THE COURT:  That helps.

23    MS. MAZE:  And the other interrogatories seek

24    information about similar formal offers of employment that

25    were issued by Financial Freedom in New York and

1    Connecticut for 2000, 2001, the names of the persons who

2    entered into such formal offers of employment and their

3    addresses and telephone numbers and that's what we were

4    looking for.

5         MS. CORTESE-COSTA:  Okay, I'm not clear whether

6    you're looking for persons who actually took employment or

7    took employment as a result of a letter.

8         MS. MAZE:  Well, the interrogatories are

9    similar.  Formal issues were offered by Financial Freedom

10   to other people.  Who were they issued to and who accepted

11   them?  In other words, who entered into these agreements?

12   Of the type that you've disclosed, who did that in New

13   York and Connecticut, the names and addresses and

14   telephone numbers.

15        MS. CORTESE-COSTA:  Okay, that I can agree to.

16        THE COURT:  Okay.  Does that resolve then Number

17   53?  This motion?

18        MS. MAZE:  It does, Your Honor.

19        THE COURT:  All right, so 53 then is denied as

20   moot in light of the parties' agreement.  Thank you again

21   for getting that one done.

22        MS. MAZE:  And the last one is part of our

23   global agreement here.  The plaintiff has also agreed in

24   connection with the Defendant's Motion to Compel for

25   related relief dated February 17th, 2004.

```
 1            THE COURT:  That's Document Number 50.
 2            MS. MAZE:  To produce the tax return information
 3    for 2000, 2001, either redacted or unredacted.  If it's
 4    redacted it will be redacted as to redact the spousal
 5    information, and with respect to 2003 we would provide the
 6    W-2s and the 10-99s.
 7            THE COURT:  For the plaintiff.
 8            MS. MAZE:  For the plaintiff, yes, Your Honor.
 9            THE COURT:  All right.  Is that acceptable?
10            MS. CORTESE-COSTA:  And also the tax return when
11    it becomes available for 2003?
12            MS. MAZE:  Yes.
13            MS. CORTESE-COSTA:  And I think, I think on the
14    record you accidentally said 2000 and 2001; we agreed
15    you'll provide the information November 2001 to 2002.
16            MS. MAZE:  Excuse me, yes.  And with respect to
17    the time of that production, we agreed on 20 days except,
18    of course, any tax returns for 2003 will be --
19            MS. CORTESE-COSTA:  When they are available.
20            THE COURT:  That's fine.  Okay, does that
21    resolve Defendant's Motion to Compel?
22            MS. CORTESE-COSTA:  Yes, it does.
23            THE COURT:  All right, thank you.  That Motion
24    Number 50 is denied without -- denied as moot in light of
25    the parties' agreement.
```

1          I think there are two last motions:  Plaintiff's

2     Motion for Reconsideration which was reconsideration of my

3     granting a motion to extend time to file a motion for

4     summary judgment, and then there's a motion which I think

5     is presented in the alternative for an extension of time

6     to oppose the motion for summary judgment in the event

7     that the motion for reconsideration is denied.  I'm

8     inclined to deny the motion for reconsideration and to

9     grant an extension of time to any reasonable date that you

10    would like.  So -- I know that some time has passed since

11    this motion was filed.

12          MS. MAZE:  Well, as stated in the motion, Your

13    Honor, the plaintiff feels it's unfair to have waited so

14    long for certain basic information to have been provided,

15    even information that was referenced in defendant's

16    initial disclosures which wasn't provided until the end of

17    January 2004 and then be faced with the immediate filing

18    of a third motion for extension with the filing of motion

19    for summary judgment.  This thing happened February 9, so

20    to get this basic information so late and then to be faced

21    with a motion for summary judgment after the discovery

22    period is closed is unfair, Your Honor.  It really

23    wasn't -- what the plaintiff is looking for is his right

24    to get his day in court, so to speak, and we would ask of

25    the court that the plaintiff's rights be granted --

12

1        THE COURT:  Right, I understand, but it's not at

2   all unusual to permit additional time and I mean frankly

3   this case is much further along than most cases filed in

4   2003, and I recognize you may be frustrated that it's

5   taken longer than you hoped but under the circumstances

6   it's actually taken far less time than the average case

7   when it gets to this point.  And I think what we ought to

8   do is give you whatever time you think you need to respond

9   to the summary judgment motion, take that up, and then as

10  soon as that's decided, proceed from there with a trial

11  schedule.

12       MS. MAZE:  Yes, Your Honor.  We do have a

13  settlement conference at the end of May and we'll see what

14  happens then, but in the event that there's any additional

15  discovery, I guess I would file an appropriate motion and

16  ask the court to consider that then.

17       THE COURT:  I'm sorry?

18       MS. MAZE:  If I needed any further discovery to

19  oppose the motion for summary judgment, I would just have

20  to file an appropriate motion.

21       MS. CORTESE-COSTA:  I would think that would

22  have been done already if you needed additional discovery

23  to respond to the motion.  The motion was filed in

24  February.

25       THE COURT:  Right, but she's got now a motion to

1  extend time to oppose that motion and so I mean if you

2  want to make a Rule 56(f) motion, you ought to do that

3  promptly.  What I'm inclined to do frankly is to extend

4  the time until three weeks after your settlement

5  conference for you to respond to the summary judgment

6  motion so that you don't have to work on it in effect

7  before the settlement conference.

8          MS. MAZE:  I appreciate that, Your Honor.

9          THE COURT:  But if you do seek additional

10  discovery, let's get that motion in very, very promptly.

11  So take a look at it, decide if you need discovery, make

12  your 56(f) motion and I'll take that up.

13          MS. MAZE:  Very well, Your Honor.  Thank you.

14          THE COURT:  And so three weeks after your

15  settlement conference is going to be -- what did you say,

16  the 26th of May?

17          MS. MAZE:  I believe that is the date.

18          MS. CORTESE-COSTA:  Yes.

19          THE COURT:  So that is going to be June 16 so

20  I'll set the -- I'll grant the motion for extension of

21  time until June 16 to respond to the summary judgment

22  motion.  That's subject to further order if in fact you

23  file a 26(f) motion.

24          MS. MAZE:  Thank you, Your Honor.

25          THE COURT:  All right.  Anything further?

14

1          MS. CORTESE-COSTA:  No, thank you, Your Honor.

2          THE COURT:  Good luck with your settlement

3    conference, and we will stand adjourned.

4          (Whereupon the above matter was adjourned at 5:25

5    o'clock, P. M.)

C E R T I F I C A T E


        I, Susan E. Catucci, RMR, Official Court

Reporter for the United States District Court for the

District of Connecticut, do hereby certify that the

foregoing pages are a true and accurate transcription of

my shorthand notes taken in the aforementioned matter to

the best of my skill and ability.




            Susan E. Catucci, RMR
            Official Court Reporter
            915 Lafayette Boulevard
        Bridgeport, Connecticut  06604
            Tel: (203) 246-6385

## CERTIFICATION

I hereby certify that I have caused to be served this 11th day of March, 2004, the above and foregoing by United States mail, on the following counsel and pro se parties of record:

Valerie Maze, Esq.
1465 East Putnam Avenue, #111
Old Greenwich, CT  06870

LORAINE M. CORTESE-COSTA

P:\lit\LCC\311750\002\00039870.DOC

- 5 -